UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE CO., | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:18-cv-2869 |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al, | § § § § | |
| Defendants. | | |

# MEMORANDUM AND ORDER

Plaintiff John Hancock Life Insurance, Co. ("John Hancock") filed this interpleader action asking the Court to resolve which of two claimed beneficiaries is entitled to an annuity it manages. The two claimants, and the defendants in this case, are the Estate of Jennifer Lauren Wheatley and Louis Anthony Wheatley ("LW"), individually and as Administrator of the Estate (collectively, the "Estate Defendants"); and Jennifer Lauren Wheatley's ("Wheatley") ex-husband Jeremy G. Ward. Before the Court is the Estate Defendants' Motion for Summary Judgment. (Doc. No. 34). The Estate Defendants and Ward have also filed Motions for Reconsideration. (Doc. No. 76, 78, 82, 98).

After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that the Estate Defendants' Motion for Summary Judgment must be **GRANTED**. Having determined that the Estate Defendants are the entitled beneficiaries of the annuity, the Court **GRANTS** the Estate Defendants' Motions for Reconsideration as to the dismissal of their counterclaims against John Hancock for recovery of funds that John Hancock already remitted to Ward prior to the present interpleader action. (Doc. No. 76, 98). The Court **DENIES** the remaining Motions for Reconsideration. (Doc. No. 78, 82).

1

## I. BACKGROUND

In 1987, Wheatley settled a medical malpractice lawsuit against the United States through a settlement stipulation. (Doc. No 74 ¶1). The settlement provided in part that the United States would purchase an annuity that would pay Wheatley $1,000 "per month, increasing at 4% compounded annually, for life, commencing at age 18, guaranteed for 30 years." (Doc. No. 74-1 at 2). Pursuant to the settlement, the United States entered into an annuity contract (the "policy" or "annuity policy") in 1988 with John Hancock.[1]

The annuity policy provided for both lump sum payments and monthly payments. Only the monthly payments are at issue in this case. Per the original terms of the annuity policy, Wheatley was the annuitant who was to receive the monthly payments throughout her lifetime. *Id.* at 3. Wheatley's "executors or administrators" were designated as the beneficiary who would receive the monthly payments after Wheatley's death. *Id.* The United States was designated as the owner of the policy. *Id.*

In December 2008, Wheatley submitted a Beneficiary Designation-LIFE form (the "change of beneficiary form") to John Hancock. This change of beneficiary form revoked previous beneficiary designations and named Ward, Wheatley's spouse at the time, as the primary beneficiary. (Doc. No. 1-2). The secondary beneficiary was Annie M. Hall, Wheatley's then mother-in-law. *Id.* John Hancock confirmed this change in beneficiary in January 2009. (Doc. No. 1-3).

Wheatley died in October 2017, before all of the monthly payments from the annuity had been distributed. (Doc. No. 1 ¶15). Wheatley's father, LW, was named the administrator of

---

[1]Plaintiff at the time was named Manufacturers Life Insurance Company. (Doc. No. 84 ¶2).

Wheatley's estate by the General Court of Justice of Guilford County, North Carolina. *Id.* ¶16.

Around this time, John Hancock began receiving conflicting claims to the annuity proceeds. In November 2017, John Hancock received a letter from the Estate Defendants claiming that they were entitled to payments from the annuity. *Id.* ¶17. In May 2018, John Hancock received a claim form from Ward also seeking payment as the beneficiary of the annuity for the period from December 2017 through May 2018. *Id.* ¶18. John Hancock remitted $12,468.06 to Ward for the monthly payments under the annuity from December 2017 through May 2018 (the "Disbursed Payments"). *Id.* ¶19. John Hancock continued receiving correspondence from the Estate Defendants claiming that they were the entitled beneficiaries because the United States as the designated owner of the annuity was required to approve any change of beneficiary, and it did not consent to Wheatley's 2008 change of beneficiary. *Id.* ¶20.

Due to the conflicting claims, John Hancock began withholding the monthly payments in June 2018. John Hancock filed the present statutory interpleader action in this Court pursuant to 28 U.S.C. § 1335 in August 2018. John Hancock is currently paying the monthly annuity funds to the Court pursuant to 28 U.S.C. § 1335.

The Estate Defendants and Ward both asserted counterclaims and crossclaims in their Answers. The Estate Defendants asserted counterclaims for declaratory judgment, breach of contract, and negligence against John Hancock arising from the wrongful payment of the Disbursed Payments, and a crossclaim for declaratory judgment as to the Disbursed Payments against Ward. (Doc. No. 17). The Estate Defendants subsequently requested leave to amend their Answer to include a fourth counterclaim against John Hancock for failure to pay and a delay in payment of the annuity benefits under Texas Insurance Code § 542.058 and attorneys fees. (Doc. No. 46). Ward asserted counterclaims against John Hancock for breach of express written contract,

3

breach of implied contract and/or quasi contract, and promissory estoppel, arguing that he is entitled to the annuity proceeds pursuant to the change of beneficiary form. (Doc. No. 33). Ward also asserted crossclaims against the Estate Defendants for tortious interference with his contractual rights under the annuity policy. *Id.* John Hancock moved to dismiss all counterclaims.

