IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company<br><br>**Plaintiff,**<br><br>v.<br><br>THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al.<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:18-CV-02869<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR A PROTECTIVE ORDER

Plaintiff, John Hancock Life Insurance Company (U.S.A.) f/k/a John Hancock Life Insurance Company ("John Hancock"), by and through the undersigned counsel, moves, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order relinquishing John Hancock of the obligation to respond to The Estate of Jennifer Lauren Wheatley's (the "Wheatley Estate") Third Request for Admissions, Second Set of Interrogatories, and Third Requests for Production of Documents served on January 27, 2020 (the "Third Discovery Requests") and its obligation to appear and produce a witness at a 30(b)(6) deposition, notice of which was also served on January 27, 2020.

The Third Discovery Requests and the information requested of the 30(b)(6) deposition are based on facts that could have been discovered before the close of discovery on August 1, 2019 and are targeted at an additional counterclaim against John Hancock that the Court has not yet allowed the Wheatley Estate to add. The Wheatley Estate has not requested an amendment of the Court's scheduling order, nor does the Wheatley Estate have good cause for such an amendment. Further, a protective order would protect John Hancock from annoyance, undue burden, and expense.

1

**FACTUAL BACKGROUND**

This is an interpleader action filed by John Hancock related to an annuity issued as a result of the structured settlement of a tort action filed on behalf of Jennifer Lauren Wheatley ("Wheatley"). Following receipt of multiple inconsistent claims to the annuity proceeds after Wheatley's death, John Hancock filed this interpleader action on August 20, 2018, to allow John Hancock to seek deposit of the accrued monthly payments into the registry of the Court and require that Defendants, the Wheatley Estate, Jeremy Ward ("Ward"), and the United States of America U.S. Department of Justice ("USDOJ"), settle their respective rights to the annuity proceeds. *See* ECF No. 1. A Scheduling Order was entered by the Court on January 28, 2019 setting the initial deadlines and trial for the case (ECF Doc. 42). Following the disposition of the underlying interpleader claim, the Court held a status conference on December 3, 2019, to reset the case for trial on the Wheatley Estate's counterclaims. The Court continued the trial to June 15, 2020, and set a dispositive motion deadline of March 16, 2020. (Minute Entry, December 5, 2019.)  The Court did not reopen discovery, which closed on August 1, 2019.

The parties previously exchanged discovery within the discovery deadline set by the Court in the initial Scheduling Order. The Wheatley Estate served its first requests for production of documents and first requests for admissions to John Hancock on February 5, 2019, and its first interrogatories and second set of requests for production and requests for admissions to John Hancock on June 24, 2019. Discovery then closed on August 1, 2019.  Following entry of summary judgment on the underlying interpleader claim, the Court revived the Wheatley Estate's previously plead counterclaims. (ECF No. 102). On January 27, 2019, the Wheatley Estate served its Third Discovery Requests, consisting of second interrogatories, third requests for production, and third requests for admissions.

The Third Discovery Requests are improper for several reasons. First, discovery is closed, and has been closed for more than six months. Further, the information sought by the Wheatley Estate's Discovery Requests is information the Wheatley Estate could have discovered with its previous discovery requests, as the requested information is based on facts that have been available to the Wheatley Estate since the interpleader action was filed. Finally, many of the requests are targeted at an additional counterclaim that the Wheatley Estate hopes to add against John Hancock, but which the Court has not yet allowed.[1]

## ARGUMENT

### A.     Legal Standard

District court judges are obligated to use scheduling orders to manage and ensure a speedy resolution of their cases, and "adherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings." *Ebel v. Eli Lilly and Co.*, 248 F.R.D. 208, 208 (S.D. Tex. 2007) (internal quotation omitted). Pursuant to Rule 16(b)(4), a scheduling order may only be modified with good cause and with the consent of the court. Fed.R.Civ.P. 16(b)(4). Good cause for amending a scheduling order exists only where the party seeking to extend a deadline shows that it could not have reasonably met the deadlines despite the party's own diligence. *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009). The Court has "the inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion." *Id*. at 493 (internal quotation omitted).

