IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a Manufacturers Life Insurance Company, <br><br>    Plaintiff, <br><br>v. <br><br>THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al., <br><br>    Defendants, <br><br><br>LOUIS ANTHONY WHEATLEY, INDIVIDUALLY and as ADMINISTRATOR OF THE ESTATE OF JENNIFER LAUREN WHEATLEY, DECEASED, <br><br>    Third Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No.: 4:18-cv-02869 |

## THE DEFENDANT, THE ESTATE OF JENNIFER LAUREN WHEATLEY'S MOTION TO MODIFY SCHEDULING ORDER

Comes now the Defendant, the Estate of Jennifer Lauren Wheatley, and hereby moves this Court to modify the December 3, 2019, Scheduling Order, and the Scheduling Order entered January 25, 2019, to the extent necessary, and in support thereof shows the following:

### NATURE AND STAGE OF PROCEEDING

The original scheduling order entered on January 25, 2019, provided certain dates for adding new parties, amend pleadings, disclosure of expert witnesses, discovery, dispositive and non-dispositive motions, pretrial order and motions in limine and trial. On March 14, 2019, the Court entered an order dismissing the counterclaims of the Defendant Wheatley Estate. The Court

1

subsequently dismissed, sua sponte, the pending motion for leave of court for the Wheatley Estate to amend its pleadings by adding the Fourth Counterclaim alleging penalty interest for late payments under Texas Insurance Code. On November 12, 2019, the Court ruled in favor of the Defendant, Wheatley Estate, on the basic entitlement issue and reinstated the Defendant's Counterclaims for negligence and breach of contract and both reinstated and granted the Defendant Estate's Motion for leave of Court to add its Fourth Counterclaim. That a new scheduling order was entered on December 3, 2019, establishing a deadline of March 15, 2020, for filing dispositive motions and trial date of June 15, 2020, but not addressing issues of further discovery, disclosure of expert witnesses and time limits for additional amendments. On January 10, 2020, the Wheatley's filed a Motion for Leave of Court to allow an amended Fifth Counterclaim. On January 27, 2020, the Defendant, Wheatley Estate, served additional discovery on John Hancock (Third Request for Admissions, Second Set of Interrogatories and Third Request to Production of Documents, a copy of said discovery is attached hereto as Exhibit "A" and a list of areas of inquiry (#'s 1-10) for a deposition of John Hancock pursuant to Rule 30(b)(6)) is attached hereto as Exhibit "B". Should the Court grant the Defendant Wheatley Estate's pending motion for leave to amend the Defendant Estate's pleadings to include the Fifth Counterclaim, the Scheduling Order would necessarily have to be amended. Because of John Hancock's statement that the Defendant Wheatley Estate has not yet requested a modification of the scheduling order, this Motion is being filed seeking the amendment of the December 3, 2019, Scheduling Order, or to the extent necessary the January 25, 2019, Scheduling Order.

## ISSUES TO BE DECIDED

Whether either the January 25, 2019, or December 3, 2019, Scheduling Orders should be amended.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 16(b) governs the amending of a scheduling order. In *Santacruz v. Allstate Tex. Lloyd's Inc.*, 590 Fed. Appx. 384, 388; 2014 U.S. App. LEXIS 21642, (5th Cir. 2014) the Court held:

> *Rule 16(b)* provides that a scheduling order "may be modified only for good cause and with the judge's consent.... The trial court is owed 'broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of *Rule 15(a)* apply to the district court's decision to grant or deny leave.... Four factors are relevant to determining the existence of good cause in the context of post-deadline amendment: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id. at 389, (citations omitted)

If the Court were to consider this amendment in the context of the four factors, it should do so "holistically and not mechanically count the number of factors which favor each side. *EEOC v. Serv. Temps., Inc.*, 2009 U.S. Dist. LEXIS 95667, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)(*Fitzwater*, C.J.), aff'd, 679 F.3d 323 (5th Cir. 2012). *Balderas v. Valdez*, 2018 U.S. Dist. LEXIS 25232, (pp 3-4) Texas Northern District Court Date: February 15, 2018.

