IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN HANCOCK LIFE INSURANCE )
COMPANY (U.S.A.) f/k/a Manufacturers )
Life Insurance Company, )
                              )
            Plaintiff, )
                              )
       v. )        Case No.: 4:18-cv-02869
                              )
THE ESTATE OF JENNIFER LAUREN )
WHEATLEY, et al., )
                              )
           Defendants, )
                              )
       v. )
                              )
LOUIS ANTHONY WHEATLEY, )
INDIVIDUALLY and as ADMINISTRATOR OF )
THE ESTATE OF JENNIFER LAUREN )
WHEATLEY, DECEASED, )
                              )
          Third Party Defendants. )

## THE DEFENDANT, THE ESTATE OF JENNIFER LAUREN WHEATLEY'S THIRD REQUEST FOR ADMISSIONS, SECOND SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a Manufacturers Life Insurance Company

### THIRD REQUEST FOR ADMISSIONS

NOW COMES the Defendant, The Estate of Jennifer Lauren Wheatley, by and through its undersigned attorney of record, and hereby serves upon the Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a Manufacturers Life Insurance Company (hereinafter "the Plaintiff John Hancock"), the following Request for Admissions, pursuant to Rule 36 of the Federal Rules of Civil Procedure. Pursuant to Rule 36, the Plaintiff John Hancock shall specifically admit or deny or set forth in detail the reasons why it cannot truthfully admit or deny the matter. A denial shall fairly respond to the substance of the requested admissions, and when good faith requires that the Plaintiff John Hancock qualify its answer or deny only a part of the matter of which an admission is requested, the Plaintiff John Hancock shall specify so much of it as is true and qualify or deny the remainder. The Plaintiff John Hancock may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made reasonable inquiry and that the

1


DEFENDANT'S EXHIBIT
A
PENGAD 800-631-6989

information known or readily obtainable by it is insufficient to enable it to admit or deny. The Plaintiff John Hancock may not object to a request for admissions solely on the grounds that it presents a genuine issue for trial. Pursuant to Rule 36 (a)(1)(A), the following admissions may request an admission as to the truth of any matter as to the facts, the application of law to facts or opinions about either.

Definition: "John Hancock" shall refer to the corporation known as John Hancock Life Insurance Company (USA), the Plaintiff in this action.

Definition: "Annuity contract" is the annuity contract which is the subject of Request for Admissions Number 1.

Definition: "Beneficiary Designation – LIFE form" refers to the Exhibit B attached to the Plaintiff's complaint filed herein (ECF document 1-2, page 1 of 1).

**PLEASE ADMIT:**
9.      Pursuant to the annuity contract, as of December 7, 2008, the primary beneficiary of any monthly annuity payments due after the annuitant died was the "executors or administrators of the annuitant."

**RESPONSE:**

10.     That the annuity contract sets out a specific procedure for the change of beneficiary as follows:

> "Change of beneficiary. During the annuitant's lifetime, you can change the beneficiary: you must give us notice in written form satisfactory to us. We are not responsible if the change does not achieve your purpose."

**RESPONSE:**

2

11.    That on the first page of the annuity contract policy, the word "you" is defined as follows: "In this policy, "you" and "your" refers to the owner of the policy."

**RESPONSE:**

12.    That the annuity contract gives only the owner the right to change the beneficiary.

**RESPONSE:**

13.    The annuity contract does not give the annuitant the unilateral right to change the beneficiary.

**RESPONSE:**

14.    That sometime between December 8, 2008, and January 16, 2009, the Beneficiary Designation - LIFE form was received by John Hancock.

**RESPONSE:**

3

15.     That the original of the Beneficiary Designation – LIFE form was a two sided document.

**RESPONSE:**

16.     That as of December 8, 2008, John Hancock had a pre-prepared standard fill-in-the-blank form for changing the beneficiary of an annuity contract.

**RESPONSE:**

17. That the Beneficiary Designation – LIFE form was designed and intended to be used in conjunction with changes made to life insurance contracts.

**RESPONSE:**

18.     That upon John Hancock's receipt of the Beneficiary Designation - LIFE form, John Hancock knew, or had reason to know, that this Beneficiary Designation - LIFE form had not been signed by the owner of said annuity, the United States of America.

