Areas of inquiry pursuant to rule 30 (B) (6):

1. The following areas pertaining to the annuity contract that is the subject matter of request for admission number 1: As of December 2008 and October 18, 2017, John Hancock's record-keeping procedures (both digital as well as by hard copy) of the annuity contract, both the annuity contract in its entirety as well as summaries of the details of the annuity contract, including but not limited to its owner(s) and beneficiaries and procedures for changing owners and/or beneficiaries and John Hancock's employees' access to these records.

2. As of December 2008 and October 17, 2017, the Department(s) within John Hancock that handled policy holder services with respect to annuities and insurance policies, including:

   i. Any inquiries or requests from any persons with an interest in said policy including owner(s) and beneficiaries for specific actions to be taken by John Hancock;
   ii. Policy holder requests for information concerning an annuity;
   iii. Procedures for maintaining of records pertaining to the above policy owner services, including, but not limited to, audio recordings, and all correspondence or other records or contacts to and from customers or any other individual.

3. With regard to the January 15, 2009 letter from Vernetta Cheek, BCU, marked Exhibit 3 and attached to the complaint (ECF Doc 1-3, p 1 of 1), an identification of the "records" referred to in the first paragraph, the number of annuity representatives and/or BCU Analyst working in "fixed products S-8-01" and their access to the information contained in the original annuity.

4. The change of owner and/or beneficiary forms that had been produced by, or on behalf of John Hancock to effectuate a change of owner and/or beneficiary for an annuity as of December 8, 2008.

5. The standard procedures in place at John Hancock, as of December 8, 2008, for its employees with regard to the receipt of a request to change a beneficiary or owner of an annuity.

6. The procedures in place at John Hancock, as of October 18, 2017 with regard to processing an annuity death benefit claim.

7. The "review" that is referred to in the second paragraph of John Hancock's March 8, 2018 letter to Mr. Wheatley (ECF document 74 – 1, p. 35 of 43.), including but not limited to the identity of the person who conducted this review and what documents were generated as result of this review.

8. The March 28, 2018 letter to Louis Amy Wheatley, the John Hancock employee who prepared this letter and the John Hancock records that were consulted by the


DEFENDANT'S EXHIBIT B

representative of John Hancock, fixed product claims in order to respond to Mr. Louis Wheatley's inquiry.

9. Any opinions generated by any employees of John Hancock prior to May 16, 2018 as to who was entitled to the annuity benefits under the annuity contract.

10. All facts pertaining to the authorization of any payments or transfers of funds made to the Defendant Jeremy Ward, including but not limited to, the sum of $3,463.36 on May 16, 2018, and the sum of $9,004.70 on May 17, 2019.

11. The nature, extent, and scope of the "review" referred to in John Hancock's March 8, 2018, letter (ECF document 74-1, p. 33 of 43), including the John Hancock employees who participated in said review of and all documents pertaining thereto.