IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:18-CV-02869 |
| | ) |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al. | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF DETERMINATION OF CHOICE OF LAW**

Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a John Hancock Life Insurance Company ("John Hancock") partially opposes Defendants the Estate of Jennifer Lauren Wheatley and Louis Anthony Wheatley Administrator of the Estate of Jennifer Lauren Wheatley, Deceased's (collectively, the "Estate") Motion and Memorandum in Support of Determination of Choice of Law (the "Motion") (ECF 115). While John Hancock agrees that Texas law should apply to the Estate's breach of contract and negligence claims, it believes that the Estate's request to apply Massachusetts law to its consumer protection claims is premature. While the Estate has moved for permission to amend its complaint, the Court has not (and should not) approve this request. Thus, there are no current Massachusetts claims pending and the Motion is unripe.

**ARGUMENT**

After a scheduling order deadline has expired, a motion for leave to amend is governed by Rule 16(b) of the Federal Rules of Civil Procedure. According to the rule, "[a] party must show good cause to obtain leave to amend the operative pleadings." *Texokan Operating, Inc. v.*

*Hess Corp.*, 89 F. Supp. 3d 903, 907 (S.D. Tex. 2015) (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). Until the Court grants leave, the prior complaint is the operative complaint governing the action. *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect.").

Here, the Estate's Motion is premature because it has not received leave to file an amended complaint. Since the Court has not granted leave, the Estate's prior complaint is operative. There are currently no claims seeking to apply Massachusetts law and no current conflict of law. The Estate's request, therefore, is premature. Further, to the extent the Estate's Motion depends on granting it leave to file an amended complaint, leave to amend should also be denied. In the request for leave to file an amended complaint, the Estate provided no explanation for delaying in bringing any Massachusetts claim, did not identify any newly discovered evidence, and failed to acknowledge how amendment at this stage in the litigation would significantly prejudice John Hancock and potentially delay resolution of this action. To support its assertion that the Estate should be denied leave to amend, John Hancock incorporates the arguments and authorities cited in its <u>Response To Defendant The Estate Of Jennifer Lauren Wheatley's Motion For Leave Of Court To Amend Its Answer, Crossclaim and Counterclaims</u> [ECF 112]. The Estate's Motion is premature because the Court has not granted it leave to file an amended complaint. The Court should not grant the Estate leave to file because of the significant prejudice and potential delay John Hancock will suffer as a result. The Motion, therefore, should be denied.

## CONCLUSION

While John Hancock agrees that Texas law should apply to the Estate's breach of contract and negligence claims, it is premature to consider what choice of law should apply to the Estate's consumer protection claims. If the Estate receives leave from the Court to amend its Complaint, John Hancock does not contest the applicability of Massachusetts law. However, because the Estate has not (and should not) receive leave of Court to file an amended complaint, deciding the applicability of Massachusetts law to un-asserted claims is premature. The Estate's Motion, therefore, should be denied.

        **RESPECTFULLY SUBMITTED,**

        **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Jennifer L. Berhorst*
    Gregory J. Sachnik
    Texas Bar No. 17503800
    S.D. Texas No. 9757
    2200 Ross Avenue, Suite 3300
    Dallas, Texas 75201
    (214) 721.8000 – Telephone
    (214) 721.8100 – Fax
    E-Mail: Gregory.sachnik@bclplaw.com

*Admitted Pro Hac Vice:*

Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2020, the foregoing was served upon all counsel of record through CM/ECF.

                                                  /s/ *Jennifer L. Berhorst*
                                                  Attorney for Plaintiff