IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al.<br><br>        Defendants. | Case No. 4:18-CV-02869 |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a John Hancock Life Insurance Company ("John Hancock") opposes Defendant the Estate of Jennifer Lauren Wheatley's (the "Wheatley Estate") Motion to Modify Scheduling Order (the "Motion") (ECF 122). The Wheatley Estate has not shown good cause for the amendment of the scheduling order as it pertains to discovery that should have been served months ago. Further, as to discovery that is directed to claims that are not part of the lawsuit, the Wheatley Estate's Motion is premature. Accordingly, the Wheatley's Estate's Motion should be denied.

### ARGUMENT

District court judges are obligated to use scheduling orders to manage and ensure a speedy resolution of their cases, and "adherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings." *Ebel v. Eli Lilly and Co.*, 248 F.R.D. 208, 208 (S.D. Tex. 2007) (internal quotation omitted). Pursuant to Rule 16(b)(4), a scheduling order may only be modified with good cause and with the consent of the court. Fed.R.Civ.P. 16(b)(4). Good cause for amending a scheduling order exists only where the party seeking to extend a deadline

1

shows that it could not have reasonably met the deadlines despite the party's own diligence. *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009). The Court has "the inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion." *Id*. at 493 (internal quotation omitted).

  A. **No Good Cause Exists to Amend the Scheduling Order to Allow Discovery Regarding the Wheatley Estate's Existing Counterclaims.**

  The Wheatley Estate attempts to show good cause for failing to serve its third set of discovery requests ("Third Requests") until months after discovery closed because John Hancock was, for a time, abated from the proceedings. The temporary abatement of John Hancock does not provide good cause for the Wheatley Estate's delay in serving its Third Requests when, in fact, the Wheatley Estate *did* serve discovery requests after the abatement. John Hancock was abated from the proceedings on March 14, 2019, and on June 24, 2019, the Wheatley Estate served its second set of discovery on John Hancock. It was not until November 13, 2019 that the Court reinstated the counterclaims against John Hancock, thus ending the abatement of John Hancock from the case. The Wheatley Estate's assertion that it did not serve its Third Requests because John Hancock was abated is disingenuous, given that it did in fact serve discovery during this period. This purported explanation does not amount to good cause for an amendment of the scheduling order as to the discovery completion deadline.

  Further, to the extent the Third Requests relate to the Wheatley Estate's claims of breach of contract or negligence pro se, which were asserted by the Wheatley Estate on October 12, 2018, the Wheatley Estate could have, and indeed should have, served discovery requests related to these counterclaims and requested a corporate representative deposition well before January 2020—*over a year* after it filed its counterclaims and more than six months after discovery closed.

Finally, after the Court reinstated the Wheatley Estate's counterclaims on November 13, 2019, the Court sua sponte amended the scheduling order as to two dates—the dispositive motion date and the trial date. The Wheatley Estate did not request that the Court amend any further deadlines, nor did the Court choose to do so on its own. The Wheatley Estate has provided no good cause for an amendment of the scheduling order and its Motion should be denied.

> **B. As to Discovery That is Directed to Counterclaims That are Not Yet Part of This Lawsuit, the Wheatley Estate's Motion is Premature.**

Discovery can be had of any matter that is relevant to *a party's claim.* Fed. R. Civ. P. 26(b)(1). The Wheatley Estate's Third Requests are, according to the Wheatley Estate, partly directed to claims that are not part of this matter. While the Wheatley Estate has filed a motion for leave to add additional counterclaims ("Motion for Leave") (ECF 106), the Court has not yet ruled on its Motion for Leave. Discovery relating to claims that are not part of the lawsuit is irrelevant and improper. John Hancock should not be required to incur the time and expense in responding to discovery requests that are related to counterclaims that are not part of the lawsuit.

> **C. The Wheatley Estate's Present Motion Cannot Be Used to Assert Additional Arguments in Support of its Previously Filed and Fully Briefed Motion for Leave.**

The Wheatley Estate has inappropriately used its present Motion to assert additional, new arguments in support of its Motion for Leave. The Wheatley Estate's Motion for Leave has been fully briefed by the parties. It is untimely and, frankly, improper for the Wheatley Estate to use its present Motion to assert new arguments in support of its Motion for Leave. Further, the Court's ruling on the Wheatley Estate's Motion for Leave does not automatically govern the Court's decision whether to amend the scheduling order by re-opening discovery. The Wheatley Estate's use of the present Motion to argue in support of its fully-briefed Motion for Leave is

3

misplaced.

## CONCLUSION

Should the Court chose to amend the scheduling order and allow additional discovery, John Hancock requests the Court order the parties to participate in mediation prior to requiring John Hancock to respond to the Third Discovery Requests and appear for a 30(b)(6) deposition. Further, should the Court grant the Wheatley Estate leave to amend its counterclaims and amend the scheduling order, John Hancock requests that the discovery deadline be amended only as it relates to discovery concerning new counterclaims.  The Court should not amend the discovery deadline to include discovery related to previously asserted counterclaims, which should have been conducted months ago prior to the discovery completion deadline.

Dated: March 26, 2020

                                            Respectfully submitted,

                                            BRYAN CAVE LEIGHTON PAISNER LLP

                                            By: */s/ Gregory J. Sachnik*
                                                Gregory J. Sachnik
                                                Texas Bar No. 17503800
                                                S.D. Texas No. 9757
                                                2200 Ross Avenue, Suite 3300
                                                Dallas, Texas 75201
                                                (214) 721.8000 – Telephone
                                                (214) 721.8100 – Fax
                                                E-Mail: Gregory.sachnik@bclplaw.com

*Admitted Pro Hac Vice:*

Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO  64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 26, 2020, the foregoing was served upon all counsel of record through CM/ECF filing system.

*/s/ Gregory J. Sachnik*
Attorney for Plaintiff