IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a Manufactures Life Insurance Company<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al.<br><br>Defendants. | Case No. 4:18-CV-02869 |

**Defendant Wheatley Estate's Reply to John Hancock's Response In Opposition To Defendant Wheatley Estate's Motion for Partial Summary Judgment.**

The Defendant, the estate of Jennifer Lauren Wheatley ("Wheatley estate") submits this reply to the Plaintiff John Hancock life insurance Company (USA) f/k/a Manufacturer's Life Insurance Company's ("John Hancock") memorandum in opposition (Doc 131) to the Wheatley estates motion for partial summary judgment. (Doc 125)

John Hancock's position is, in essence, that: (1) the court's entry of summary judgment as to the impleaded funds renders moot the court's need to enter an order as to those funds outside of the court's impleader jurisdiction ($16,069.94 paid by John Hancock to Ward prior to the filing of this interpleader action) and (2) John Hancock should not be responsible for the Wheatley estate's attorney's fees which were unreasonable due to the Wheatley estates refusal to engage in mediation and to accept John Hancock's offer of judgment and that the Wheatley estate's actions have been done "all in an effort to keep counsel's clock running and increase its attorneys fee award." (Doc 131, p. 8)

1

## 1. The breach of contract/negligence claims are the only means of the court having subject matter jurisdiction over the $16,069.94 wrongfully paid by John Hancock to Ward

John Hancock initially did not disclosed the full amount paid to Ward in its complaint. Paragraph 19 of John Hancock's complaint stated that the sum of $12,468.90 had been paid to defendant Ward. Over a year later, after several inquiries by the Wheatley estate's attorney (Attachment A), John Hancock disclosed that it had, in fact, paid Ward an additional $3,601.97 in two payments of $1,800.99 per month for the months of June and July 2018. Then on 11/27/2019, John Hancock, in its subsequent answer to paragraph 28 of the Wheatley estates counterclaims, admits that it paid Ward the sum of $12,468.06. It is now undisputed that the sum of $16,069.94 had already been paid to Ward prior to this action being filed. (Doc 131, p. 4, Statement of Material Fact (SOMF) 24, 24A)

The "mootness" argument ignores the need for an adjudication that John Hancock breached its annuity contract and/or was negligent in its handling of this claim. John Hancock avoided the filing of responses to the detailed allegations of the initial counterclaim for breach of contract by the filing of a 12(B)(6) motion. When John Hancock filed an answer on November 27, 2019, it denied all of the Wheatley estates essential allegations in support of its breach of contract claim, including a denial that the Wheatley estate was "entitled to all monthly payments payable subsequent to the death of Jennifer Lauren Wheatley that are due and payable under the annuity contract." (Doc 103, p. 11-12) John Hancock's position is that the Wheatley's estate entitlement to the money wrongfully paid to Ward "follows" from the interpleader ruling on the entitlement issue, without any reference to the court's need for a subject matter jurisdictional basis to do anything with the $16,069.94. (Doc 131, p. 2)

John Hancock erroneously refers to this partial summary judgment motion as "moot" because of this court's ruling in favor of the estate on the annuity entitlement issue, which was the core issue raised by the interpleader action. For those reasons stated in the Wheatley Estate's prior Motion To Revise March 14, 2009 Minute Entry (Doc 76), the court, through this interpleader action, has no subject matter jurisdiction over the funds that John Hancock was no longer holding due to John Hancock's previous disbursement to defendant Ward. In interpleader actions, 29 USC section 1335 grants the court subject matter jurisdiction over only those funds which are in the possession of the plaintiff and which can be, and are, paid into the court. A finding by the court of John Hancock's liability on the breach of contract claim is necessary in order for the court to have jurisdiction over these funds. Given John Hancock's admission that there is no genuine issue of material fact as to liability on the breach of contract claim (Doc 131, p. 6), the Wheatley estate's motion for partial summary judgment should be granted.

## II. John Hancock has created the need for this interpleader and should be responsible for all of the Wheatley estates reasonable attorney's fees.

