United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE CO., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2869 |
| | § | |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al., | § § § | |
| Defendants. | § | |

## ORDER

This case began as an interpleader action filed by John Hancock Life Insurance Co. ("John Hancock") to resolve which of two claimed beneficiaries was entitled to an annuity that it manages. In a Memorandum and Order issued on November 13, 2019 (the "Order"), the Court determined that the Estate of Jennifer Lauren Wheatley (the "Wheatley Estate" or the "Estate") was the proper beneficiary, rather than the deceased's ex-husband, Jeremy G. Ward. (Doc. No. 102). In the Order, the Court also reinstated the Wheatley Estate's counterclaims against John Hancock for negligence and breach of contract, and permitted the Estate's fourth amended counterclaim for violations of the Texas Insurance Code. This case proceeds under these three counterclaims.

Pending before the Court are several motions: (1) the Estate's Motion for Leave to Amend to add a fifth counterclaim (Doc. No. 106), (2) the Estate's Motion for Choice of Law (Doc. No. 115), (3) John Hancock's Motion for Protective Order (Doc. No. 119), and (4) the Estate's Motion to Modify Scheduling Order (Doc. No. 122). The latter three motions are all related to the Estate's Motion for Leave to Amend to add a fifth counterclaim based on alleged violations of

1

Massachusetts state law for "unfair claim settlement practices" or, in the alternative, Texas Insurance Code §§ 542.058, 542.06, and 541.051. (Doc. No. 106).

Under FRCP 16(b)(4), a party seeking to amend its pleadings after the deadline has passed must demonstrate good cause for needing the extension. *EEOC v. Service Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012). Four factors are relevant to determining good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 334.

In this case, the Wheatley Estate has not demonstrated good cause for amending its pleadings to add the proposed fifth counterclaim far after the deadline for amendment and after this Court issued its Order. The Wheatley estate has not adequately explained its delay in seeking to include its fifth counterclaim in light of the prior development of this case. On February 13, 2019, the Wheatley Estate sought to amend its answer to add a fourth counterclaim for violations of the Texas insurance code. (Doc. No. 102). The deadline for amending the pleadings expired on March 1, 2019. While the Court dismissed the Wheatley Estate's counterclaims and abated John Hancock's involvement in this case pending resolution of the interpleader action, on November 13, 2019, the Court issued its Order holding that the Wheatley Estate was the rightful beneficiary, reinstituting the Estate's counterclaims, and permitting the Estate's fourth counterclaim. The Estate did not seek leave to add its fifth counterclaim until January 10, 2020, long after it sought to add its fourth counterclaim and this Court issued its Order reviving many of the Estate's counterclaims. While the Wheatley Estate claims that it received additional discovery in April and early August 2019 related to the proposed counterclaim, it is unclear the extent to which the discovery provided new information and, in any event, the Estate still delayed several months

before seeking another leave to amend. Moreover, the Court is persuaded that the prejudice to John Hancock would be steep because it would require, as the Estate has already requested, additional discovery long after the discovery deadline closed on August 1, 2019.

Because the Wheatley Estate has not demonstrated good cause for its failure to timely move for leave to amend and the prejudice against John Hancock would be steep, the Court **DENIES** the Wheatley Estate's Motion for Leave to Amend (Doc. No. 106) and Motion to Modify Scheduling Order (Doc. No. 122). The Court also **DENIES AS MOOT** the Motion for Choice of Law (Doc. No. 115) and Motion for Protective Order (Doc. No. 119).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 24th of May, 2020.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE