IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a Manufacturers Life Insurance Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 4:18-cv-02869 |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al., | ) ) ) | |
| Defendants, | ) ) ) ) | |
| LOUIS ANTHONY WHEATLEY, INDIVIDUALLY and as ADMINISTRATOR OF THE ESTATE OF JENNIFER LAUREN WHEATLEY, DECEASED, | ) ) ) ) ) | |
| Third Party Defendants. | ) | |

**MOTION TO REVISE ORDER ENTERED ON 5/28/2020 PURSUANT TO MINUTE ENTRY DISMISSING THE DEDFENDANT'S FOURTH COUNTERCLAIM**

COMES NOW the Defendant,

, The Estate of Jennifer Lauren Wheatley, and the third party defendant Louis Anthony as administrator of the estate of Jennifer Martin Wheatley, (hereinafter "the Wheatley estate"), by and through the undersigned counsel, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and hereby moves the Court to revise the Order, entered on May 28, 2020 dismissing all remaining counterclaims of the Wheatley estate which included the recently reinstated 4th

1

Counterclaim providing for, inter alia, statutory interest of 18% for both a failure to pay and a delay in payment of the annuity benefits to the Wheatley Estate pursuant to Tex. Ins. Code section 542.058 and 542.060. (Doc 46, p. 3-6)

**Nature and stage of the proceeding:**

The Wheatley estate was granted summary judgment in November 12, 2019 establishing its entitlement to all of the annuity proceeds owed by John Hancock pursuant to the annuity contract. On May 28, 2020 the court granted the defendant estate's motion for partial summary judgement against John Hancock for breach of contract for its failure to pay to the Wheatley estate those annuity payments erroneously paid the Defendant Ward, totaling $16,069.94 In this same minute entry order, the court dismissed "all remaining counterclaims of the Wheatley estate" which included the third (negligence) and the fourth (statutory late payment penalty interest and attorney's fees.)

**Standard of review:**

.

Because the Court's dismissal orders were not part of a final judgment in this case, a motion for reconsideration falls under Rule 54(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment. Under that rule, a district court has the discretion to reconsider and revise its prior orders without the timing restrictions and jurisdictional constraints that limit the court's authority to amend a judgment under *Rules*

*59(e) or 60(b) of the Federal Rules of Civil Procedure. See Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210-11 (5th Cir. 2010); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990).* The circumstances in which a party is entitled to reconsideration under Rule 54(b) is well-established in the Fifth Circuit. In order to justify reconsideration under Rule 59(e), the moving party ordinarily must show "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." Jacoby, 2011 U.S. Dist. LEXIS 82597, 2011 WL 3240445, at *1, quoting In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002.)

**Argument:   The 4th cause of action (late payment penalty interest of 18%), once revived in the November 12, 2019 order, should not have been dismissed.**

In addition to its original claim for "costs and attorney's fees" in its counterclaims against John Hancock (ECF 17, p. 12), the Wheatley estate's Fourth Counterclaim alleges violations of *Tex. Ins. Code Section* 542.051 et seq., specifically the failure to timely pay Wheatley estate annuity benefits. This interpleader was filed well after the John Hancock knew of the Wheatley estate's claim. Before this interpleader was filed, John Hancock, knew or should have known that the beneficiary designation naming Ward was void. In spite of this, John Hancock first paid Ward the annuity benefits and only after that filed an interpleader. This is not a proper use of an interpleader action. An interpleader action should be filed when the insurance carrier is first put on notice of the competing bona fide adverse claims and not held in reserve to use only if the other claimant does not go away. Under section 542.058 (c), in order for the filing of an interpleader action to stop the running of the 18% interest, there must be both an adverse bona fide claim and a properly filed interpleader.

3

In Texas, "a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and cost, if the claim is for… a(n) …written contract" *Tex. Civ. Prac. & Rem. Code Sec.* 38.001.  *Sec* 38.006 *Exceptions* states that "this chapter does not apply to a contract issued by an insurer that is subject to the provisions of:  (4) subchapter B, Chapter 542, Insurance Code.  "This provision, however, does not prevent the court from awarding the Wheatley estate its attorney's fees under section 38.001. On a certified question from the United States Court of Appeals for the Fifth Circuit, the Texas Supreme Court has held:

> "We conclude that we should follow established and long-standing Texas authority to interpret section 38.006 to allow recovery of attorney's fees in a successful breach of contract action against an insurer unless attorney's fees are otherwise available." *Grapevine Excavation Inc. V. Maryland Lloyd's, 35 S.W. 3RD 1, 13-14, 2000 Tex. LEXIS 77, 43 Tex. Sup J 1086 (Tex. Sup. Ct. 2000).*

The Wheatley estates motion to add its fourth counterclaim provides another basis for assessing attorney's fees as well as a basis for assessing 18% interest to penalize insurance companies for a delay in the processing and payment of claims. (See *Tex. Ins. Code section 542.051 et seq.*) Tex. Ins. Code section 542.056 requires the insurance company to notify the claimant of its acceptance or rejection of a claim not later than 15 business days after the date the insurer receives all required statements and forms required by the insurer to secure final proof of loss. Tex. Ins. Code section 542.057 requires payment of a claim within five business days after the date notice is made.  For those cases not included in the specific claims related deadlines of 542.051 et seq., the insurer must pay a claim within 60 days.

