IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 4:18-CV-02869 |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al. ) ) ) ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S BRIEF IN SUPPORT OF ITS CLAIM FOR ATTORNEYS' FEES**

Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a John Hancock Life Insurance Company ("John Hancock") responds in opposition to defendant The Estate of Jennifer Lauren Wheatley's (the "Wheatley Estate") Brief in Support of its Claim for Attorney's Fees Against John Hancock ("Brief"). John Hancock offers the following Opposition to the Wheatley Estate's Brief:

**INTRODUCTION**

This is an interpleader action filed by John Hancock related to an annuity issued as a result of the structured settlement of a tort action filed on behalf of Jennifer Lauren Wheatley ("Wheatley") after John Hancock received multiple, inconsistent claims to the proceeds of the annuity by the Wheatley Estate and Jeremy Ward ("Ward"). In response to John Hancock's Complaint for Interpleader, Defendants the Wheatley Estate and Ward filed counterclaims against John Hancock for breach of contract, negligence, and promissory estoppel. *See* ECF Nos. 13, 17. The Wheatley Estate subsequently filed a Motion for Leave to Amend its Answer, Crossclaim and Counterclaims ("Motion for Leave to Amend"), seeking the Court's permission to add a fourth counterclaim against John Hancock, and later sought to add a fifth counterclaim.

1

*See* ECF No. 46, 106.

John Hancock promptly filed motions to dismiss the counterclaims of Ward and the Wheatley Estate (ECF Nos. 19-20) and the Court ordered dismissal, following a hearing, on March 14, 2019. *See* Minute Entry, March 20, 2019. In ruling to dismiss the counterclaims asserted against John Hancock, the Court expressly recognized there remained the issue of the annuity payments that had been disbursed to Ward in the amount of $16,096.04 (the "Disbursed Payments"), which would be decided with the interpleader action. Also pending before the Court was the Wheatley Estate's Motion for Leave to Amend to add a fifth counterclaim. The Court addressed the first Motion for Leave to Amend on July 3, 2019, when the Court denied it as moot, based off the Court's previous March 14 Order and March 20 Minute Entry dismissing the Wheatley Estate's counterclaims against John Hancock. ECF No. 63.

The Wheatley Estate subsequently filed a Motion for Summary Judgment, seeking judgment in favor of the Wheatley Estate in regards to the proceeds of the annuity policy (ECF No. 74), and motions for reconsideration in regards to the dismissal of its remaining counterclaims against John Hancock (ECF Nos. 76, 78, 98). On November 13, 2019, the Court entered an order granting the Wheatley Estate's motion for summary judgment as to the proceeds of the annuity and reviving the Wheatley Estate's counterclaims as to recovery of the Disbursed Payments. *See* ECF No. 102.

The Wheatley Estate filed a Motion for Partial Summary Judgment on March 16, 2020 as to the revived counterclaims. ECF No. 125. On May 28, 2020, after a hearing on the Wheatley Estate's Motion for Partial Summary Judgment, the Court granted summary judgment in favor of the Wheatley Estate only as to the Wheatley Estate's breach of contract claim for the Disbursed Payments. *See* June 2, 2020 Minute Entry. Additionally, the Court dismissed the Wheatley Estate's remaining counterclaims and denied its motions to add counterclaims, including its

claim under the Texas Insurance Code. *See* i*d*. The Court asked the parties to submit briefs on their request for attorneys' fees. *Id*. John Hancock previously submitted its Motion for Attorneys' Fees and directs the Court to the arguments set forth in its motion. ECF No. 77.

The Wheatley Estate's request for attorneys' fees should be denied entirely. The Wheatley Estate is not entitled to attorneys' fees, an award that is generally reserved for the interpleader (here, John Hancock), nor is it entitled to attorneys' fees under a counterclaim that was never properly asserted in the lawsuit. Further, the Wheatley Estate's attorneys' fees request should be rejected as unreasonable. To the extent the Court determines the Wheatley Estate is entitled to an award of attorneys' fees, the Wheatley Estate should be allowed to recover only reasonable fees in connection with its breach of contract counterclaim and only for the period of time that the breach of contract counterclaim was not abated by the Court.

