IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company  )))) | |
| Plaintiff,  )) | |
| v.  )) | Case No. 4:18-CV-02869 |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al.  )))) | |
| Defendants.  ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT THE ESTATE OF JENNIFER LAUREN WHEATLEY'S MOTION TO REVISE ORDER ENTERED ON 5/28/2020**

Plaintiff John Hancock Life Insurance Company (U.S.A.) f/k/a John Hancock Life Insurance Company ("John Hancock") provides the following opposition to Defendant The Estate of Jennifer Lauren Wheatley's ("Wheatley Estate") Motion to Revise Order Entered on 5/28/2020 (the "Motion") (ECF 147).

**STATEMENT OF FACTS RELEVANT TO THIS OPPOSITION**

On November 1, 1992, John Hancock issued a structured settlement annuity contract to the United States of America, Department of Justice ("USDOJ") as Annuity Number xxxxx-xxxxx-xxx2471 (the "Annuity") for purposes of resolving some portion of tort litigation related to Jennifer Wheatley ("Wheatley"). *See* Petition, Exhibit A. The USDOJ was designated as Owner of the Annuity and Wheatley was designated as the Payee with her estate designated beneficiary upon her death. *Id.* On December 8, 2008, Wheatley executed a change of beneficiary form and submitted it to John Hancock seeking to revoke previous beneficiary designations and designate Jeremy Ward ("Ward"), her then husband, as the primary beneficiary

and Annie R. Hall ("Hall"), Wheatley's mother-in-law, as the secondary beneficiary. *See* Petition, Exhibits B, C (ECF 1-2, 1-3).

On November 1, 2017, John Hancock received a letter from Louis Wheatley, father of Jennifer Wheatley, advising that Wheatley had passed away on October 18, 2017 and requesting suspension of the automatic deposit of the monthly annuity payment. The letter stated that an official certificate of death would be forthcoming. *See* Petition, Exhibit D. Louis Wheatley sent a second letter to John Hancock on November 15, 2017 enclosing a copy of the official death certificate for Wheatley. *See* Petition, Exhibit E (ECF 1-5, pg. 6). On January 15, 2018, Louis Wheatley sent a third letter to John Hancock alerting it that an estate had been set up for Wheatley in North Carolina and that the attorney for the estate would establish a bank account to handle all income to the estate. The letter also enclosed a copy of the Letters of Administration for the estate. *See* Petition, Exhibit E (ECF 1-5, pg. 1-4). On February 26, 2018, Louis Wheatley sent a fourth letter to John Hancock stating that as administrator of Wheatley's estate, he was tasked with recovery of all of her assets. Louis Wheatley requested that John Hancock provide a notification statement that could be provided to the probate court on the status of the annuity and a time frame for payment to the estate to start. *See* Petition, Exhibit E (ECF 1-5, pg. 8-11). None of foregoing correspondence from Louis Wheatley included a formal demand for payment of the Annuity proceeds or a completed claim form to enable John Hancock to consider whether the Annuity proceeds should be paid to the estate.

On March 8, 2018, John Hancock notified Louis Wheatley by letter that the designated beneficiary was not the Wheatley Estate, that there were no benefits due to the Wheatley Estate, and that no further action was needed. *See* Wheatley Estate's Motion for Summary Judgment, Exhibit 19 (ECF 74-1, p. 33). Following that correspondence, Louis Wheatley sent a letter to

2

John Hancock on March 20, 2018, requesting the name of the designated beneficiary of the Annuity, claiming that Wheatley was not married, had no children, and that no others had standing as beneficiary. *See* Petition, Exhibit E (ECF 1-5, pg. 5). In response, on March 28, 2018, John Hancock informed Louis Wheatley that there was a designated beneficiary on file requested by Wheatley, but that due to privacy concerns, John Hancock could not disclose the name of the beneficiary. *See* Wheatley Estate's Motion for Summary Judgment, Exhibit 21 (ECF 74-1, p. 35). On April 9, 2018, Louis Wheatley sent another letter again requesting the name of the designated beneficiary. *See* Petition, Exhibit E (ECF 1-5, pg. 7). In response, on April 10, 2018, John Hancock again relayed that it could not share the name of the beneficiary selected by Wheatley. *See* **Exhibit A**, John Hancock 000118. On April 16, 2018, John Hancock received a letter from Louis Wheatley wherein he disagreed with John Hancock's assessment on not identifying the designated beneficiary. *See* Petition, Exhibit E (ECF 1-5, pg. 12-14). He stated that the Annuity was part of a federal lawsuit and that the Annuity was not owned by Wheatley but by the USDOJ, and that the USDOJ "had do dalliance control of beneficiary. All appointments being subject to their approval." *Id.* Mr. Wheatley requested that John Hancock make contact with the owner of the Annuity. *Id.*