The Court dismissed all counterclaims against John Hancock in March 2019 and ordered that, while John Hancock was to remain a party in the case, the claims against it would be abated pending the resolution of the interpleader action. (Doc. No. 61 at 12:10-21).

The Estate Defendants have filed a Motion for Summary Judgment seeking the Court's determination that they are the beneficiaries entitled to the monthly annuity proceeds. They have also filed numerous Motions for Reconsideration seeking to revive their counterclaims against John Hancock to recover the Disbursed Payments. The Court addresses each in turn, as well as Ward's Motion for Reconsideration.

## II. <u>MOTION FOR SUMMARY JUDGMENT AS TO THE ANNUITY POLICY</u>

The Estate Defendants contend that they are the proper beneficiaries of the monthly payments under the annuity policy and are accordingly entitled to the Disbursed Payments in the amount of $12,468.05, the annuity proceeds that have been paid to the Court, and all future monthly annuity payments. The Court first lays out the legal standards for statutory impleader and summary judgment before turning to whether the Estate Defendants or Ward is the entitled beneficiary of the annuity proceeds at issue in this interpleader action.

### A. 28 U.S.C. § 1335 Interpleader Standard

Under 28 U.S.C. § 1335, district courts have jurisdiction over statutory interpleader actions if "(1) the plaintiff files an action concerning an amount of $500 or more; (2) the plaintiff deposits the funds at issue into the registry of the court; (3) two or more adverse claimants claim or may

4

claim to be entitled to the funds; and (4) those claimants are minimally diverse." *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous. LLC*, 782 F.3d 186, 192–93 (5th Cir. 2015). The purpose of an interpleader action is "to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund." *Mass. Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 634 (S.D. Tex. 2011) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 n.8 (5th Cir. 1999)). Interpleader actions proceed in two stages. District courts first determine whether the statutory requirements for interpleader actions have been met before making a determination of the respective rights of the claimants. *Id.* (quoting *Rhoades*, 196 F.3d at 600).

### B. Summary Judgment Standard

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Springboards to Educ. Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 811 (5th Cir. 2019). Courts can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The evidence and inferences must be viewed in the light most favorable to the nonmoving party. *Springboards to Educ. Inc.*, 912 F.3d at 811. The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant meets this burden, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *Id.* at 321–25.

**C. Discussion**

The sole issue in determining which of the two claimants is the proper beneficiary entitled to the monthly annuity proceeds is whether the change of beneficiary form submitted by Wheatley was valid under the unambiguous terms of the annuity policy.[2]

This Court looks to Texas state law in interpreting insurance policies. Texas courts interpret insurance policies under general rules of contract construction. *Potomac Ins. Co. of Ill. v. Jayhawk Med. Acceptance Corp.*, 187 F.3d 548, 550 (5th Cir. 2000) (citing *Barnett v. Aetna Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)). In so doing, courts first determine whether the applicable policy terms are ambiguous. *Id.* A contract is ambiguous "when its meaning is uncertain and doubtful or reasonably susceptible to more than one meaning." *Kern v. Sitel Corp.*, 517 F.3d 306, 309 (5th Cir. 2008) (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). Courts should "consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless." *Id.* "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Id.*

The annuity policy unambiguously requires the owner's written consent to change beneficiary designations. Under the policy, a "beneficiary" is "a person who is to receive, after the death of the annuitant, any annuity payments due." (Doc. No. 74-1 at 17). The policy explicitly provides a mechanism for changing the beneficiary: in its "Change of beneficiary" provision, the

---

[2]This statutory interpleader action is properly before the Court because John Hancock has deposited the funds at issue, with the exception of the Disbursed Payments, into the registry of the Court, and two adverse claimants assert that they are entitled to the funds and future monthly payments. *See Auto Parts Mfg. Miss., Inc.*, 782 F.3d at 192–93.

policy states that "[d]uring the annuitant's lifetime you can change the beneficiary; you must give us [John Hancock] notice in written form satisfactory to us." *Id.* at 18. "[Y]ou" is defined as the owner of the annuity policy. *Id.* at 13. Furthermore, the application for the annuity, which is deemed to be part of the annuity policy, *see id.* at 18, states that "IT IS AGREED that . . . acceptance of the policy will constitute agreement to its terms . . . except that any change of amount, classification, *plan or benefits* will be made *only with the owner's written consent.*" *Id.* at 21 (emphasis added). Here, the parties do not dispute that the owner of the annuity is the United States, or that at the time the annuity policy was issued the Estate Defendants were the designated beneficiaries of the monthly payments. Nor do they dispute that the United States as the owner of the annuity did not approve Wheatley's attempt to change the beneficiary of the monthly payments to Ward. Wheatley's change of beneficiary form was thus invalid, and the Estate Defendants are accordingly the proper beneficiaries.