While permitting broad discovery, the Federal Rules of Civil Procedure also provide protection for parties subjected to unreasonable discovery demands. Rule 26(c) authorizes the

---

[1] On January 10, 2020, nearly two months after the Court allowed the Wheatley Estate to amend its counterclaims, the Wheatley Estate filed a motion for leave to amend its counterclaims again, seeking to add a fifth counterclaim based on Massachusetts statutory law against John Hancock. (ECF No. 106). The Wheatley Estate has failed to establish any good cause for its lack of diligence in pursuing this counterclaim sooner. John Hancock has filed its response in opposition (ECF No. 112), and the Court has not yet ruled on the Wheatley Estate's motion for leave to amend.

court to enter a protective order for good cause and specifically provides that such order may be entered to prevent "[a]nnoyance, embarrassment, oppression or undue burden or expense." This rule recognizes the potential for discovery abuse and the need for protection. *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 36 (1984). The United States Courts of Appeals have encouraged the district courts' enforcement of these protections. *American Civil Liberties Union v. State of Miss.*, 911 F.2d 1066, 1072 (5th Cir. 1990); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (Rule 26(c) vests the district court with authority to limit discovery to avoid undue burden and expense); *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (even if relevant, discovery is not permitted where no need is shown or where harm outweighs need for discovery). "[D]istrict courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Rule 26(c)). The Wheatley Estate's Third Discovery Requests are a textbook case for invoking these protections.

  **B. The Wheatley Estate Has Not Requested an Amendment of the Scheduling Order, and No Good Cause Exists to Warrant Such an Amendment.**

Pursuant to the Scheduling Order, discovery closed on August 1, 2019. (ECF Doc. 42.) Without regard to the Scheduling Order and without the Court's consent, as required by Rule 16, the Wheatley Estate served additional discovery on John Hancock on January 27, 2020, almost six months after discovery closed. Further, the Wheatley Estate noticed a 30(b)(6) deposition of John Hancock. The Wheatley Estate cannot ignore the Scheduling Order. Indeed, the Court is obligated by the Federal Rules to ensure the parties adhere to the deadlines imposed by the Scheduling Order to ensure integrity in the proceedings. *See Ebel*, 248 F.R.D. at 208.

The Wheatley Estate has not shown, nor can it show, that is has good cause for amending the discovery deadline. The Third Discovery Requests seek information and documents concerning the change of beneficiary of the annuity and the payment of the annuity disbursements to Ward after the death of Wheatley. The Wheatley Estate was aware of the change of beneficiary and that disbursements were made to Ward after Wheatley's death at least as early as August 2018 when John Hancock filed the interpleader complaint. (*See* ECF Doc. 1.) The Wheatley Estate has no valid reason for its lack of diligence in pursuing this discovery in its previous discovery requests that were served on February 5 and June 24, or otherwise within the discovery period. The Wheatley Estate cannot establish good cause to amend the Scheduling Order because none exists.

C. **Many of the Third Discovery Requests are Premature.**

The Wheatley Estate's motion for leave to amend its counterclaims, adding an additional counterclaim against John Hancock, is still pending before the Court. John Hancock filed its response in opposition to the motion for leave to amend due to the substantial delay by the Wheatley Estate in asserting this counterclaim (more than ten months after the deadline to amend), with no reasonable explanation for the delay. The Wheatley Estate's failure to add the Massachusetts statutory counterclaim is inexcusable neglect, and the Wheatley Estate's motion for leave should be denied.

Not only are the Third Discovery Requests improper because they were served after the discovery deadline had passed, they are premature. The Court has not yet allowed the Wheatley Estate to add the additional counterclaim. Accordingly, John Hancock should not be required to respond to the Third Discovery Requests, many of which are directly targeted at establishing the Wheatley Estate's inexcusably late counterclaim against John Hancock. Accordingly, discovery

directed to this not-yet-added counterclaim is premature and improper.

### D. John Hancock Should be Protected from the Undue Burden and Expense Associated with the Third Discovery Requests and 30(b)(6) Deposition.

Rule 26 provides that this Court should issue a protective order where discovery would cause undue burden and expense, such as the case here. *See* Rule 26(c). The Wheatley Estate had nearly one year to conduct discovery. During that time, the Wheatley Estate served two separate sets of discovery on John Hancock. However, the Wheatley Estate chose not to serve additional discovery requests or notice the deposition of John Hancock during the discovery period, despite having all of the facts that would lead it to believe that discovery regarding the change of beneficiary to the annuity and disbursements from the annuity to Ward was necessary. John Hancock responded to the Wheatley Estate's previous discovery requests that were issued within the Court's discovery period. To allow additional discovery long after discovery closed and with the trial date quickly approaching would cause undue burden and expense on John Hancock. Pursuant to Rule 26, this Court should enter a protective order protecting John Hancock from this additional discovery.

### E. Mediation is Necessary to Avoid Additional Undue Expense.

In the event the Court determines the Scheduling Order should be amended to allow additional discovery and the deposition of John Hancock, John Hancock respectfully requests the Court order mediation before John Hancock is required to respond to the Wheatley Estate's Third Discovery Requests and appear for a deposition. John Hancock has repeatedly requested that the parties mediate this case, the first such request occurring at the initial Rule 26(f) conference. *See* **Exhibit A**, Email to Clerk dated January 25, 2019. To date, the Wheatley Estate has refused to engage in voluntary mediation and rather continues to incur significant fees, fees which may eventually be recoverable based on the counterclaims asserted.

The parties have informally discussed resolution of the remaining claims in this action, but John Hancock and the Wheatley Estate have vastly different interpretations of the damages potentially recoverable by the Wheatley Estate against John Hancock should the Wheatley Estate successfully prove its claims – which it cannot. Assistance from a magistrate judge in a mediation session is likely to be very beneficial in helping the parties evaluate their respective cases and potentially bridge the gap for resolution. The potential cost and time savings for the parties and for the Court warrants an order for mediation prior to conducting any further discovery.

## CONCLUSION

WHEREFORE, John Hancock respectfully requests that this Court enter a protective order that relieves John Hancock of the obligation to respond to the Wheatley Estate's Third Discovery Requests and the obligation to appear for a 30(b)(6) deposition. Alternatively, should the Court chose to amend the Scheduling Order and allow additional discovery, John Hancock requests the Court order the parties to participate in mediation prior to requiring John Hancock to respond to the Third Discovery Requests and appear for a 30(b)(6) deposition.

Dated: February 27, 2020

    Respectfully submitted,

    BRYAN CAVE LEIGHTON PAISNER LLP

    By: */s/ Gregory J. Sachnik*
        Gregory J. Sachnik
        Texas Bar No. 17503800
        S.D. Texas No. 9757
        2200 Ross Avenue, Suite 3300
        Dallas, Texas 75201
        (214) 721.8000 – Telephone
        (214) 721.8100 – Fax
        E-Mail: Gregory.sachnik@bclplaw.com

*Admitted Pro Hac Vice:*

Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*

## CERTIFICATE OF CONFERENCE

    I hereby certify that on February 26, 2020, counsel conferred with Doug Berry, counsel for Defendant, The Estate of Jennifer Lauren Wheatley, regarding the relief requested in this Motion. Mr. Berry indicated that he is **opposed** to the relief requested herein.

    /s/ Jennifer Berhorst
    Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 27, 2020, the foregoing was served upon all counsel of record through CM/ECF filing system.

*/s/ Gregory J. Sachnik*
Attorney for Plaintiff