## ARGUMENT

The Wheatley Estate's prior arguments and factors in its Motion for Leave of Court to Amend are hereby incorporated by reference in their entirety.

**1. Both the Defendant Wheatley Estates and John Hancock's focus on the January 25, 2019, scheduling order is misplaced.**

In the Memorandum that the Defendant Wheatley Estate filed in support of its Motion for Leave to Amend its pleadings by adding a Fifth Counterclaim and John Hancock's opposition thereto, the focus of both parties arguments was whether the proposed amendment met the above

3

referenced four factors to determine whether the moving party has demonstrated good cause to file said amendment outside of the time frame established by the January 25, 2019, scheduling order. This case, however, presents a somewhat anomalous situation of contract and negligence claims having been dismissed pursuant to rule 12(b)(6) on March 14, 2019, and the Motion to Leave Court to Amend (Fourth Counterclaim) was dismissed as being moot on July 2, 2019. These claims were held in abeyance until the principal entitlement issue was decided on November 12, 2019. "An abatement is a present suspension of all proceedings in a suit. The case is held in suspended animation and may be revived when the reason for abatement is removed." *Permanente Medical Association of Texas v. Johnson*, 917 S.W.2d 515, 517 (Tex. App. -- Fort Worth 1996, orig. proceeding). Once the Court ruled in the Wheatley Estate's favor on the summary judgment issue, the Court contemporaneously entered an Order reinstating the Defendant Estate's counterclaims as well as granting its Motion to Amend to include the Fourth Counterclaim. At the Status Conference held December 3, 2019, a Scheduling Order was entered which did not specifically address the issues of additional amendments, additional discovery, or the disclosure of expert witnesses.

In addition to its Motion for Leave of Court to Amend, filed January 10, 2020, on January 27, 2020, the Wheatley Estate served additional discovery requests on John Hancock (third requests for admissions, (#'s 9-22); second set of interrogatories (#'s 7-11); and a third set of request for production of documents (#"s 13 – 18) and a list of areas of inquiry (#'s 1-10) for a deposition of John Hancock pursuant to Rule 30(b)(6). (See Exhibit "A" and Exhibit "B")

The governing scheduling order should not be the initial scheduling order entered on January 5, 2019, before the March 14, 2019, court order when the Wheatley Estates counterclaims

4

and any possibility to file a motion to amend were placed in a state of dismissal/abeyance. It should be the new scheduling order, entered on December 2, 2019, as amended where appropriate.

## 2. The Importance of the Amendment

If the court were to assess the four factors in deciding whether to grant the motion to amend, the motion should be allowed based on its importance, not just to the Wheatleys, but more so to public policy. Both the Texas and Massachusetts statutes provide for not only actual damages but also punitive or exemplary damages for unfair claims settlement practices within well-defined limits. The public policy in favor of deterring unfair insurance claims settlement practices is compelling. The very nature of insurance creates an imbalanced bargaining position when a claim is made. Compared with the typical policy holder, insurance companies have vast resources to contest claims.

In the Wheatley case, the claim arose in the midst of a mother and father dealing with the death of their daughter. At this point, John Hancock should have stepped forward to enforce the annuity contract by recognizing that the change of beneficiary was defective. Instead it chose to defend its mistake, apparently hoping that the Wheatley's would simply go away. Then in spite of the Wheatley's persistence in asserting their rightful claim of the benefits, John Hancock came up with a "review" that supposedly validated its decision. (This review is subject of the Wheatley Estate's January 27, 2020, discovery requests.) It reached a point in April 2018, that in a role reversal, it was Mr. Wheatley who advised John Hancock that the annuity required that any change of beneficiary had to be consented to in writing by the owner which was the United State Department of Justice and that John Hancock should contact them. John Hancock then chose to "double down" on their mistake in changing the beneficiary by completely bypassing the filing of an interpleader, and paying the benefits to the Defendant Ward.

The state legislatures of Massachusetts and Texas have given insurance companies an added incentive to utilize good faith and fair claims settlement practices. A simple contract with straightforward language was ignored by the very entity with responsibility for carrying out the language of the contract. John Hancock had multiple opportunities to apply the clear language of the contract, but on each occasion failed to do so. This happened, both at the time that the beneficiary change was made as well as following Jennifer Wheatley's death in spite of the numerous communications received from the estate. It happened with such frequency that a reasonable inference is that it was done either intentionally or with reckless disregard for the Wheatley estate's right to these benefits. John Hancock has continued to resist any admission or disclosure that would point to its mistake in accepting the beneficiary change in question. The strategy is transparent - wear down the Wheatley's with litigation costs. The exemplary damage provisions of Texas and Massachusetts reflect the legislative intent to discourage insurance companies from engaging in this type of conduct. Given the facts of this case, this policy goal is very important and would justify the granting of the Wheatley estate's Motion to add its Fifth Counterclaim.

WHEREFORE, the Defendant Estate respectfully requests that the Court modify the December 3, 2019, Scheduling Order consistent with the Court's ruling on the Defendant Estate's Motion for Leave of Court to Amend (January 10, 2020) and the outstanding discovery served onto John Hancock on January 27, 2020.

Respectfully submitted,

**GABRIEL BERRY & WESTON, L.L.P.**
(s) M. Douglas Berry
North Carolina Bar No. 6506
dougberry@gbwlaw.com

214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

**GABRIEL BERRY & WESTON, L.L.P.**
Richard W. Gabriel
North Carolina Bar No. 6623
rgabriel@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

**HERBERT A. JANZEN, P.C.**
Herbert A. Janzen
Fed. Id.: 11620
Texas Bar No. 10572700
herbjanzen.office@yahoo.com
4300 Yoakum Boulevard
Houston, Texas 77006
(713) 683.1599 – Telephone
(713) 683.1588 – Facsimile

*Attorneys for Defendant The Estate of Jennifer Lauren Wheatley*

**CERTIFICATE OF CONFERENCE**

In compliance with Local Civil Rule 7.1, on February 26, 2020, I confirmed with counsel of record for John Hancock in this case by sending an email inquiry as to John Hancock's position on modifying the Scheduling Order and received the following reply:

John Hancock opposes this motion. (email response of March 5, 2020)

/s/ *M. Douglas Berry*
Attorney for Defendant Wheatley Estate

7

## CERTIFICATE OF SERVICE

This is to certify that on this date a copy of the foregoing "The Defendant, The Estate of Jennifer Lauren Wheatley's Motion to Modify Scheduling Order" was electronically filed utilizing the CM/ECF System which will provide notice to the following individuals:

> Mr. Gregory John Sachnik
> Attorney for Plaintiff John Hancock Life Insurance Company
> (U.S.A.)
> 2200 Ross Avenue, Suite 3300
> Dallas, Texas 75201
>
> Ms. Jennifer L. Berhorst
> Attorney for Plaintiff John Hancock Life Insurance Company
> (U.S.A.)
> 1200 Main Street, Suite 3800
> Kansas City, Missouri 64105
>
> Mr. H. Clay Moore
> Attorney for Defendant Jeremy G. Ward
> 4314 Yoakum Boulevard, Suite 2E
> Houston, Texas 77006
>
> Ms. Ariel Nicole Wiley
> Attorney for U.S. Department of Justice
> U.S. Attorney's Office
> 1000 Louisiana Street, #2300
> Houston, Texas 77002
>
> Mr. Bob Mabry
> Attorney for Defendant Jeremy G. Ward and Annie Hall
> 704 N. Thompson St. Ste. 157
> Conroe, Texas 77301-2066

This the 6th day of March, 2020.

**GABRIEL BERRY & WESTON, L.L.P.**
(s) M. Douglas Berry
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile
*Attorney for Defendant The Estate of Jennifer Lauren Wheatley*

8.