**RESPONSE:**

4

19.     That at the time of John Hancock's receipt of the Beneficiary Designation  - LIFE form, John Hancock knew, or had reason to know,  that the owner of the annuity was the United States of America.

**RESPONSE:**

20.     That prior to sending Ms. Jennifer Wheatley the letter dated January 15, 2009, (EFC document 1-3, p. 1 of 1), John Hancock knew, or had reason to know, that Jennifer Wheatley was not the owner of the annuity contract.

**RESPONSE:**

21.     That prior to sending Ms. Jennifer Wheatley that letter dated January 15, 2009, (EFC document 1-3, p. 1 of 1), John Hancock knew, or had reason to know,  that this attempt to change the beneficiary was invalid.

**RESPONSE:**

22.     That when John Hancock paid those benefits to the Defendant, Jeremy Ward, totaling $12,468.06 on May 16 and May 17, 2018, John Hancock knew, or had reason to know, that Jeremy Ward was not entitled to those benefits.

**RESPONSE:**

5

## SECOND SET OF INTERROGATORIES

NOW COMES the Defendant, The Estate of Jennifer Lauren Wheatley, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and hereby requests that the Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a Manufacturers Life Insurance Company (hereinafter "the Plaintiff John Hancock") answer under oath the following Interrogatories.

The Plaintiff John Hancock, through its officers and/or agents, is required to answer these Interrogatories separately and fully in writing under oath and serve a copy of its answers to the undersigned within the time prescribed by the Federal Rules of Civil Procedure.

These Interrogatories shall be continuing in nature until the date of trial and the Plaintiff John Hancock is required to serve supplemental answers as additional information may become available to it.

## DEFINITIONS

The following definitions shall apply herein:

1. Where relevant, "the Plaintiff John Hancock" means present and former agents and/or employees.

2. "Document" means the original and any non-identical copy (regardless of origin) and all drafts of any writing conveying information including, but not limited to, correspondence, notes, reports, memoranda, statements, minutes, telegrams, analyses, letters, and other communications, and photographs, videotape recordings, charts or other recordings or data compilations.

3. "Identify" means, when referring to a person, to state the full name and present address, and if a natural person, the person's present employer and last known position or business affiliation, as well as the person's employer and position at the time to which the Interrogatory has reference; when used in reference to a document, to state its date, the date of its execution, if different from the date it bears, the full name and address of its author and of each addressee or recipient thereof, and its present location and custodian thereof; when referring to an oral communication, to state the date on which it occurred and its contents, and to identify the speaker and each person present when it was made, and each document evidencing, memorializing, or referring thereto.

4. Masculine shall include feminine and/or neuter, and singular shall include plural. The terms "and" and "or" shall be both conjunctive and disjunctive.

5. "Person" shall be deemed to include both singular and plural, and shall include any natural person, association, corporation, or partnership, or any other form of legal entity.

6. "John Hancock" shall refer to the corporation known as John Hancock Life Insurance Company (USA), the Plaintiff in this action.

7. "Annuity contract" is the annuity contract which is the subject of Request for Admissions Number 1.

8.    "Beneficiary Designation -- LIFE form" refers to the Exhibit B attached to the Plaintiff's complaint filed herein (document 1-2, page 1 of 1).


## INTERROGATORIES

7.    From the time of the receipt of the Beneficiary Designation -- LIFE form, identify each employee of John Hancock who handled or was otherwise involved with the processing of said form, and identify all documents created in conjunction with the receipt, processing and any actions taken by John Hancock with regards to this beneficiary change request.

**RESPONSE:**


8.    State the procedures in place as of May 18, 2018, concerning the authorization and/or approval of a disbursement to be made, after an annuitant's death, to a person determined to be the proper recipient of an annuity payment.

**RESPONSE:**


9.    State the name and employment position of the individual who authorized the electronic transfers of the following funds to Defendant, Jeremy Ward's bank account: the sum of $3,463.36 on May 16, 2018, and the sum of $9,00470 on May 17, 2019; and identify all documents in conjunction with said authorization.

**RESPONSE:**


10.    Identify all correspondence or other communications received from Louis Anthony Wheatley at any time from May 1, 2018, till August 20, 2018, in conjunction with the claim of the estate of Jennifer Lauren Wheatley.

**RESPONSE:**

7

11.    Explain the nature, extent, and scope of the "review" referred to in John Hancock's March 8, 2018, letter (ECF document 74-1, p. 33 of 43), identify the John Hancock employees who participated in said review and identity all documents pertaining thereto.

**RESPONSE:**


## THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendant, The Estate of Jennifer Lauren Wheatley, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and hereby requests that the Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a Manufacturers Life Insurance Company (hereinafter "the Plaintiff John Hancock") supply the requested documents.

## DEFINITIONS

The following definitions will apply throughout these Request for Production of Documents:

1.    "Identify," when used in reference to a document, means state the name of the person who authored or originated the document, the date on which it was originated or authored, the location of the document and all copies, and give a brief summary of its contents.

2.    "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or reproduced by any other mechanical or electronic process or writing, or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and other writings of whatever description, including, but not limited to, any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, control or custody of any agent or employee. In the event that a document requested herein was, but is no longer, in the possession, custody or control of Plaintiff, state what disposition was made of it, why, when and by whom.

3.    "You" or "your" means Plaintiff, her attorneys, or any other person acting on Plaintiff's behalf.

4.    The documents produced pursuant to this Request should be separately produced for each paragraph of the Request or, in the alternative, shall be identified as complying with the particular paragraph or paragraphs of the Request to which they are responsive.

5.    Whenever a Request calls for identification of a document claimed by Plaintiff to be privileged, include (i) the date of the document, (ii) the name of the person originating or authoring the document, (iii) identify all persons who have seen the document, and (iv) a brief description of

such document, the privilege asserted, the facts that support such claim of privilege and the basis asserted for such claim.

6.    "John Hancock" shall refer to the corporation known as John Hancock Life Insurance Company (USA), the Plaintiff in this action.

7.    "Annuity contract" is the annuity contract which is the subject of Request for Admissions Number 1.

8.    "Beneficiary Designation – LIFE form" refers to the Exhibit B attached to the Plaintiff's complaint filed herein (document 1-2, page 1 of 1).

## REQUEST FOR PRODUCTION OF DOCUMENTS

13.    All documents identified in interrogatory number 7 above.

14.    All documents identified in interrogatory number 8 above.

15.    All documents identified in interrogatory number 9 above.

16.    All documents identified in interrogatory number 10 above.

17.    Produce the back side of the Exhibit B attached to the complaint filed herein.

18.    Produce those pre-prepared standard fill-in-the-blank form identified in your response to Interrogatory #16 hereinabove.

This the 27 day of January, 2019.

M. Douglas Berry
**GABRIEL BERRY & WESTON, L.L.P.**
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

*Attorney for Defendant, The Estate of*
*Jennifer Lauren Wheatley*

10

## CERTIFICATE OF SERVICE

This is to certify that on this date a copy of the foregoing "The Defendant, The Estate of Jennifer Lauren Wheatley's Third Request for Admissions, Second Set of Interrogatories and Third Request for Production of Documents to the Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a Manufacturers Life Insurance Company" was served on the following individuals by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon, in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure, as follows:

> Mr. Gregory J. Sachnik
> Attorney for Plaintiff John Hancock Life Insurance Company (U.S.A.)
> 2200 Ross Avenue, Suite 3300
> Dallas, Texas 75201

> Ms. Jennifer L. Berhorst
> Attorney for Plaintiff John Hancock Life Insurance Company (U.S.A.)
> 1200 Main Street, Suite 3800
> Kansas City, Missouri 64105

> Mr. H. Clay Moore
> Attorney for Defendant Jeremy G. Ward
> 4314 Yoakum Boulevard, Suite 2E
> Houston, Texas 77006

> Ms. Ariel Nicole Wiley
> Attorney for U.S. Department of Justice
> U.S. Attorney's Office
> 1000 Louisiana Street, #2300
> Houston, Texas 77002

> Mr. Bob Mabry
> Attorney for Defendant Jeremy G. Ward and Annie Hall
> 704 N. Thompson St. Ste. 157
> Conroe, Texas 77301-2066

This the ⟨21⟩ day of January, 2020.

M. Douglas Berry
**GABRIEL BERRY & WESTON, L.L.P.**
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile
*Attorney for Defendant, The Estate of*
*Jennifer Lauren Wheatley*

11