John Hancock argues that the Wheatley estate should not be entitled to any attorney's fees due to its dragging out this litigation and refusing to engage in mediation. This case, however, unlike a traditional interpleader action, does not involve two parties with colorable claims disputing the entitlement to a common fund. Rather, it involves an insurance company which through its actions has created a dispute which should never have been. Having made a series of mistakes in the handling of this claim, John Hancock has refused to admit its mistakes, has refused to reveal facts that would show the extent of its mistakes and has created an almost unending series of legal obstacles to correcting its mistakes. The assessment of the Wheatley estate's attorney's fees against John Hancock is one small step in the right remedial direction.

John Hancock as the administrator of the annuity contract was authorized to administer payments due under the annuity contract. It had the responsibility to ensure that change of beneficiary forms were consistent with the annuity contract requirements. The language governing change of beneficiaries is simple and straight forward. The annuity application states:

Acceptance of the policy will constitute agreement to its terms and to any changes specified by the Company in the policy, except that any change in the amount, classification, plan or benefits will be made only with the owner's written consent.

The annuity contract states:

**Change of beneficiary.** During the annuitant's lifetime you (the owner of the policy) can change the beneficiary; you must give us notice in written form satisfactory to us....

(Doc 74, p. 5)

The language-"made only with the owner's written consent" and "(the owner) must give notice in written form"- could not be clearer.

It is puzzling how this clear and unambiguous language could be overlooked by John Hancock multiple times, including the following:

1. December-2008/January 2009: John Hancock accepted a change of beneficiary form, obviously designed to be used for a life insurance policy and not an annuity, and which was signed by Jennifer Wheatley as the owner, when John Hancock's records show the owner to be the US DOJ, and John Hancock failed to follow one of its first written employee procedures for processing change of beneficiary forms-to check the annuity contract terms.

2. November 2, 2017: Upon receipt of Mr. Wheatley's notice of Jennifer Wheatley's death and the estate's claim to the annuity benefits, John Hancock again failed to follow its written procedures -to first check any change of beneficiary forms with the contract requirements.

3. November 15, 2017: Louis Wheatley sent John Hancock a letter requesting required documents to complete change in ownership of the annuity for balance of guaranteed term. (Doc 1-5, p. 6 )

4. February 26, 2018: Follow-up demand by Wheatley estate for annuity payments. (Doc .1 – 5, p. 8)

5. On March 8, 2018, John Hancock sent the Wheatley estate notice that a "review" of the Wheatley estates claim had been made and that John Hancock had determined upon review that the designated beneficiary of the annuity was not the Wheatley estate. (Doc 74-1, p. 33))

6. On March 28, 2018, John Hancock sent the Wheatley estate notice that it was not authorized to release any information and that there was "a designated beneficiary on file, as requested by the annuitant." (Doc 74-1, p. 35)

7. Then again, April 16, 2019 the estate contacted John Hancock advising it to contact US DOJ, the owner of this annuity, about the designated beneficiary. (Doc 74-1, p. 8)

If John Hancock at any time had looked at the language of the annuity contract, it could have easily determined, from its own records, that the beneficiary change submitted in 2008 – 2009 was invalid on its face. The circumstantial evidence in this case strongly suggests that John Hancock did not refer to the annuity contract at all during the above times. Then, without filing an interpleader, John Hancock made the decision to pay the annuity benefits to Ward giving Ward's claim a veneer of legitimacy that it did not warrant. John Hancock took the clear and unambiguous language of the annuity contract and has effectively relabel it as doubtful and uncertain and the subject of multiple claimants in this interpleader action. The "substantial controversy" created by John Hancock's actions is a sufficient basis to deny John Hancock's request for attorney's fees. *Rhoades v. Casey, 196 F.3d 592 , 603 (5th Cir. Ct. App. 1999)*, see also *Lexington Ins. Co. v. Jacobs Indus. Maint. Co., LLC, 435 Fed. Appx. 144, 3rd Cir. 2011* (a party seeking interpleader must be free from blame in causing the controversy) (See cited cases, Doc 88, p. 3-4). The court has the equitable power in an interpleader action to award attorney's fees to an interpleader defendant. But in this case, there are other grounds for the Wheatley estate to recover its attorney's fees.

Tex. Civ & Rem Code, section 38.001 (8) establishes entitlement to reasonable attorney's fees for a valid claim based on a written contract. For delays in the payment of a claim, Tex.

5

Ins. code section 542.06 makes the insurer liable for "reasonable and necessary attorney's fees." Massachusetts statute, ALM GL ch. chapter 93A, Section 2, provides for attorney's fees for violations of unfair claim settlement practices (5th counterclaim subject to pending motion for leave to amend.)

### III. Mediation would be most effective once discovery has been completed

John Hancock's argument that the Wheatley estate's refusal to mediate till discovery has been completed is responsible for "running up legal fees" ignores John Hancock's campaign of nondisclosure to the Wheatley estates reasonable discovery requests. (For detailed examples see Doc 88, p. 12-18, Doc 123, p.6-12) John Hancock has resisted discovery of the most basic items: 1. backside to exhibit B of the complaint; 2. Change of beneficiary forms that were generally used at the time exhibit B (Doc 1-2) was submitted; 3. A copy of the "review" of the Wheatley estate's claim and the identification of the person(s) conducting said review; 4. The written authorization for the payment of the annuity funds to Ward; and 5. The opportunity to depose the individuals involved in the handling of the change of beneficiary and the death benefits claims.

Conducting mediation would be difficult without the Court's ruling on the pending motions (Wheatley estate's motions: 1. leave of court to amend (Doc 106), choice of law (Doc 115), amend scheduling order (Doc 122) and John Hancock's motion for protective order (Doc 119) and the completion of discovery. The difficulty of conducting mediation before the Court rules on the pending motions and the completion of discovery is that the parties would be in the position of having to speculate on the scope of available remedies for the claim settlement practices that led to the apparent mishandling of these annuity benefits. John Hancock, instead of being an advocate for the clear wording of the annuity and a clear explanation of what went

6

wrong, has retreated into a position of nondisclosure of any facts that might explain this case's bizarre sequence of events. Under this cloud of uncertainty, mediation is not likely to be productive.

**IV. Conclusion**

Partial summary judgment should be granted on the liability of John Hancock for breach of contract.

Respectfully submitted,

/s/ M. Douglas Berry

**GABRIEL BERRY & WESTON, L.L.P.**
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

**GABRIEL BERRY & WESTON, L.L.P.**
Richard W. Gabriel
North Carolina Bar No. 6623
rgabriel@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

**HERBERT A. JANZEN, P.C.**
Herbert A. Janzen
Fed. Id.: 11620
Texas Bar No. 10572700
herbjanzen.office@yahoo.com
4300 Yoakum Boulevard
Houston, Texas 77006

(713) 683.1599 – Telephone
(713) 683.1588 – Facsimile

*Attorneys for Defendant The Estate of Jennifer Lauren Wheatley*

## CERTIFICATE OF SERVICE

This is to certify that on this date, April 16, 2020, a copy of the foregoing **The Defendants, the Estate of Jennifer Lauren Wheatley, Louis Anthony Wheatley, Individually, and as Administrator of the Estate of Jennifer Lauren Wheatley, Deceased's Reply to Plaintiff, John Hancock Life Insurance Company's (U.S.A.) Response in Opposition to Defendant's Motion to Modify Scheduling Order** was electronically filed utilizing the CM/ECF System which will provide notice to the following individuals:

Mr. Gregory John Sachnik
Attorney for Plaintiff John Hancock Life Insurance Company (U.S.A.)
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201

Ms. Jennifer L. Berhorst
Attorney for Plaintiff John Hancock Life Insurance Company (U.S.A.)
1200 Main Street, Suite 3800
Kansas City, Missouri 64105

Mr. H. Clay Moore
Attorney for Defendant Jeremy G. Ward
4314 Yoakum Boulevard, Suite 2E
Houston, Texas 77006

Ms. Ariel Nicole Wiley
Attorney for U.S. Department of Justice
U.S. Attorney's Office
1000 Louisiana Street, #2300
Houston, Texas 77002

Mr. Bob Mabry
Attorney for Defendant Jeremy G. Ward and Annie Hall
704 N. Thompson St. Ste. 157
Conroe, Texas 77301-2066

This the 16th day of March, 2020.

/s/ M. Douglas Berry

**GABRIEL BERRY & WESTON, L.L.P.**
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

*Attorneys for Defendant The Estate of Jennifer Lauren Wheatley*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| John Hancock Life Insurance Company ) <br> (U.S.A.) f/k/a Manufacturers ) <br> Life Insurance Company, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> The Estate of Jennifer Lauren Wheatley ) <br> c/o Louis A. Wheatley, et al. ) <br> ) <br> Defendants. ) | Civil Action 4:18-cv-02869 |

## DECLARATION OF M. DOUGLAS BERRY

1. My name is M. Douglas Berry. I am a partner in the law firm of Gabriel Berry and Weston, LLP in Greensboro North Carolina. I am the lead attorney representing the defendant estate of Jennifer Wheatley deceased, and Louis A. Wheatley as personal representative and executor of his estate ("Wheatley estate"). By virtue of my representation of the Wheatley estate in this case, I have personal knowledge of the facts stated below.

2. That on October 30, 2019, I sent the attached email and attached two pages to John Hancock's counsel, Ms. Berhorst.

3. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 14th day of April 2020.

_____
M. Douglas Berry

## Doug Berry

**From:** Doug Berry
**Sent:** Wednesday, October 30, 2019 12:20 PM
**To:** Berhorst, Jennifer
**Cc:** Clay Moore; Wiley Ariel (USATXS)
**Subject:** John Hancock
**Attachments:** SUMMARY OF ANNUITY PAYMENTS.thru.10.10.2019.xlsx

Several months ago, I sent you a spread sheet showing John to be $3,601.87 in arrears as of August 1, 2019. Attached is an updated spread sheet showing that this arrears has not been brought up to-date. Please give me John Hancock's position on whether it intends to pay these arrears into the court.

M. Douglas Berry
Attorney-At-Law
Gabriel, Berry & Weston, LLP
214 Commerce Place
Greensboro, NC 27401
Telephone: (336) 275-9381
Email: dougberry@gbwlaw.com

1

| Date due | Amt due | amt paid | date pd |
|---|---|---|---|
| 11/10/2017 | 1731.68 | | |
| 12/10/2017 | 1731.68 | | |
| 1/10/2018 | 1800.94 | | |
| 2/10/2018 | 1800.94 | | |
| 3/10/2018 | 1800.94 | | |
| 4/10/2008 | 1800.94 | | |
| 5/10/2018 | 1800.94 | 12468.06 | 5/17/2018 |
| 6/10/2018 | 1800.94 | | |
| 7/10/2018 | 1800.94 | | |
| 8/10/2019 | 1800.94 | | |
| 9/10/2018 | 1800.94 | | |
| 10/10/2018 | 1800.94 | 5402.83 | 10/31/2019 |
| 11/1/2018 | 1800.94 | 1800.94 | 11/8/2018 |
| 12/10/2018 | 1800.94 | 1800.94 | 12/10/2018 |
| 1/10/2019 | 1872.98 | 1872.98 | 1/9/2019 |
| 2/10/2019 | 1872.98 | 1872.98 | 2/11/2019 |
| 3/10/2019 | 1872.98 | 1872.98 | 3/11/2019 |
| 4/10/2019 | 1872.98 | 1872.98 | 4/9/2019 |
| 5/10/2019 | 1872.98 | 1872.98 | 5/6/2019 |
| 6/10/2019 | 1872.98 | 1872.98 | 6/7/2019 |
| 7/10/2019 | 1872.98 | 1872.98 | 7/9/2019 |
| 8/10/2019 | 1872.98 | 1872.98 | 8/13/2019 |
| 9/10/2019 | 1872.98 | 1872.98 | 9/9/2019 |
| 10/10/2019 | 1872.98 | 1872.98 | 10/9/2019 |
| 11/10/2019 | | | |
| Totals: | 43804.44 | 40202.57 | |

Arrears

3601.87