If an insuror receives notice of a bona fide adverse claim, an interpleader action must be properly filed within 90 days after the insurer receives all items, required statements and forms reasonably requested pursuant to section 542.055. Ninety days is the latest the insurer can pay a

4

claim. Neither the provisions of Tex. Civ. Prac. & Rem. Code 38.001 et seq. nor Tex. Ins. Code section 542.051 et seq. require a separate "cause of action" to enable the court to enter an assessment of attorney's fees in favor of the Wheatley estate. The attorney's fees provided for under section 38.001 are "in addition to the amount of a valid claim and cost." The attorney's fees provided for in section 542.060 are also "in addition to the amount of the claim." The fourth counterclaim is not the only provision that provides a legal basis for attorney's fees, but is essential for the late payment penalty interest at the rate 18% per annum, including prejudgment interest from the date the payments were due.

**Relief Sought:**

That the court revise its order, in the minute entries of the May 28, 2020, and reinstate the Wheatley estate's 4th counterclaim.

Respectfully submitted,

/s/ M. Douglas Berry

**GABRIEL BERRY & WESTON, L.L.P.**
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina 27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile


**HERBERT A. JANZEN, P.C.**
/s/ *Herbert A. Janzen*
Herbert A. Janzen
Fed Id.: 11620

        Texas Bar No. 10572700
        herbjanzen.office@yahoo.com
        4301 Yoakum Boulevard
        Houston, Texas  77006
        (713) 683.1599 – Telephone
        (713) 683.1588 – Facsimile

**GABRIEL BERRY & WESTON, L.L.P.**
Richard W. Gabriel
North Carolina Bar No6623
rgabriel@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina  27401
(336) 275.9381 – Telephone
(336) 275-7864 - Facsimile

*Attorneys for Defendant, The Estate of   Jennifer Lauren Wheatley and Louis Wheatley. Individually and as Executor of the Estate of Jennifer Lauren Wheatley, Deceased*

## **CERTIFICATE OF CONFERENCE**

In compliance with Local Civil Rule 7.1, I conferred with counsel for the Plaintiff, Ms. Berhorst by email on Thursday June 24, 2020 and again on Monday, June 29, 2020, by follow-up inquiry, as to whether John Hancock would oppose this motion.  On Monday June 29, 2020, I was advised by email by Ms. Berhorst that John Hancock opposes this motion.

        */s/ M.Douglas Berry*
        Attorney for Defendant Wheatley
        Estate

## **CERTIFICATE OF SERVICE**

This is to certify that on this date a copy of the foregoing Motion was electronically filed utilizing the CM/ECF System which will provide notice to the following individuals:

> Mr. Gregory J. Sachnik
> Attorney for Plaintiff John Hancock Life Insurance Company (U.S.A.)
> 2200 Ross Avenue, Suite 3300
> Dallas, Texas 75201
>
> Ms. Jennifer L. Berhorst
> Attorney for Plaintiff John Hancock Life Insurance Company (U.S.A.)
> 1200 Main Street, Suite 3800
> Kansas City, Missouri 64105
>
> Mr. H. Clay Moore
> Attorney for Defendant Jeremy G. Ward
> 4314 Yoakum Boulevard, Suite 2E
> Houston, Texas 77006
>
> Mr. Bob Mabry
> Attorney for Defendant Jeremy G. Ward and Annie Hall
> 704 N. Thompson St. Ste. 157
> Conroe, Texas 77301-2066
> Attorney for Defendant Jeremy G. Ward and Annie Hall
> Conroe, Texas 77301-2066
>
> Ms. Ariel Nicole Wiley
> Attorney for U.S. Department of Justice
> U.S. Attorney's Office
> 1000 Louisiana Street, #2300
> Houston, Texas 77002

This the 25th day of October, 2019.

**HERBERT A. JANZEN, P.C.**
*/s/ Herbert A. Janzen*

7

f and in it and will serve their could could be to serve surveyors that they have finished the servient the pump publicized appreciate okay by

    Herbert A. Janzen

Fed Id.:  11620
Texas Bar No. 10572700
herbjanzen.office@yahoo.com
4301 Yoakum Boulevard
Houston, Texas  77006
(713) 683.1599 – Telephone
(713) 683.1588 – Facsimile

*Attorney for Defendant The Estate of Jennifer Lauren Wheatley*