## ARGUMENT

### I. The Wheatley Estate is Not Entitled to Attorneys' Fees.

The Wheatley Estate argues that it is entitled to attorneys' fees on three bases: (1) the Court's equitable power to award attorneys' fees in an interpleader action; (2) under Tex. Ins. Code § 542.060; and (3) under Tex. Civ. Prac. & Remedial Code, § 38.001 in regards to its breach of contact claim.

### A. The Wheatley Estate's Reliance on *State Farm Life Insurance Company v. Bryant* is Misguided; an Award of Attorneys' Fees in an Interpleader Case is Generally Reserved for the Interpleader Plaintiff, here, John Hancock.

The Wheatley Estate bases its argument for attorneys' fees associated with the interpleader action on one case, arguing that in *State Farm Life Insurance Company v. Bryant*, (No. 3:18-CV-1628-L, 2019 WL 7938266 (N.D. Tex. May 16, 2019)) (filed herewith as Appendix A-1) the court stated that attorneys' fees awards are proper in interpleader cases where "fair and equitable." ECF No. 146, p. 6. The Wheatley Estate has improperly applied the court's

3

holding in *State Farm* to its own request for attorneys' fees. In *State Farm*, the court examined an award to State Farm as the *disinterested stakeholder*. "When interpleader is proper, attorneys' fees and costs are generally awarded to the disinterested stakeholder from the interpleader fund." *Id*. at *10. Further, the court explained that the decision whether to award attorneys' fees is based on a determination of the following factors: (1) the complexity of the case; (2) the uniqueness of the services performed by the *interpleader plaintiff*; (3) whether the *interpleader plaintiff* acted with diligence and in good faith; (4) whether the *interpleader plaintiff* benefited from the services it provided; and (5) "whether the claimants improperly protected the proceedings." *State Farm Life Ins. Co.*, 2019 WL 7938266, at * 10 (emphasis added).

*State Farm* does not, as the Wheatley Estate leads to the Court to believe, provide for attorneys' fees to an interpleader defendant. Attorneys' fees in an interpleader action is generally awarded to the *disinterested stakeholder*, here, John Hancock. No award of attorneys' fees is proper for the fees incurred by the Wheatley Estate that were associated with the underlying interpleader action.

### B. The Wheatley Estate Did Not Succeed on Its Counterclaims Under the Texas Insurance Code; No Attorneys' Fees are Proper.

On June 2, 2020 the Court dismissed the Wheatley Estate's counterclaims against John Hancock, including its asserted claim under the Texas Insurance Code, with the exception of its claim for breach of contract. Further, pursuant to the Court's order of dismissal, the Court held that the Wheatley Estate's motion for leave to amend to add an additional counterclaim under the Texas Insurance Code against John Hancock was moot. ECF Nos. 63, 137. Accordingly, the Wheatley Estate did not succeed on a counterclaim under the Texas Insurance Code and, thus, an award of attorneys' fees under the Texas Insurance Code is wholly improper. The Wheatley

Estate cannot recover attorneys' fees allowed under a statute that the Court rejected.[1]

### C. Should the Court Determine the Wheatley Estate is Entitled to an Attorneys' Fee Award, the Award Should Be Limited to Reasonable Fees Associated with Its Breach of Contract Claim.

John Hancock disputes that the Wheatley Estate is entitled to any award of attorneys' fees. A prevailing party "may recover *reasonable* attorneys' fees." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). The amount of fees recovered is at the discretion of the trial court. *Coffel v. Stryker Corp.*, 284 F.3d 625, 640-41 (5th Cir. 2002).

The Wheatley Estate's claim for attorneys' fees in the amount of $122,477.50 is certainly unreasonable and thus unrecoverable. The only claim for which the Wheatley Estate could possibly recover attorneys' fees from John Hancock is its counterclaim for breach of contract against John Hancock, that is, only fees incurred in dealing with the Disbursed Payments in the amount of $16,069.04, and only those fees that deemed to be reasonable. For several reasons, the request for fees in the amount of $122,477.50 is entirely unreasonable and should be denied.

First, the Wheatley Estate's breach of contract claim was abated by the Court on March 14, 2019, and was not revived until November 13, 2019. Accordingly, the Wheatley Estate should not have incurred any attorneys' fees in regards to its breach of contract claim during that time. In support of its Brief, the Wheatley Estate has included as exhibits to its Brief an affidavit and billing statements identifying the fees it believes it is entitled to. Many of the entries should not be considered by the Court, including:

- Work associated with the counterclaims during the time the counterclaims were abated by the Court (from March 14, 2019 to November 13, 2019);

- Work associated with the underlying interpleader claims;

---

[1] While the Wheatley Estate's Motion to Revise Order Entered on 5/28/2020 Pursuant to Minute Entry Dismissing the Defendant's Fourth Counterclaim ("Motion to Revise") (ECF No. 147) is currently pending before the Court, the Court has not ruled on the motion and an award of attorneys' fees at this time would be improper.

- Work associated with cross-claims filed by Ward;

- Work associated with the Wheatley Estate's third discovery requests, which the Court struck by the Court after the filing of a Motion for Protective Order by John Hancock (*Se*e ECF No. 137);

- Work associated with seeking leave to amend to add a fifth counterclaim against John Hancock, denied by Court (*See* ECF No. 137);

- Work associated with choice of law issues the Court denied as moot (*See* ECF No. 137);

- Work associated with the appeal that was filed by Ward, which could have only related to the interpleader claim and the Wheatley Estate's counterclaims against John Hancock;

- Ministerial tasks; and

- Work associated with settlement discussions because an Offer of Judgment was made on the full $16,069.04 awarded for the breach of contract counterclaim plus interest and was not accepted by the Wheatley Estate (*See* ECF No. 113).

Further, on multiple occasions John Hancock has attempted to curtail the attorneys' fees incurred by all of the parties by urging the Wheatley Estate to engage in mediation. Additionally, John Hancock served an Offer of Judgment in the amount of $25,000—representing the $16,069.94 in proceeds paid to Ward, interest, and a reasonable amount of attorneys' fees incurred by the Wheatley Estate. ECF No. 113. The Wheatley Estate rejected each and every attempt John Hancock made to settle, presumably all in an effort to keep counsel's clock running and increase its attorneys' fee award. Instead of accepting John Hancock's multiples offers to mediate the remaining claims in this case, the Wheatley Estate filed numerous motions to which John Hancock has had to respond, and also served untimely discovery requests to which John Hancock has had to move for a protective order. The Wheatley Estate is now asking the Court to award it exactly what John Hancock has been offering for months (an amount equal to the payments made to Ward and interest), plus an award of its attorneys' fees. It should not be allowed to recover for its attorneys' fees for time unnecessarily

spent when this matter could have, and indeed should have been resolved months ago.

Accordingly, the Wheatley Estate is not entitled to an attorneys' fee award in any amount. However, if the Court determines an award is appropriate, it should be limited to attorneys' fees associated with the following:

- Preparation of answer and counterclaims to the interpleader petition;

- Preparation of an opposition to John Hancock's motion to dismiss the counterclaims;

- Preparation for a hearing on John Hancock's motion to dismiss;

- Preparation of motions to reconsider and reinstate counterclaims;

- Preparation of motion for summary judgment on breach of contact claim;

- Preparation for hearing on motion for summary judgment on breach of contract claim.

Even so, the Wheatley Estate's documentation in support of its attorneys' fees is insufficient to establish the proper amount of attorneys' fees that were incurred for these tasks. First, the bills of Gabriel Berry & Weston, L.L.P. do not indicate who is doing what task, leaving the Court to guess who did the work and at what rate. Accordingly, the Court cannot evaluate whether the work was properly divided among the responsible attorneys and paralegals. Further, there is a discrepancy between the hourly fees as reflected in Mr. Berry's affidavit and on the bills that were submitted. *Compare* ECF No. 145 with ECF No. 145-2. Berry's affidavit indicates that the rate for him and his partner, Richard Gabriel, is $350 per hour and the hourly rate for Herb Janzen, serving as local counsel, is $250. Yet, Mr. Berry's submitted billing statement includes entries billed at $375 per hour. In addition, Mr. Berry's affidavit states that two paralegals billed at an hourly rate of $175, yet there is also someone who billed at an hourly rate of $125. Finally, the billing statement includes multiple entries with an indicator of "no charge" or "(Total hrs []; billable [])", which seems to indicate the client was not charged for the

7

time incurred on these tasks. However, these amounts appear to be included in the total recovery that the Wheatley Estate requests from the Court. *See* ECF No. 145-2, entries from January 7, 2019 through January 18, 2019 and February 4, 2019 through February 6, 2019. The Wheatley Estate is not entitled to an award of attorneys' fees. However, if the Court deems an award is appropriate, additional support should be required from the Wheatley Estate to resolve these conflicts.

**II.  John Hancock's Is Entitled to an Award of Attorneys' Fees.**

The Wheatley Estate spends the majority of its Brief re-arguing its position in opposition to John Hancock's Motion for Attorneys' Fees (ECF No. 77), which was already opposed by the Wheatley Estate. ECF No. 88. However, in its present Brief, the Wheatley Estate points out an important case that indeed supports John Hancock's request for attorneys' fees: *State Farm Life Insurance Company v. Bryant*, (No. 3:18-CV-1628-L, 2019 WL 7938266 (N.D. Tex. May 16, 2019)) (filed herewith at Appendix A-1). In explaining that interpleader plaintiffs could receive an award of attorneys' fees where appropriate, including the fees and costs incurred in filing and handling the interpleader action, interpleader plaintiffs typically cannot recover fees incurred in defending counterclaims asserted against it. *Id*. at * 13. However, the court warned the defendant from pursing counterclaims against State Farm that the court already determined were prohibited, such as the defendant's claim against State Farm for wrongful denial of defendant's claim. *Id*. The court cautioned that if the defendant did not heed the court's warning, State Farm would be allowed to pursue attorneys' fees incurred in defending those counterclaims. *Id*. The Northern District of Texas clearly stated that a disinterested stakeholder (here, John Hancock) can recover fees associated with defending against counterclaims on which the court has previously ruled. In addition to the support found in *State Farm*, John Hancock stands behind, and directs the Court to, the arguments set forth in its Motion for Attorneys' Fees.

## CONCLUSION

For all of the aforementioned reasons, John Hancock respectfully requests that the Court deny the Wheatley Estate's request for attorneys' fees. If the Court determines an award of attorneys' fees is warranted, John Hancock asks that the Court make a ruling stating what fees can and cannot be recovered by the Wheatley Estate and, further, directing the Wheatley Estate to supplement its Brief with a more accurate accounting of the time spent. In any event, John Hancock requests that an attorneys' fee award should not be awarded in an amount in excess of $25,000, as any amount in excess of $25,000, for the limited amount of work done on the successful counterclaim at issue, is unreasonable and unwarranted.

Dated: July 6, 2020                                    Respectfully submitted,

                                                       BRYAN CAVE LEIGHTON PAISNER LLP


                                                       By: */s/ Gregory J. Sachnik*
                                                           Gregory J. Sachnik
                                                           Texas Bar No. 17503800
                                                           S.D. Texas No. 9757
                                                           2200 Ross Avenue, Suite 3300
                                                           Dallas, Texas 75201
                                                           (214) 721.8000 – Telephone
                                                           (214) 721.8100 – Fax
                                                           E-Mail: Gregory.sachnik@bclplaw.com

                                                           *Admitted Pro Hac Vice:*

                                                           W. Perry Brandt
                                                           Missouri Bar No. 28292
                                                           Jennifer L. Berhorst
                                                           Missouri Bar No. 61784
                                                           1200 Main Street, Suite 3800
                                                           Kansas City, MO  64105-2100
                                                           Telephone: (816) 374-3200
                                                           Facsimile: (816) 374-3300
                                                           perry.brandt@bclplaw.com
                                                           jennifer.berhorst@bclplaw.com

                                                           *Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 6, 2020, the foregoing was served upon all counsel of record through CM/ECF filing system.

                                               */s/ Gregory J. Sachnik*
                                               Attorney for Plaintiff