On May 7, 2018, John Hancock received a completed claim form from Ward providing the necessary information to process his request for payment of the Annuity proceeds as the designated beneficiary. On May 16, 2018, John Hancock sent Ward a payment of $12,468.06 representing the proceeds due under the Annuity for the months of November 2017 through May 2018. On June 2, 2018, John Hancock sent Ward the June 2018 Annuity payment and on July 2, 2018, John Hancock sent Ward the July 2018 Annuity payment, each in the amount of $1,800.94.

On July 11, 2018, after the foregoing payments had been made to Ward, counsel for the Wheatley Estate (Gabriel Berry Weston, L.L.P.) first notified John Hancock by letter that it believed the beneficiary designation of Ward was void because Wheatley divorced Ward prior to her death and, pursuant to the Decree of Divorce, Ward was not to take any property that belonged to Wheatley. *See* **Exhibit B**, John Hancock 000144-152. Counsel stated that they required the name of the beneficiary so that they could take action necessary to discover the assets that properly belonged to the probate estate. *Id.* Following receipt of that letter and given the evidence of competing claims, John Hancock suspended the monthly Annuity payments to Ward. On August 8, 2018, counsel for Ward demanded documentation to support the suspension. *See* **Exhibit C**, John Hancock 000156-159. Counsel for John Hancock was retained the same day to pursue the filing of an interpleader action related to the proceeds of the Annuity, given the competing claims. *See* Affidavit of Jennifer L. Berhorst in support of Motion for Attorney's Fees (ECF 77-1, ¶ 7). This action was filed on August 20, 2018, forty days after John Hancock was notified by the Wheatley Estate that the beneficiary designation of Jeremy Ward may be invalid. The Wheatley Estate filed its counterclaim for breach of contract regarding the payments made to Ward on October 12, 2018.

## ARGUMENT

A motion for reconsideration "serves to allow 'a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Perot v. Sec'y of Health and Human Servs*, No. H-06-1153, 2007 WL 446039, at *1 (S.D. Tex. Feb. 7, 2007) (quoting *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). It is not to be used for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (internal quotation omitted). Because there has been no error of law, and because the Wheatley

Estate does not offer anything new in its Motion, the Wheatley Estate's Motion should be denied.

### A. The Court Did Not Err When it Dismissed the Wheatley Estate's Claim For An Award of Statutory Interest and Attorneys' Fees Pursuant to Tex. Ins. Code § 542.058 and §542.060.

The Wheatley Estate is not entitled to the statutory interest and attorney's fees provided under Sections 542.058 and 542.060 because it cannot make a viable claim for damages under the statute.

Section 542.058 of the Texas Insurance Code provides the following in the case of an insurer:

> (a) Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statues or, if other statues do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.
> . . . .
> (c) A life insurer that receives notice of an adverse, bona fide claim to all or part of the proceeds of the policy before the applicable payment deadline under Subsection (a) shall pay the claim or properly file an interpleader action and tender the benefits to the registry for the court not later than the 90th day after the date the insurer receives all items, statements, and forms reasonably requested and required under Section 542.055. A life insurer that delays payment of the claim or the filing of an interpleader and tender of policy proceeds for more than 90 days shall pay damages and other items as provided by Section 542.060 until the claim is paid or an interpleader is properly filed.

Tex. Ins. Code § 542.058(a) – (c).

The first "claim" to the Annuity proceeds received by John Hancock was from Ward, through the completion and receipt of the claim form from Ward on May 7, 2018. At that time, Section 542.058(a) was triggered and John Hancock had 60 days to make payment to Ward (to which it believed was due the Annuity proceeds by way of the beneficiary designation) for all of the past due payments, or risk becoming liable for damages to Ward under Section 542.060.

5

John Hancock made such payments to Ward on May 16, 2018, before the 60 day deadline passed on July 6, 2018. John Hancock continued to make the monthly Annuity payments to Ward as they became due on June 2, 2018 and July 2, 2018.

However, once John Hancock received notification from the Wheatley Estate on July 11, 2018, that Ward may not be entitled to the proceeds of the Annuity, given his divorce from Wheatley, and that the Wheatley Estate may be entitled to the future Annuity proceeds, Section 542.058(c) was triggered, as there was now an "adverse" claim to the Annuity proceeds (those not already paid to Ward). Had the Wheatley Estate notified John Hancock of the adverse claim before payment was made to Ward (or within the 60 days for payment set forth in Subsection(a)) Section 542.058(c) would have been trigged as to the Annuity Payments due from November 2017 through July 2018. However, since those payments were made prior to the dispute being raised, Subsection (c) was not triggered as to those already made payments. *See* Tex. Fin. Code § 542.058(c) (instructing a life insurer how to proceed after receiving "notice of an adverse, bona fide claim to all or part of the proceeds of the policy *before the applicable payment deadline under Subsection (a)*). Subsection 542.058(c) was only triggered as to the Annuity proceeds due beginning in August 2018.

John Hancock had 90 days, following receipt of the Wheatley's July 22, 2018 letter, to either decide to whom it should make the Annuity payments due for August 2018 forward <u>or</u> file an interpleader case. Given that a bona fide dispute was present, John Hancock chose the latter, and filed the instant interpleader case on August 20, 2018, well within the 90 day deadline required by the statue. As such, John Hancock did not violate Section 542.058 in either instance, and the damages provided by Section 542.060 (including statutory interest of 18% and reasonable and necessary attorney's fees) were not triggered. The Wheatley Estate is not entitled

6

to recovery under Section 542.058 and its counterclaim for such was properly dismissed by the Court in its May 28, 2020 Minute Entry.

> **B.  The Wheatley Estate Should Only Be Awarded Prejudgment Interest on the Breach of Contract Claim as Set Forth In Section 304.003(c) of the Texas Finance Code.**

The proper remedy to the Wheatley Estate for recovery of the Annuity proceeds paid to Ward is its breach of contract counterclaim which includes the amount of the erroneous payments ($16,069.94) plus applicable interest as provided by the Texas Finance Code. The Texas Supreme Court in *Johnson & Higgins* held that the award of common law prejudgment interest should resemble the prejudgment interest law enacted by the Texas legislature. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530-31 (1998), *superseded by statute on other grounds.* Section 304.103 of the Texas Finance Code sets the statutory prejudgment interest rate as equal to the post-judgment interest rate, which in cases where there is no contract provision, the post-judgment interest rate is as set forth in Section 304.003. *See* Tex. Fin. Code § 304.103. The current interest rate provided by Section 304.003 is five percent. *See* **Exhibit D**, Texas Credit Letter. Section 304.104 provides that prejudgment interest begins to accrue on the earlier of (1) 180 days after the date the defendant receives written notice of a claim or (2) the date suit is filed. *Id.* at § 304.104. Further, prejudgment interest is computed as simple interest and does not compound. *See* Tex. Fin. Code Ann. § 304.104.

In determining the accrual of the five percent interest applicable here, the Court should set the accrual date at the earlier of 180 days following July 11, 2018 – the date the Wheatley Estate first made John Hancock aware that Ward may not be entitled to the Annuity proceeds – or January 7, 2019, or the date the counterclaim was filed – October 12, 2018. Given that

October 12, 2018 is the earlier of those two dates, the Court should calculate simple five percent interest on the amount of the contract claim of $16,069.94 from that date, until judgment is awarded. As of the time of the hearing on this Motion, currently set for July 16, 2020, five percent simple interest on $16,069.94 from the date of accrual until the date of hearing is $1,553.43.

## CONCLUSION

Plaintiff John Hancock respectfully requests the Court deny the Wheatley Estate's Motion to Revise Order regarding the Court's dismissal of its fourth counterclaim, enter an order awarding the Wheatley Estate $1,553.43 for prejudgment interest on its breach of contract counterclaim, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Gregory J. Sachnik*
Gregory J. Sachnik
Texas Bar No. 17503800
S.D. Texas No. 9757
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721.8000 – Telephone
(214) 721.8100 – Fax
E-Mail: Gregory.sachnik@bclplaw.com

*Admitted Pro Hac Vice:*

Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 13th day of July, 2020, the foregoing was served upon all counsel of record through CM/ECF filing system.

                */s/ Gregory J. Sachnik*
                Attorney for Plaintiff