Ward's arguments to the contrary are unpersuasive. Ward contends that the annuity policy is ambiguous on its face, but the provisions Ward cites do not raise any contradictions or ambiguities as to the procedure for changing beneficiaries.[3] At best, Ward argues that the annuity policy's terms for changing beneficiaries are ambiguous because an attorney with the Department of Justice stated in an email to John Hancock that the United States did not believe the annuity policy required the owner's approval. (Doc. No. 80-1 at 7). However, that attorney apparently did

---

[3]Ward points to language in the annuity application which states "BENEFICIARY (*subject to change*)." (Doc. No. 74-1 at 20). However, this provision demonstrates only the undisputed fact that the beneficiary may be changed without addressing *who* has the authority to change the beneficiary. Ward also cites to the provision of the policy entitled "payment after death of beneficiary." Again, however, this provision presents no contradiction, as it only covers a beneficiary's rights after the annuitant's death. *Id.* at 17.

7

not have access to the full annuity policy and, upon reviewing the full policy, stated in a follow-up letter that the policy did require the owner's consent to change the beneficiary. *Id.* at 9. In any event, such circumstantial evidence does not override the unambiguous terms of the annuity policy.

As the entitled beneficiaries of the monthly payments under the annuity policy, the Estate Defendants are entitled to the contested proceeds that John Hancock has deposited into the registry of the Court and future monthly payments.

### III. MOTIONS FOR RECONSIDERATION

#### A. Motion for Reconsideration Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Motions for reconsideration are generally analyzed under the standards governing motions to alter or amend under Rule 59(e) or motions for relief from judgment or order under Rule 60(b). *Id.* (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). Such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydro Chem., Inc.*, 367 F.3d 472, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Instead, they serve the narrow purpose of allowing "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

#### B. The Estate Defendants' Motion to Reconsider Counterclaims

The Estate Defendants also seek recovery of the $12,468.06 that John Hancock has already remitted to Ward. The Estate Defendants concede that, because these Disbursed Payments are neither in the possession of John Hancock nor in the registry of the Court, they are not part of the

interpleaded funds discussed *supra*. *See* 28 U.S.C. § 1335 (granting jurisdiction to district courts over interpleader actions where the contested funds have been paid into the registry of the court). The Estate Defendants instead seek to recover these Disbursed Payments through counterclaims against John Hancock, which the Court previously dismissed because the Court had not yet determined who was the proper beneficiary of the annuity policy. Having now determined that the Estate Defendants are legally entitled to the monthly annuity payments, including the Disbursed Payments, the Court vacates its dismissal of the Estate Defendants' counterclaims against John Hancock for breach of contract, negligence, and violation of Texas Insurance Code § 542.058 and will allow these claims to proceed with briefing on the merits.[4] The Court expresses no views on the merits of these claims.[5]

### C. Ward's Motion to Reconsider Counterclaims

Ward urges the Court to reconsider its dismissal of his counterclaims against John Hancock for breach of express written contract, breach of implied and/or quasi contract, and promissory estoppel. Because Ward is not entitled to the annuity proceeds, as discussed *supra*, Ward does not

---

[4]The Court recognizes that a party in a properly filed interpleader action generally may not assert a counterclaim based on an entitlement to the funds at issue. *See, e.g.*, *Metro. Life Ins. Co. v. Barretto*, 178 F. Supp. 2d 745, 747–48 (S.D. Tex. 2001). However, "[i]t is not the function of an interpleader rule to bestow upon the stakeholder immunity from liability for damages that are unrelated to the act of interpleading, such as negligence in preserving the fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1010 (9th Cir. 2012) (quoting 44B Am. Jur. 2d Interpleader § 4). Interpleader actions do not "shield tortfeasors from liability for their negligent mistakes." *Id.* at 1013. Such is the nature of the Estate Defendants' counterclaims here. The Estate Defendants argue that John Hancock acted negligently by not only waiting seven months to file an interpleader action after being on notice that there were competing claims to the annuity payments, but also by remitting the Disbursed Payments to Ward despite its knowledge of the Estate Defendants' claim to those funds. These counterclaims raise claims of negligence that are sufficiently independent from the interpleader action and accordingly should not be barred.

[5]The Court accordingly denies as moot the Estate Defendants' additional Motion to Revise Order. (Doc. No. 78).

have standing to bring these claims and his Motion for Reconsideration is accordingly denied.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Estate Defendants' Motion for Summary Judgment. (Doc. No. 74). The Court hereby determines that the Estate Defendants are entitled to the annuity proceeds that are in the registry of the Court as well as future monthly annuity payments. The Court further **GRANTS** the Estate Defendants' Motion for Reconsideration as to its counterclaims against John Hancock seeking recovery of the Disbursed Payments. (Doc. No. 76, 98). The Court **DENIES AS MOOT** the Estate Defendants' additional Motion for Reconsideration (Doc. No. 78) and **DENIES** Ward's Motion for Reconsideration (Doc. No. 82).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12th day of November, 2019.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE