## **Exhibit 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JOHN HANCOCK LIFE INSURANCE** | ) | |
| **COMPANY (U.S.A.) f/k/a John Hancock** | ) | |
| **Life Insurance Company** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18-CV-02869** |
| | ) | |
| **THE ESTATE OF JENNIFER LAUREN** | ) | |
| **WHEATLEY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR AWARD**
**OF ATTORNEYS' FEES AND EXPENSES**

John Hancock Life Insurance Company, (U.S.A.) f/k/a Manufacturers Life Insurance Company ("John Hancock") provides the following additional support for its Motion for Award of Attorneys' Fees and Expenses ("Motion") (ECF 77, 97).

In addition to an attorneys' fee award to John Hancock for the preparation of the interpleader petition, as is routinely granted for a disinterested stakeholder[1], John Hancock requests that the Court consider awarding additional fees given the protracted litigation caused by the Defendants. *See Coface N. Am. Ins. Co. v. Woodlands Export, LLC,* No. 4:15-cv-921, 2016 WL 4361462, at *4-5 (S.D. Tex. Aug. 15, 2016) (awarding the stakeholder nearly $60,000 in attorneys' fees and expenses, indicating that while amount was more than typical, the inconsistent briefing and filing of counterclaims not supported by law added unnecessarily to the stakeholder's workload); *Duncan v. OXY Srvs., Inc.,* No. H-05-1661, 2005 WL 8164431, at *2 (S.D. Tex. Dec. 27, 2005) (awarding additional attorneys' fees to the stakeholder for having to

---

[1] John Hancock directs the Court to its Motion (ECF 77) where it fully briefs the standard for attorneys' fees applicable to interpleader actions.

1

EXHIBIT 1

address numerous issues that do not typically arise in an interpleader action); *Westlake Styrene, LLC v. U.S.*, No. H-10-2631, 2011 WL 643265, at *3-4 (S.D. Tex. Feb. 16, 2011) (awarding additional attorneys' fees to the stakeholder due to defendant's engagement in unnecessary motion practice).

John Hancock's original Motion requested an order awarding its attorneys' fees and expenses in the amount of $43,887.55 as a result of the filing and prosecution of the interpleader. That Motion, and its supporting declaration, was filed on September 18, 2019.  Since that time, John Hancock has expended an additional $63,206.95 in reasonable attorneys' fees in dealing with the resolution of Defendant the Estate of Jennifer Lauren Wheatley's ("Wheatley Estate") baseless counterclaims and a premature appeal by Defendant Jeremy Ward ("Ward"), which unnecessarily protracted the resolution of this interpleader action.  As a result, John Hancock has expended total fees of $106,199.95 plus $894.55 in expenses over the life of the case.

In addition to the time previously spent by John Hancock in an effort to dismiss the counterclaims filed by the Wheatley Estate and Ward, John Hancock was forced to expend additional significant fees in an effort to get all but one counterclaim asserted by the Wheatley Estate dismissed once the counterclaims were revived by the Court.  In this effort, the following filings, and corresponding research, by John Hancock was necessitated: (1) opposition to Wheatley Estate's motion for leave to amend its answer, crossclaim and counterclaims (ECF 112); (2) motion for protective order to quash improper written discovery and corporate deposition requested by Wheatley Estate (ECF 119); (3) opposition to the Wheatley Estate's motion for determination of choice of law on counterclaims (ECF 124); (4) opposition to the Wheatley Estate's motion to modify scheduling order (ECF 129); and (5) opposition to the Wheatley Estate's motion for attorneys' fees (ECF 149).  Most recently, the Wheatley Estate

EXHIBIT 1

sought the amendment of the Court's order dismissing its counterclaim for statutory interest and attorneys' fees.  John Hancock again had to submit argument to support the Court's initial ruling (ECF 152).

As to the one surviving counterclaim asserted, for breach of contract, John Hancock served an Offer of Judgment on January 30, 2020 (ECF 113), long before the Wheatley Estate filed its motion for partial summary judgment on that claim on March 16, 2020 (ECF 125).  The Offer of Judgment, in the amount of $25,000, more than covered the damages resulting from such claim - $16,069.94 plus interest.[2] However, after the Wheatley Estate failed to respond to the Offer of Judgment, it proceeded to file a motion for partial summary judgment on the claim, to which John Hancock had to respond (ECF 131).

As previously briefed in detail to the Court (*see* ECF 119, p. 6-7; ECF 131, p. 4-6, 8) John Hancock has repeatedly attempted to get the Defendants to settle their claims to the interpleader proceeds and has also attempted to resolve the Wheatley Estate's counterclaims via settlement, all to no avail.  Given its good faith efforts to resolve this case at every juncture, John Hancock believes that an award of attorneys' fees related to its settlement efforts is also warranted.

As stated in its original Motion, the hours billed by BCLP were reasonable and necessary in this action.  Thirty-four and seven-tenths (34.7) hours were spent to investigate, prepare and file the interpleader action, prepare the required corporate disclosure statement, and to request and deposit the annuity proceeds into the Court's registry.  The remaining three hundred (300) hours were spent responding to Defendants' baseless counterclaims and other various motions, engaging in communications encouraging settlement, attending mandated court conferences,

---

[2] See John Hancock's Opposition to the Wheatley Estate's Motion to Revise Order Entered on 5/28/2020 which provides support for the argument that only $1,553.43 in prejudgment interest is warranted here. (ECF 152)

EXHIBIT 1

preparing Rule 26 disclosures, participating in the Rule 26(f) conference, and responding to multiple sets of written discovery from each Defendant, including the review and production of hundreds of pages of documents.  *See* **Exhibit 1**, Declaration of Jennifer L. Berhorst.

Plaintiff John Hancock respectfully requests that the Court enter an order to reimburse it $106,199.95 for the attorneys' fees and $894.55 for the expenses incurred in this interpleader action and for such other and further relief as the Court deems necessary.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Jennifer L. Berhorst*
Gregory J. Sachnik
Texas Bar No. 17503800
S.D. Texas No. 9757
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721.8000 – Telephone
(214) 721.8100 – Fax
E-Mail: Gregory.sachnik@bclplaw.com

*Admitted Pro Hac Vice:*

W. Perry Brandt
Missouri Bar No. 28292
Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO  64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
perry.brandt@bclplaw.com
jennifer.berhorst@bclplaw.com


*Attorneys for Plaintiff John Hancock Life
Insurance Company (U.S.A.)*

EXHIBIT 1

## CERTIFICATE OF CONFERENCE

In compliance with Local Civil Rule 7.1, on July 13, 2020 I conferred with counsel for the Estate of Jennifer Lauren Wheatley by telephone regarding the relief requested in the foregoing Motion.  The Wheatley Estate opposes the motion and counsel could not agree as to a disposition of the motion.

*/s/ Jennifer L. Berhorst*
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of July, 2020, the foregoing was served upon all counsel of record through CM/ECF filing system.

*/s/ Jennifer L. Berhorst*
Attorney for Plaintiff

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| John Hancock Life Insurance Company | ) | |
| (U.S.A.) f/k/a Manufacturers | ) | |
| Life Insurance Company, | ) | |
| | ) | Civil Action 4:18−cv−02869 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| The Estate of Jennifer Lauren Wheatley | ) | |
| c/o Louis A. Wheatley, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL DECLARATION OF JENNIFER L. BERHORST

1.      My name is Jennifer L. Berhorst.  I am a partner at the law firm of Bryan Cave Leighton Paisner LLP ("BCLP") in its Kansas City, Missouri office.  I am the lead attorney representing John Hancock Life Insurance Company (U.S.A.) f/k/a Manufacturers Life Insurance Company ("John Hancock") in this action.  By virtue of my experience as a lawyer and my representation of John Hancock in this case, I have personal knowledge of the facts stated below, and they are all true and correct.

2.      I provide the following additional information in support of John Hancock's Motion for an Award of Attorneys' Fees.

3.      In addition to the lawyers and paralegals that were previously identified, associate William J. Easley ("Easley") provided limited research assistance on this matter following the departure of Hobbs from the firm.  Easley's rate for this case is $360 per hour.  Additionally, paralegal, Ann Woeppel ("Woeppel") provided limited legal assistance when the primary paralegals assigned to this matter were unavailable.  The worked performed by Woeppel would

**EXHIBIT A**

have otherwise been performed by attorneys at a higher hourly rate. Easley and Woeppel at all times worked under my supervision as well as the supervision of the Texas sponsoring attorneys.

4.      John Hancock was invoiced in this case for services rendered by BCLP on a monthly basis. Legal services were rendered based upon established hourly rates and there were no fixed or contingent fees associated with the representation of John Hancock.

5.      All BCLP billing personnel were required to keep contemporaneous records of the tasks they performed and the amount of time expended. BCLP submitted monthly billing invoices to John Hancock showing the date, the identity of each person who rendered the services, a general description of the services rendered by each person, the number of hours devoted to those services, and the total fee charge attributed to each person's services. Prior to submitting the monthly billing invoices to John Hancock, the time entries and expenses were reviewed and work that was unproductive, duplicative or unnecessary was written off. A report of all time billed for work completed from September 1, 2019 through July 13, 2020 (the "Time Report") is attached hereto as **Exhibit 1**. The report is prepared from the data entered into the computer accounting system directly from each attorney's and paralegal's timesheets and is the same data generated into the monthly electronic invoices sent to John Hancock. The Time Report is redacted on the basis of attorney-client and work-product privileges. I have also redacted and reduced the total fee request for some issues that were tangential to the representation of John Hancock in this matter.

6.      In addition to the fees previously submitted, BCLP has billed and John Hancock has paid an additional $63,206.95 in attorney's fees incurred from September 1, 2019 through July 13, 2020, excluding fees originally written-off or recently adjusted given their relation to the action, for which reimbursement is now requested. *See* Exhibit 1. In my opinion, these fees and

**EXHIBIT A**

costs were both reasonable and necessary given the tasks required, the tasks performed, and based upon the customary hourly rates for such services.

7.      I have reviewed John Hancock's Supplemental Brief in Support of Motion for Award of Attorneys' Fees and Expenses and the factual statements contained therein are true and correct to the best of my personal knowledge.   I have also reviewed the detailed billing descriptions in the invoices attached hereto as Exhibit 1.  These records are kept by BCLP in the regular course of business and it was in the regular course of the business for BCLP or an employee or representative of BCLP, with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonable time soon thereafter.  The records attached hereto are exact duplicates of the electronic records maintained by BCLP.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 14th day of July, 2020.

_____
Jennifer L. Berhorst

**EXHIBIT A**

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 9/3/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze court's minute entry regarding hearing |
| 10/10/2019 | | Invoice=10899216 | | | on motion to dismiss crossclaims. |
| 9/3/2019 | 10679 | Jennifer L. Berhorst | 1.1 | 455.4 | Begin drafting motion for attorneys fees. |
| 10/10/2019 | | Invoice=10899216 | | | |
| 9/3/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Draft correspondence to client regarding |
| 10/10/2019 | | Invoice=10899216 | | | resolution of litigation. |
| 9/3/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Assess orders and potential need to prepare |
| 10/10/2019 | | Invoice=10899216 | | | motion for attorneys fees. |
| 9/4/2019 | 10679 | Jennifer L. Berhorst | 0.4 | 165.6 | Draft correspondence to client regarding |
| 10/10/2019 | | Invoice=10899216 | | | attorney's fee recovery strategy. |
| 9/4/2019 | 10679 | Jennifer L. Berhorst | 0.9 | 372.6 | Analyze client bills to determine potential fee |
| 10/10/2019 | | Invoice=10899216 | | | and cost recovery. |
| 9/4/2019 | 10679 | Jennifer L. Berhorst | 0.6 | 248.4 | Strategize regarding negotiation of attorneys' |
| 10/10/2019 | | Invoice=10899216 | | | fee recovery. |
| 9/4/2019 | 10679 | Jennifer L. Berhorst | 1.3 | 538.2 | Research in support of motion for award of |
| 10/10/2019 | | Invoice=10899216 | | | attorney's fees. |
| 9/4/2019 | 11546 | Guadalupe Rojas-Wiederaenders | | | |
| 10/10/2019 | | Invoice=10899216 | 0.5 | 100 | Receipt and review e-mail from J. Berhorst requesting samples of motions for fees and costs in federal district court; run search and provide documents. |
| 9/5/2019 | 10679 | Jennifer L. Berhorst | 3.2 | 1,324.80 | Continue drafting motion for attorneys' fees. |
| 10/10/2019 | | Invoice=10899216 | | | |
| 9/6/2019 | 10679 | Jennifer L. Berhorst | 1.7 | 703.8 | Continue drafting brief in support of motion |
| 10/10/2019 | | Invoice=10899216 | | | for attorneys' fees. |
| 9/7/2019 | 21524 | Sarah R. Holdmeyer | 1.8 | 504 | Research attorneys' fee awards for motion for |
| 10/10/2019 | | Invoice=10899216 | | | attorneys' fees. |
| 9/8/2019 | 21524 | Sarah R. Holdmeyer | 1.6 | 448 | Continue drafting Motion for Attorneys' Fees |
| 10/10/2019 | | Invoice=10899216 | | | and TOC to Motion. |
| 9/9/2019 | 10679 | Jennifer L. Berhorst | 0.9 | 372.6 | Revise motion for attorneys' fees and attorney |
| 10/10/2019 | | Invoice=10899216 | | | bills in support. |
| 9/9/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze proposed order on dismissal of J. Ward's cross-claim and award of interplead funds to Wheatley Estate and correspond with client regarding the same. |
| 10/10/2019 | | Invoice=10899216 | | | |
| 9/9/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Analyze motion for summary judgment filed by |
| 10/10/2019 | | Invoice=10899216 | | | Wheatley Estate. |

1

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 9/9/2019 | 10679 | Jennifer L. Berhorst | 1.3 | 538.2 | Draft declaration in support of motion for |
| 10/10/2019 | | Invoice=10899216 | | | attorney's fees. |
| | | | | | |
| 9/9/2019 | 9483 | Ann Woeppel | | | Prepare exhibit regarding attorneys' fees by |
| 10/10/2019 | | Invoice=10899216 | 0.5 | 107.5 | removing confidential information in |
| | | | | | preparation for transmittal to court with |
| | | | | | motion. |
| | | | | | |
| ███████ | | | | | ███████ |
| | | | | | |
| 9/10/2019 | 9483 | Ann Woeppel | | | Prepare exhibit containing cases cited in brief |
| 10/10/2019 | | Invoice=10899216 | 0.6 | 129 | along with an index of same for submission to |
| | | | | | court. |
| | | | | | |
| 9/10/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Correspondence with all counsel regarding |
| 10/10/2019 | | Invoice=10899216 | | | consent to motion for attorneys' fee. |
| | | | | | |
| 9/10/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Draft proposed order on motion for attorneys |
| 10/10/2019 | | Invoice=10899216 | | | fees. |
| | | | | | |
| 9/10/2019 | 10679 | Jennifer L. Berhorst | 0.6 | 248.4 | Analyze Wheatley Estate's draft motion to |
| 10/10/2019 | | Invoice=10899216 | | | modify order on motion to dismiss counterclaims |
| | | | | | and supporting material and strategize |
| | | | | | regarding response. |
| | | | | | |
| 9/10/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Update table of authorities in support of |
| 10/10/2019 | | Invoice=10899216 | | | motion for attorneys' fees. |
| | | | | | |
| 9/10/2019 | 20974 | Gregory J. Sachnik | 0.4 | 232 | Review and revise draft motion for fees and |
| 10/10/2019 | | Invoice=10899216 | | | proposed order for compliance with local rules. |
| | | | | | |
| 9/10/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Begin researching issues raised by the Wheatley |
| 10/10/2019 | | Invoice=10899216 | | | Estate in its Motion for Reconsideration. |
| | | | | | |
| 9/10/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Review motion for reconsideration filed by the |
| 10/10/2019 | | Invoice=10899216 | | | Wheatley Estate. |
| | | | | | |
| ███████ | | | | | ███████ |
| | | | | | |
| 9/11/2019 | 21524 | Sarah R. Holdmeyer | 1 | 280 | Research viability of the Wheatley Estate's |
| 10/10/2019 | | Invoice=10899216 | | | Motion for Reconsideration. |
| | | | | | |
| 9/11/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze correspondence from counsel for J. Ward |
| 10/10/2019 | | Invoice=10899216 | | | regarding return of allegedly erroneously paid |
| | | | | | funds. |
| | | | | | |
| 9/11/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Correspondence with client regarding resolution |
| 10/10/2019 | | Invoice=10899216 | | | of various proposed motions. |
| | | | | | |
| 9/12/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Correspondence with all counsel regarding |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 10/10/2019 | | Invoice=10899216 | | | resolution of remaining issues. |
| | | | | | |
| 9/13/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with counsel for Wheatley Estate |
| 10/10/2019 | | Invoice=10899216 | | | regarding resolution of attorneys' fee motion. |
| | | | | | |
| 9/17/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with counsel for Wheatley Estate |
| 10/10/2019 | | Invoice=10899216 | | | regarding declination of offer to settle |
| | | | | | litigation. |
| | | | | | |
| 9/17/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Follow-up regarding need to submit motion for |
| 10/10/2019 | | Invoice=10899216 | | | fees. |
| | | | | | |
| 9/18/2019 | 20974 | Gregory J. Sachnik | 0.5 | 290 | Assess motion to alter minute entry order (.2); |
| 10/10/2019 | | Invoice=10899216 | | | finalize motion for fees (.3). |
| | | | | | |
| 9/18/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Analyze multiple proposed motions received by |
| 10/10/2019 | | Invoice=10899216 | | | Wheatley Estate and communicate with client |
| | | | | | regarding the same. |
| | | | | | |
| 9/18/2019 | 10679 | Jennifer L. Berhorst | 0.6 | 248.4 | Final edits to motion for attorneys' fees and |
| 10/10/2019 | | Invoice=10899216 | | | supporting documents in preparation for filing. |
| | | | | | |
| 9/18/2019 | 11546 | Guadalupe Rojas-Wiederaenders | | | |
| 10/10/2019 | | Invoice=10899216 | 0.9 | 180 | Receipt and review of motion for attorneys' |
| | | | | | fees and attachments; revise and finalize |
| | | | | | signature lines; preparation of documents for |
| | | | | | filing; file with US District Court; send |
| | | | | | confirmation to all. |
| | | | | | |
| 9/30/2019 | 21524 | Sarah R. Holdmeyer | 1.6 | 448 | Review motion for reconsideration and research |
| 10/10/2019 | | Invoice=10899216 | | | in preparation of drafting response in |
| | | | | | opposition. |
| | | | | | |
| 10/1/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze Ward's opposition to motion for summary |
| 11/12/2019 | | Invoice=10906679 | | | judgment. |
| | | | | | |
| 10/1/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with client regarding pending |
| 11/12/2019 | | Invoice=10906679 | | | motions and potential for settlement. |
| | | | | | |
| 10/1/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze Ward's opposition to Estate's motion |
| 11/12/2019 | | Invoice=10906679 | | | for reconsideration. |
| | | | | | |
| 10/1/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze Ward's proposed motion for |
| 11/12/2019 | | Invoice=10906679 | | | reconsideration of March 2019 order dismissing |
| | | | | | counterclaims. |
| | | | | | |
| 10/2/2019 | 10679 | Jennifer L. Berhorst | 0.9 | 372.6 | Strategize arguments in response to pending |
| 11/12/2019 | | Invoice=10906679 | | | motions to reinstate counterclaims. |
| | | | | | |
| 10/2/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Correspondence with client regarding strategy |
| 11/12/2019 | | Invoice=10906679 | | | for resolution of outstanding motions including |
| | | | | | potential settlement offers to resolve |
| | | | | | outstanding potential counterclaims. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|-----------------------|-------|--------|-------------|
| 10/2/2019 | 21524 | Sarah R. Holdmeyer | 2 | 560 | Research for drafting opposition to motions to |
| 11/12/2019 | | Invoice=10906679 | | | revise orders. |
| | | | | | |
| 10/2/2019 | 21524 | Sarah R. Holdmeyer | 1.5 | 420 | Review various motions, orders, and pleadings |
| 11/12/2019 | | Invoice=10906679 | | | in preparation of drafting opposition to |
| | | | | | motions to revise orders. |
| | | | | | |
| | | | | | |
| | | | | | |
| 10/3/2019 | 21524 | Sarah R. Holdmeyer | 4.6 | 1,288.00 | Continue drafting Oppositions to Motions to |
| 11/12/2019 | | Invoice=10906679 | | | Revise. |
| | | | | | |
| 10/4/2019 | 21524 | Sarah R. Holdmeyer | 0.9 | 252 | Continue drafting Opposition to Motions to |
| 11/12/2019 | | Invoice=10906679 | | | Revise. |
| | | | | | |
| 10/4/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Draft correspondence to client enclosing draft |
| 11/12/2019 | | Invoice=10906679 | | | opposition to Wheatley Estate's motions for |
| | | | | | reconsideration. |
| | | | | | |
| 10/4/2019 | 10679 | Jennifer L. Berhorst | 0.8 | 331.2 | Revise opposition to Estate's motions |
| 11/12/2019 | | Invoice=10906679 | | | requesting reinstatement of counterclaims and |
| | | | | | revisions to proposed final judgment to include |
| | | | | | additional arguments related to Court's |
| | | | | | intentions in prior orders. |
| | | | | | |
| 10/7/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze client's revisions to pending motions. |
| 11/12/2019 | | Invoice=10906679 | | | |
| | | | | | |
| 10/7/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Correspondence with client regarding potential |
| 11/12/2019 | | Invoice=10906679 | | | settlement negotiations. |
| | | | | | |
| 10/7/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Revise opposition to the Estate's Motion for |
| 11/12/2019 | | Invoice=10906679 | | | Reconsideration, incorporating client's |
| | | | | | revisions. |
| | | | | | |
| 10/8/2019 | 20974 | Gregory J. Sachnik | 0.3 | 174 | Review response to motion to alter orders to |
| 11/12/2019 | | Invoice=10906679 | | | prepare for submission. |
| | | | | | |
| 10/8/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Final revisions to opposition to Estate's |
| 11/12/2019 | | Invoice=10906679 | | | motion to revise prior order. |
| | | | | | |
| 10/8/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Draft correspondence to counsel for J. Ward |
| 11/12/2019 | | Invoice=10906679 | | | regarding settlement of remaining claims. |
| | | | | | |
| 10/8/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | File Motion with Court. |
| 11/12/2019 | | Invoice=10906679 | | | |
| | | | | | |
| 10/8/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | |
| 11/12/2019 | | Invoice=10906679 | | | Finalize Response to Motion to Revise Order. |
| | | | | | |
| 10/8/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | Preparation of Motion for filing. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 11/12/2019 | | Invoice=10906679 | | | |
| | | | | | |
| 10/9/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | |
| 11/12/2019 | | Invoice=10906679 | | | Receipt and review of ECF notices, download |
| | | | | | documents, send to docketing if necessary and |
| | | | | | distribute. |
| | | | | | |
| | | | | | |
| | | | | | |
| 10/9/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | |
| 11/12/2019 | | Invoice=10906679 | | | Draft revise and finalize form to order |
| | | | | | transcript and file same. |
| | | | | | |
| 10/9/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze Ward's brief with additional support |
| 11/12/2019 | | Invoice=10906679 | | | opposing Wheatley Estate's motion for summary |
| | | | | | judgment. |
| | | | | | |
| 10/10/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | |
| 11/12/2019 | | Invoice=10906679 | | | Receipt and review of e-mail from Court |
| | | | | | Reporter regarding invoice for transcript. |
| | | | | | |
| 10/10/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | |
| 11/12/2019 | | Invoice=10906679 | | | Telephone conference with Court Reporter |
| | | | | | requesting W-9. |
| | | | | | |
| | | | | | |
| 10/14/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Analyze the Estate's opposition to motion for |
| 11/12/2019 | | Invoice=10906679 | | | award of attorneys' fees. |
| | | | | | |
| 10/15/2019 | 10679 | Jennifer L. Berhorst | 1.5 | 621 | Revise case law cited in the Estate's |
| 11/12/2019 | | Invoice=10906679 | | | opposition to motion for attorneys fees and |
| | | | | | outline reply brief. |
| | | | | | |
| 10/15/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with counsel for J. Ward to |
| 11/12/2019 | | Invoice=10906679 | | | discuss resolution of counterclaim. |
| | | | | | |
| 10/15/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.5 | 102.5 | |
| 11/12/2019 | | Invoice=10906679 | | | Draft, revise and finalize letter to court |
| | | | | | reporter forwarding check for hearing |
| | | | | | transcript. |
| | | | | | |
| 10/16/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Draft motion for extension of time to file |
| 11/12/2019 | | Invoice=10906679 | | | reply in support of motion for attorneys' fees. |
| | | | | | |
| 10/18/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze Ward's motion for leave to file |
| 11/12/2019 | | Invoice=10906679 | | | opposition to motion for attorneys' fees out of |
| | | | | | time. |
| | | | | | |
| 10/18/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Analyze Wheatley's reply in support of motion |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| 11/12/2019 | | Invoice=10906679 | | | for reconsideration of March 14, 2019 minute |
| | | | | | order. |
| | | | | | |
| 10/22/2019 | 10679 | Jennifer L. Berhorst | 2.8 | 1,159.20 | Draft reply in support of motion for award of |
| 11/12/2019 | | Invoice=10906679 | | | attorneys' fees. |
| | | | | | |
| 10/22/2019 | 21524 | Sarah R. Holdmeyer | 3.6 | 1,008.00 | Draft opposition to Ward's Motion for |
| 11/12/2019 | | Invoice=10906679 | | | Reconsideration. |
| | | | | | |
| 10/23/2019 | 21524 | Sarah R. Holdmeyer | 0.2 | 56 | Finalize opposition to Motion for |
| 11/12/2019 | | Invoice=10906679 | | | Reconsideration. |
| | | | | | |
| 10/23/2019 | 20974 | Gregory J. Sachnik | 0.8 | 464 | Review and revise draft response to motion to |
| 11/12/2019 | | Invoice=10906679 | | | reconsider (.5); review and revise draft reply |
| | | | | | in support of motion for fees (.3). |
| | | | | | |
| 10/23/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Revise opposition to Ward's motion for |
| 11/12/2019 | | Invoice=10906679 | | | reconsideration of March 14, 2019 order. |
| | | | | | |
| 10/23/2019 | 10679 | Jennifer L. Berhorst | 0.9 | 372.6 | Draft declaration in support of reply to |
| 11/12/2019 | | Invoice=10906679 | | | attorneys' fees request. |
| | | | | | |
| 10/23/2019 | 10679 | Jennifer L. Berhorst | 0.9 | 372.6 | Revise reply in support of motion for |
| 11/12/2019 | | Invoice=10906679 | | | attorneys' fees. |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | |
| 11/12/2019 | | Invoice=10906679 | | | Download conformed copy of reply and forward to |
| | | | | | counsel. |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | |
| 11/12/2019 | | Invoice=10906679 | | | Receipt and review of Response to Motion for |
| | | | | | Consideration filed by Ward from J. Berhorst. |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | File reply and exhibit. |
| 11/12/2019 | | Invoice=10906679 | | | |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.5 | 102.5 | Draft order denying motion. |
| 11/12/2019 | | Invoice=10906679 | | | |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | Forward same to G. Sachnik for review. |
| 11/12/2019 | | Invoice=10906679 | | | |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | |
| 11/12/2019 | | Invoice=10906679 | | | Receipt and review of e-mail from J. Berhorst |
| | | | | | forwarding reply in support of motion for |
| | | | | | attorneys' fees. |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | |
| 11/12/2019 | | Invoice=10906679 | | | Review docket to determine if order filed with |
| | | | | | original motion for attorneys' fees. |
| | | | | | |
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | |
| 11/12/2019 | | Invoice=10906679 | | | E-mail to all counsel advising of same. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 10/23/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.4 | 82 | |
| 11/12/2019 | | Invoice=10906679 | | | Preparation of reply and exhibit for filing. |
| | | | | | |
| 10/25/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze Estate's motion to revise July 3, 2019 |
| 11/12/2019 | | Invoice=10906679 | | | order denying amendment to counterclaims. |
| | | | | | |
| 10/30/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with counsel for Estate |
| 11/12/2019 | | Invoice=10906679 | | | regarding payment of annuity funds in arrears. |
| | | | | | |
| 11/5/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Draft correspondence to client summarizing case |
| 12/9/2019 | | Invoice=10913882 | | | status and preparation for trial. |
| | | | | | |
| 11/5/2019 | 10679 | Jennifer L. Berhorst | 1.6 | 662.4 | Analyze local rules and judge rules in order to |
| 12/9/2019 | | Invoice=10913882 | | | strategize for trial preparation. |
| | | | | | |
| 11/5/2019 | 20974 | Gregory J. Sachnik | 0.1 | 58 | Assess need for trial attendance and staffing. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/5/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Draft opposition to motion for extension of |
| 12/9/2019 | | Invoice=10913882 | | | time. |
| | | | | | |
| 11/5/2019 | 21524 | Sarah R. Holdmeyer | 0.2 | 56 | Review Ward's motion for extension of time. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/5/2019 | 21524 | Sarah R. Holdmeyer | 0.4 | 112 | Research in preparation of drafting opposition |
| 12/9/2019 | | Invoice=10913882 | | | to motion for extension of time. |
| | | | | | |
| 11/5/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Download conformed copy and upload to i-Manage. |
| | | | | | |
| 11/5/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Draft order and forward to J. L.  Berhorst for |
| | | | | | review. |
| | | | | | |
| 11/5/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | File documents. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/5/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | Preparation of documents for filing. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/5/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Receipt and review of email from J. Berhorst |
| | | | | | regarding drafting of proposed order denying |
| | | | | | Ward's motion for extension of time. |
| | | | | | |
| 11/8/2019 | 21524 | Sarah R. Holdmeyer | 4.1 | 1,148.00 | Draft opposition to Motion to Revise Order |
| 12/9/2019 | | Invoice=10913882 | | | filed by the Wheatley Estate. |
| | | | | | |
| 11/11/2019 | 21524 | Sarah R. Holdmeyer | 1.1 | 308 | Continue drafting opposition to motion to |
| 12/9/2019 | | Invoice=10913882 | | | revise orde. |
| | | | | | |
| 11/11/2019 | 21524 | Sarah R. Holdmeyer | 0.8 | 224 | Additional research for opposition. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/11/2019 | 21524 | Sarah R. Holdmeyer | 0.3 | 84 | Draft table of contents to opposition. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/11/2019 | 21524 | Sarah R. Holdmeyer | 0.4 | 112 | Draft proposed order. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/11/2019 | 20974 | Gregory J. Sachnik | 0.3 | 174 | Review pre-trial disclosures and strategize |
| 12/9/2019 | | Invoice=10913882 | | | regarding need for John Hancock to participate |
| | | | | | given prior abatement of claims. |
| | | | | | |
| 11/11/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze witness and exhibit list received from |
| 12/9/2019 | | Invoice=10913882 | | | J. Ward. |
| | | | | | |
| 11/11/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Revise opposition to Wheatley Estate's motion |
| 12/9/2019 | | Invoice=10913882 | | | to revise order entered on July 3, 2019. |
| | | | | | |
| 11/12/2019 | 20974 | Gregory J. Sachnik | 0.3 | 174 | Review opposition to motion to revise order and |
| 12/9/2019 | | Invoice=10913882 | | | associated exhibits for compliance with local rules. |
| | | | | | |
| 11/12/2019 | 21524 | Sarah R. Holdmeyer | 0.4 | 112 | Conference call with client to determine |
| 12/9/2019 | | Invoice=10913882 | | | strategy for settling matter before trial date. |
| | | | | | |
| 11/12/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Draft correspondence to client providing update |
| 12/9/2019 | | Invoice=10913882 | | | on status of settlement negotiations. |
| | | | | | |
| 11/12/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Telephone conference with C. Moore to discuss |
| 12/9/2019 | | Invoice=10913882 | | | resolution of pending interpleader claims. |
| | | | | | |
| 11/12/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Telephone conference with client to discuss |
| 12/9/2019 | | Invoice=10913882 | | | trial preparation and settlement strategy. |
| | | | | | |
| 11/12/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.5 | 102.5 | |
| 12/9/2019 | | Invoice=10913882 | | | File with Court, download and upload to i-Manage. |
| | | | | | |
| 11/12/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.7 | 143.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Proof opposition to motion to revise order, appendix and proposed order. |
| | | | | | |
| 11/12/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Preparation of all documents for filing and service. |
| | | | | | |
| 11/12/2019 | 21524 | Sarah R. Holdmeyer | 0.5 | 140 | Review documents received from client regarding |
| 12/9/2019 | | Invoice=10913882 | | | payments made to Ward. |
| | | | | | |
| 11/13/2019 | 21524 | Sarah R. Holdmeyer | 0.4 | 112 | Review communications with opposing counsel |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 12/9/2019 | | Invoice=10913882 | | | regarding settlement. |
| | | | | | |
| 11/13/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Telephone conference with counsel for the |
| 12/9/2019 | | Invoice=10913882 | | | Wheatley Estate to discuss settlement |
| | | | | | opportunities. |
| | | | | | |
| 11/13/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Draft correspondence to client providing update |
| 12/9/2019 | | Invoice=10913882 | | | on status of case resolution. |
| | | | | | |
| 11/13/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Review Summary Judgment Order entered by the |
| 12/9/2019 | | Invoice=10913882 | | | court. |
| | | | | | |
| 11/13/2019 | 20974 | Gregory J. Sachnik | 0.3 | 174 | Assess order on Estate's motion for summary and |
| 12/9/2019 | | Invoice=10913882 | | | impact on next steps. |
| | | | | | |
| 11/13/2019 | 10679 | Jennifer L. Berhorst | 0.3 | 124.2 | Analyze court's order granting motion for |
| 12/9/2019 | | Invoice=10913882 | | | summary judgment and motions to reinstate |
| | | | | | counterclaims. |
| | | | | | |
| 11/21/2019 | 8995 | William Perry Brandt | 0.5 | 327.5 | Telephone call with D. Berry and emails |
| 12/9/2019 | | Invoice=10913882 | | | regarding settlement. |
| | | | | | |
| 11/21/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Communicate with Court's case manager regarding |
| 12/9/2019 | | Invoice=10913882 | | | 12/9 trial setting. |
| | | | | | |
| 11/22/2019 | 21524 | Sarah R. Holdmeyer | 1.1 | 308 | Develop strategy for proceeding against |
| 12/9/2019 | | Invoice=10913882 | | | counterclaims. |
| | | | | | |
| 11/22/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Review counterclaims. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| 11/22/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Strategize regarding moving trial setting and |
| 12/9/2019 | | Invoice=10913882 | | | potential settlement. |
| | | | | | |
| 11/24/2019 | 21524 | Sarah R. Holdmeyer | 1.4 | 392 | Begin drafting answer to counterclaims of the |
| 12/9/2019 | | Invoice=10913882 | | | Wheatley Estate. |
| | | | | | |
| 11/25/2019 | 21524 | Sarah R. Holdmeyer | 1.9 | 532 | Continue drafting answer to counterclaims. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| 11/25/2019 | 20974 | Gregory J. Sachnik | 0.1 | 58 | Review communication from opposing counsel |
| 12/9/2019 | | Invoice=10913882 | | | regarding trial readiness. |

9                                    EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| | | | | | |
| ███████ | ███████ | ███████ | ███████ | ███████ | ███████ |
| | | | | | |
| ███████ | ███████ | ███████ | ███████ | ███████ | ███████ |
| | | | | | |
| ███████ | ███████ | ███████ | ███████ | ███████ | ███████ |
| 11/26/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Assess communications and logistics for |
| 12/9/2019 | | Invoice=10913882 | | | submission of answer to complaint. |
| | | | | | |
| 11/26/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 41 | |
| 12/9/2019 | | Invoice=10913882 | | | Conference with G. Sachnik regarding filings |
| | | | | | for November 27, 2019. |
| | | | | | |
| 11/26/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 61.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Receipt and review of e-mail from G. Sachnik |
| | | | | | and response from S. Holdmeyer regarding same. |
| | | | | | |
| 11/27/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Download and upload to i-Manage, distribute to |
| | | | | | all counsel. |
| | | | | | |
| 11/27/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.1 | 20.5 | |
| 12/9/2019 | | Invoice=10913882 | | | Receipt and review various e-mails regarding |
| | | | | | filing of Answer to Defendant's Counterclaims. |
| | | | | | |
| 11/27/2019 | 11546 | Guadalupe Rojas-Wiederaenders | 0.4 | 82 | |
| 12/9/2019 | | Invoice=10913882 | | | Preparation of answer and file same with Court. |
| | | | | | |
| 11/27/2019 | 21524 | Sarah R. Holdmeyer | 0.6 | 168 | Finalize answer to counterclaims. |
| 12/9/2019 | | Invoice=10913882 | | | |
| | | | | | |
| ███████ | ███████ | ███████ | ███████ | ███████ | ███████ |
| | | | | | |
| 11/27/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Finalize submission of answer to amended |
| 12/9/2019 | | Invoice=10913882 | | | complaint. |
| | | | | | |
| 12/2/2019 | 20974 | Gregory J. Sachnik | 0.1 | 58 | Assess order setting scheduling conference and |
| 1/8/2020 | | Invoice=10920508 | | | logistics for handling. |
| | | | | | |
| 12/2/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Correspondence with opposing counsel to discuss |
| 1/8/2020 | | Invoice=10920508 | | | status of settlement offer prior to status |
| | | | | | conference with court. |
| | | | | | |
| 12/2/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with client to prepare strategy |
| 1/8/2020 | | Invoice=10920508 | | | for case status conference. |
| | | | | | |
| 12/2/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Analyze order from court setting status |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 1/8/2020 | | Invoice=10920508 | | | conference. |
| | | | | | |
| 12/3/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Draft correspondence to client regarding |
| 1/8/2020 | | Invoice=10920508 | | | recommendations for settlement counter-offer. |
| | | | | | |
| 12/3/2019 | 10679 | Jennifer L. Berhorst | 0.4 | 165.6 | Prepare for case status conference. |
| 1/8/2020 | | Invoice=10920508 | | | |
| | | | | | |
| 12/3/2019 | 10679 | Jennifer L. Berhorst | 1 | 414 | Research additional claims to be asserted by |
| 1/8/2020 | | Invoice=10920508 | | | Estate and evaluate potential response to |
| | | | | | settlement offer. |
| | | | | | |
| 12/3/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze settlement offer received from Wheatley |
| 1/8/2020 | | Invoice=10920508 | | | Estate. |
| | | | | | |
| 12/3/2019 | 10679 | Jennifer L. Berhorst | 0.4 | 165.6 | Appear for case status conference with Court. |
| 1/8/2020 | | Invoice=10920508 | | | |
| | | | | | |
| 12/3/2019 | 21524 | Sarah R. Holdmeyer | 2.9 | 812 | Review and assess settlement demand of the |
| 1/8/2020 | | Invoice=10920508 | | | Wheatley Estate; research validity of statutory |
| | | | | | relief asserted by the Wheatey Estate. |
| | | | | | |
| 12/3/2019 | 20974 | Gregory J. Sachnik | 0.2 | 116 | Assess settlement demand by Estate and impact |
| 1/8/2020 | | Invoice=10920508 | | | on trial setting. |
| ████████ | ████ | ████████████ | ████ | ████ | ████████████████ |
| | | | | | |
| ████████ | ████ | ████████████ | ████ | ████ | ████████████████ |
| | | | | | |
| ████████ | ████ | ████████████ | ████ | ████ | ████████████████ |
| | | | | | |
| ████████ | ████ | ████████████ | ████ | ████ | ████████████████ |
| | | | | | |
| 12/4/2019 | 21524 | Sarah R. Holdmeyer | 0.2 | 56 | Continue reviewing validity of statutory relief |
| 1/8/2020 | | Invoice=10920508 | | | asserted by the Wheatley Estate. |
| | | | | | |
| 12/6/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with client regarding strategy |
| 1/8/2020 | | Invoice=10920508 | | | for settlement counteroffer. |
| | | | | | |
| 12/13/2019 | 10679 | Jennifer L. Berhorst | 0.2 | 82.8 | Analyze motion for leave to amend counterclaim |
| 1/8/2020 | | Invoice=10920508 | | | and proposed counterclaim received from the |
| | | | | | Wheatley Estate. |
| | | | | | |
| 12/18/2019 | 10679 | Jennifer L. Berhorst | 0.5 | 207 | Draft correspondence to opposing counsel |
| 1/8/2020 | | Invoice=10920508 | | | enclosing settlement counter-offer. |
| ████████ | ████ | ████████████ | ████ | ████ | ████████████████ |
| | | | | | |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 12/27/2019 | 10679 | Jennifer L. Berhorst | 0.1 | 41.4 | Correspondence with opposing counsel regarding |
| 1/8/2020 | | Invoice=10920508 | | | status of response to settlement offer. |
| | | | | | |
| 1/3/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze settlement correspondence received from |
| 2/24/2020 | | Invoice=10927253 | | | opposing counsel. |
| | | | | | |
| 1/6/2020 | 10679 | Jennifer L. Berhorst | 0.6 | 294 | Telephone conference with opposing counsel to |
| 2/24/2020 | | Invoice=10927253 | | | discuss settlement offer of Wheatley Estate.set |
| | | | | | |
| ████ | ████ | ████ | ████ | ████ | ████ |
| | | | | | |
| 1/6/2020 | 21963 | William J. Easley | 0.5 | 180 | Analyze case law regarding damages for consumer |
| 2/24/2020 | | Invoice=10927253 | | | protection violations in Massachusetts. |
| | | | | | |
| 1/7/2020 | 21963 | William J. Easley | 1.5 | 540 | Analyze Texas case law to determine legal |
| 2/24/2020 | | Invoice=10927253 | | | standard for determining choice of law. |
| | | | | | |
| 1/7/2020 | 21963 | William J. Easley | 1.1 | 396 | Draft memorandum regarding legal standard for |
| 2/24/2020 | | Invoice=10927253 | | | determining choice of law. |
| | | | | | |
| 1/8/2020 | 21963 | William J. Easley | 0.9 | 324 | Analyze case law regarding damages under |
| 2/24/2020 | | Invoice=10927253 | | | consumer protection statutes. |
| | | | | | |
| 1/8/2020 | 21963 | William J. Easley | 1.6 | 576 | Draft memorandum regarding damages under |
| 2/24/2020 | | Invoice=10927253 | | | consumer protection statutes. |
| | | | | | |
| 1/8/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze research in preparation for drafting |
| 2/24/2020 | | Invoice=10927253 | | | updated settlement analysis for client. |
| | | | | | |
| 1/9/2020 | 21963 | William J. Easley | 0.8 | 288 | Draft revisions to consumer protection |
| 2/24/2020 | | Invoice=10927253 | | | memorandum to incorporate research on possible |
| | | | | | damages for violations. |
| 1/10/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Analyze notice of appeal, research deadline for |
| 2/24/2020 | | Invoice=10927253 | | | filing appeal and advise client accordingly. |
| | | | | | |
| 1/10/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Analyze Estate's motion for leave to add |
| 2/24/2020 | | Invoice=10927253 | | | additional counterclaim. |
| | | | | | |
| 1/10/2020 | 10679 | Jennifer L. Berhorst | 0.8 | 392 | Draft correspondence to client outlining advise |
| 2/24/2020 | | Invoice=10927253 | | | for settlement resolution. |
| | | | | | |
| 1/13/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze notice of appeal filed by J. Ward. |
| 2/24/2020 | | Invoice=10927253 | | | |
| | | | | | |
| 1/15/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with counsel for Wheatley estate |
| 2/24/2020 | | Invoice=10927253 | | | regarding potential mediation. |
| | | | | | |
| 1/23/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Review multiple submissions by opposing counsel |
| 2/24/2020 | | Invoice=10927253 | | | for transcripts for appeal. |
| | | | | | |
| ████ | ████ | ████ | ████ | ████ | ████ |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| 1/27/2020 2/24/2020 | 20974 | Gregory J. Sachnik Invoice=10927253 | 0.2 | 119.6 | Review written discovery sent to John Hancock. |
| 1/27/2020 2/24/2020 | 21524 | Sarah R. Holdmeyer Invoice=10927253 | 6.4 | 2,246.40 | Begin drafting opposition to the Wheatley Estate's motion for leave to amend counterclaims. |
| 1/27/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.2 | 98 | Correspondence with opposing counsel regarding request for mediation. |
| 1/27/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.5 | 245 | Analyze additional written discovery requests received from opposing counsel including 30(b)(6) deposition topics. |
| 1/27/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.1 | 49 | Correspondence with client regarding settlement and newly issued discovery. |
| 1/27/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.4 | 196 | Strategize regarding response to motion for leave to amend. |
| 1/28/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.3 | 147 | Revise opposition to motion for leave to amend. |
| 1/28/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.7 | 343 | Strategize regarding filing of offer of judgment and other settlement strategies. |
| 1/28/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.2 | 98 | Correspondence with client regarding offer of judgment. |
| 1/28/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.5 | 245 | Telephone conference with client to discuss case status and strategy. |
| 1/28/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.2 | 98 | Direct work on preparation of motion for protective order. |
| 1/28/2020 2/24/2020 | 10679 | Jennifer L. Berhorst Invoice=10927253 | 0.3 | 147 | Prepare for telephone conference with client regarding newly issued discovery and settlement. |
| 1/28/2020 2/24/2020 | 21524 | Sarah R. Holdmeyer Invoice=10927253 | 0.5 | 175.5 | Review various state statutes regarding remedies in preparation of drafting offer of judgment. |
| 1/28/2020 2/24/2020 | 21524 | Sarah R. Holdmeyer Invoice=10927253 | 1.5 | 526.5 | Discuss and develop strategy in regards to motion for leave to amend, settlement, mediation, and additional discovery requests; review discovery requests to develop strategy for motion for protective order. |
| 1/28/2020 2/24/2020 | 21524 | Sarah R. Holdmeyer Invoice=10927253 | 1.8 | 631.8 | Continue drafting opposition to motion for leave to amend; draft offer of judgment. |

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| | | | | | |
| 1/29/2020 | 21524 | Sarah R. Holdmeyer | 0.3 | 105.3 | Draft proposed order denying the Wheatley |
| 2/24/2020 | | Invoice=10927253 | | | Estate's motion for leave to amend |
| | | | | | counterclaims. |
| 1/30/2020 | 21524 | Sarah R. Holdmeyer | 0.4 | 140.4 | Finalize opposition to motion for leave; |
| 2/24/2020 | | Invoice=10927253 | | | finalize offer of judgment. |
| 1/30/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Review opposition to motion to amend, agreed |
| 2/24/2020 | | Invoice=10927253 | | | order and offer of judgment for compliance with |
| | | | | | local rules. |
| 1/30/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 1 | 211.5 | |
| 2/24/2020 | | Invoice=10927253 | | | Finalize revisions to proposed order, response |
| | | | | | and offer of judgment; preparation of documents |
| | | | | | for filing; file all documents; retrieve |
| | | | | | conformed copies and district to all counsel. |
| 1/31/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review communication from opposing counsel |
| 2/24/2020 | | Invoice=10927253 | | | regarding application of MA law. |
| 2/3/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze various pleadings filed with court of |
| 3/9/2020 | | Invoice=10933747 | | | appeals. |
| 2/4/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Review appearance form for 5th Circuit. |
| 3/9/2020 | | Invoice=10933747 | | | |
| 2/4/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.9 | 190.35 | |
| 3/9/2020 | | Invoice=10933747 | | | Draft Entry of Appearance for G. Sachnik; |
| | | | | | finalize appearance; finalize preparation of |
| | | | | | documents for submission to court; file, |
| | | | | | download and upload conformed copy to i-Manage. |
| 2/5/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Strategize regarding arguments to include in |
| 3/9/2020 | | Invoice=10933747 | | | motion for summary judgment. |
| 2/6/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze correspondence received from court of |
| 3/9/2020 | | Invoice=10933747 | | | appeals regarding mediation program. |
| 2/6/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Draft correspondence to client regarding |
| 3/9/2020 | | Invoice=10933747 | | | potential for mediation through appeal. |
| 2/6/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with appeal's court clerk |
| 3/9/2020 | | Invoice=10933747 | | | regarding mediation. |
| 2/6/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Assess information regarding circuit required |
| 3/9/2020 | | Invoice=10933747 | | | mediation and communication from mediator. |
| 2/6/2020 | 21524 | Sarah R. Holdmeyer | 0.4 | 140.4 | Review discovery requests to develop objection |
| 3/9/2020 | | Invoice=10933747 | | | to discovery. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 2/7/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Correspondence with counsel for the Wheatley |
| 3/9/2020 | | Invoice=10933747 | | | Estate regarding participation in mediation and |
| | | | | | status of choice of law issues. |
| | | | | | |
| 2/9/2020 | 21524 | Sarah R. Holdmeyer | 0.3 | 105.3 | Continue drafting motion for protective order |
| 3/9/2020 | | Invoice=10933747 | | | from discovery and deposition. |
| | | | | | |
| 2/10/2020 | 20974 | Gregory J. Sachnik | 0.3 | 179.4 | Assess reply brief and motion on choice of law |
| 3/9/2020 | | Invoice=10933747 | | | issues submitted by the Estate. |
| | | | | | |
| 2/10/2020 | 21524 | Sarah R. Holdmeyer | 1.7 | 596.7 | Continue drafting protective order. |
| 3/9/2020 | | Invoice=10933747 | | | |
| | | | | | |
| 2/10/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze reply in support of motion for leave to |
| 3/9/2020 | | Invoice=10933747 | | | amend to add additional counterclaims. |
| | | | | | |
| 2/12/2020 | 21524 | Sarah R. Holdmeyer | 1.7 | 596.7 | Continue drafting motion for protective order. |
| 3/9/2020 | | Invoice=10933747 | | | |
| | | | | | |
| 2/14/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Assess need for additional excerpts from |
| 3/9/2020 | | Invoice=10933747 | | | transcript for appeal. |
| | | | | | |
| 2/14/2020 | 10679 | Jennifer L. Berhorst | 1.1 | 539 | Revise motion for protective order regarding |
| 3/9/2020 | | Invoice=10933747 | | | third discovery requests and corporate |
| | | | | | deposition notice. |
| | | | | | |
| 2/15/2020 | 21524 | Sarah R. Holdmeyer | 0.8 | 280.8 | Continue drafting motion for protective order. |
| 3/9/2020 | | Invoice=10933747 | | | |
| | | | | | |
| 2/17/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Revise motion for protective order. |
| 3/9/2020 | | Invoice=10933747 | | | |
| | | | | | |
| 2/18/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Correspondence with client regarding details of |
| 3/9/2020 | | Invoice=10933747 | | | conference with 5th circuit court of appeals |
| | | | | | mediator. |
| | | | | | |
| 2/18/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Telephone conference with 5th Circuit Court of |
| 3/9/2020 | | Invoice=10933747 | | | Appeals mediator to discuss potential for |
| | | | | | mediation and status of appeal. |
| | | | | | |
| 2/20/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Assess summary of appellate mediation and |
| 3/9/2020 | | Invoice=10933747 | | | additional transcript orders impacting appeal. |
| | | | | | |
| 2/21/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client regarding approval |
| 3/9/2020 | | Invoice=10933747 | | | of motion for protective order. |
| | | | | | |
| 2/24/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.5 | 105.75 | |
| 3/9/2020 | | Invoice=10933747 | | | Receipt and review of ECF notices, download |
| | | | | | documents, send to docketing if necessary and |
| | | | | | distribute. |
| | | | | | |
| 2/25/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.8 | 169.2 | Receipt and review of filing for case; |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 3/9/2020 | | Invoice=10933747 | | | preparation of documents for filing. |
| | | | | | |
| 2/25/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing counsel to meet |
| 3/9/2020 | | Invoice=10933747 | | | and confer regarding motion for protective |
| | | | | | order. |
| | | | | | |
| 2/25/2020 | 20974 | Gregory J. Sachnik | 0.3 | 179.4 | Review and revise motion for protective order |
| 3/9/2020 | | Invoice=10933747 | | | including need for certificate of conference. |
| | | | | | |
| 2/25/2020 | 21524 | Sarah R. Holdmeyer | 0.3 | 105.3 | Continue drafting motion for protective order. |
| 3/9/2020 | | Invoice=10933747 | | | |
| | | | | | |
| 2/26/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing counsel to request |
| 3/9/2020 | | Invoice=10933747 | | | extension on deadline to response to motion for |
| | | | | | choice of law. |
| | | | | | |
| 2/26/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Meet and confer with opposing counsel regarding |
| 3/9/2020 | | Invoice=10933747 | | | consent to motion for protective order in |
| | | | | | accordance with local rules. |
| | | | | | |
| 2/27/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Revise order on motion for protective order. |
| 3/9/2020 | | Invoice=10933747 | | | |
| | | | | | |
| 2/27/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Revise motion for extension of time to respond |
| 3/9/2020 | | Invoice=10933747 | | | to motion on choice of law determination. |
| | | | | | |
| 2/27/2020 | 20974 | Gregory J. Sachnik | 0.3 | 179.4 | Revise certificate of conference and draft |
| 3/9/2020 | | Invoice=10933747 | | | order for motion for protective order. |
| | | | | | |
| 2/27/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 1.2 | 253.8 | |
| 3/9/2020 | | Invoice=10933747 | | | Draft motion for extension of time to respond |
| | | | | | to motion for determination of choice of law |
| | | | | | and proposed order. |
| | | | | | |
| 2/27/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 1.1 | 232.65 | |
| 3/9/2020 | | Invoice=10933747 | | | Revise motion for protective order; draft |
| | | | | | proposed order; preparation of documents for |
| | | | | | filing; file documents. |
| | | | | | |
| 2/28/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.8 | 169.2 | |
| 3/9/2020 | | Invoice=10933747 | | | Finalize revisions to motion and order for |
| | | | | | extension; finalize preparation of documents |
| | | | | | for submission to court; file with Court and |
| | | | | | forward conformed copy to J. Berhorst. |
| | | | | | |
| 3/3/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Draft correspondence to client requesting |
| 4/13/2020 | | Invoice=10942062 | | | position on Estate's request for extension of |
| | | | | | deadlines and approval to being preparation of |
| | | | | | summary judgment papers. |
| | | | | | |
| 3/4/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client regarding status of |
| 4/13/2020 | | Invoice=10942062 | | | mediation. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 3/5/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing counsel regarding |
| 4/13/2020 | | Invoice=10942062 | | | request for extension of scheduling order |
| | | | | | deadlines. |
| | | | | | |
| 3/6/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze motion to revise scheduling order. |
| 4/13/2020 | | Invoice=10942062 | | | |
| | | | | | |
| 3/6/2020 | 21963 | William J. Easley | 1.3 | 421.2 | Draft correspondence to J. L. Berhorst |
| 4/13/2020 | | Invoice=10942062 | | | regarding the possibility of submitting an |
| | | | | | offer of settlement and capping damages under |
| | | | | | Massachusetts law. |
| | | | | | |
| 3/6/2020 | 21963 | William J. Easley | 1.2 | 388.8 | Draft correspondence to J. L. Berhorst |
| 4/13/2020 | | Invoice=10942062 | | | regarding risk of maximum loss if Texas |
| | | | | | versus Massachusetts case law were applied. |
| | | | | | |
| 3/6/2020 | 21963 | William J. Easley | 1.4 | 453.6 | Analyze Massachusetts case law to determine |
| 4/13/2020 | | Invoice=10942062 | | | risk of loss if Massachusetts law was applied |
| | | | | | to this case. |
| | | | | | |
| 3/6/2020 | 21963 | William J. Easley | 1.2 | 388.8 | Analyze case law regarding consumer protection |
| 4/13/2020 | | Invoice=10942062 | | | statutes in Texas to prepare response to motion |
| | | | | | to designate case law. |
| | | | | | |
| 3/6/2020 | 21524 | Sarah R. Holdmeyer | 0.3 | 105.3 | Develop strategy in regards to response to |
| 4/13/2020 | | Invoice=10942062 | | | motion for application of Massachusetts law. |
| | | | | | |
| 3/7/2020 | 21963 | William J. Easley | 1.1 | 356.4 | Revise choice of law memorandum to discuss |
| 4/13/2020 | | Invoice=10942062 | | | whether the Massachusetts demand requirement |
| | | | | | prior to a consumer protection suit will be |
| | | | | | applied in Texas federal court. |
| | | | | | |
| 3/9/2020 | 21963 | William J. Easley | 0.2 | 64.8 | Outline opposition to motion to designate |
| 4/13/2020 | | Invoice=10942062 | | | choice of law. |
| | | | | | |
| 3/9/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 60 | |
| 4/13/2020 | | Invoice=10942062 | | | Receipt and review of ECF notices, download |
| | | | | | documents, send to docketing if necessary and |
| | | | | | distribute. |
| | | | | | |
| 3/10/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Telephone conference with fifth circuit |
| 4/13/2020 | | Invoice=10942062 | | | mediator to discuss mediation opportunities. |
| | | | | | |
| 3/11/2020 | 21963 | William J. Easley | 1.8 | 583.2 | Draft response to motion to designate |
| 4/13/2020 | | Invoice=10942062 | | | massachusetts law. |
| | | | | | |
| 3/12/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze Wheatley Estate's opposition to motion |
| 4/13/2020 | | Invoice=10942062 | | | for protective order. |
| | | | | | |
| 3/12/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Revise opposition to motion for choice of law |
| 4/13/2020 | | Invoice=10942062 | | | determination. |
| | | | | | |
| 3/13/2020 | 21524 | Sarah R. Holdmeyer | 0.2 | 70.2 | Continue drafting proposed order on the |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| 4/13/2020 | | Invoice=10942062 | | | Wheatley Estate's motion regarding choice of law. |
| | | | | | |
| 3/13/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Examine response to motion on choice of law and |
| 4/13/2020 | | Invoice=10942062 | | | proposed order for compliance with local rules. |
| | | | | | |
| 3/13/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.9 | 180 | |
| 4/13/2020 | | Invoice=10942062 | | | Draft, revise and finalize proposed order denying plaintiff's motion for choice of law; preparation for filing and file with Court. |
| | | | | | |
| 3/14/2020 | 21524 | Sarah R. Holdmeyer | 0.8 | 280.8 | Begin reviewing opposition to motion for |
| 4/13/2020 | | Invoice=10942062 | | | protective order filed by the Wheatley Estate in preparation of drafting reply. |
| | | | | | |
| 3/16/2020 | 21524 | Sarah R. Holdmeyer | 1.1 | 386.1 | Begin drafting reply in support of motion for |
| 4/13/2020 | | Invoice=10942062 | | | protective order. |
| | | | | | |
| 3/17/2020 | 21524 | Sarah R. Holdmeyer | 1.3 | 456.3 | Continue drafting reply in support of motion |
| 4/13/2020 | | Invoice=10942062 | | | for protective order. |
| | | | | | |
| 3/17/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review communication from court of appeals |
| 4/13/2020 | | Invoice=10942062 | | | regarding transcripts. |
| | | | | | |
| 3/17/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.2 | 40 | |
| 4/13/2020 | | Invoice=10942062 | | | Retrieve appeal documents, distribute to counsel and send to docketing. |
| | | | | | |
| 3/18/2020 | 21524 | Sarah R. Holdmeyer | 1.8 | 631.8 | Continue drafting reply in support of motion |
| 4/13/2020 | | Invoice=10942062 | | | for protective order. |
| | | | | | |
| 3/18/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Revise reply in support of motion to quash. |
| 4/13/2020 | | Invoice=10942062 | | | |
| | | | | | |
| 3/18/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Analyze motion for leave to amend scheduling |
| 4/13/2020 | | Invoice=10942062 | | | order. |
| | | | | | |
| 3/18/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Analyze motion for partial summary judgment |
| 4/13/2020 | | Invoice=10942062 | | | filed by Wheatley Estate. |
| | | | | | |
| 3/18/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client regarding case |
| 4/13/2020 | | Invoice=10942062 | | | status. |
| | | | | | |
| 3/18/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Revise reply in support of motion for |
| 4/13/2020 | | Invoice=10942062 | | | protective order. |
| | | | | | |
| 3/18/2020 | 10679 | Jennifer L. Berhorst | 0.6 | 294 | Strategize regarding response to motion for |
| 4/13/2020 | | Invoice=10942062 | | | partial summary judgment. |
| | | | | | |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| | | | | | |
| | | | | | |
| 3/23/2020 | 21524 | Sarah R. Holdmeyer | 2.6 | 912.6 | Draft opposition to motion to amend scheduling |
| 4/13/2020 | | Invoice=10942062 | | | order. |
| | | | | | |
| 3/24/2020 | 21524 | Sarah R. Holdmeyer | 0.2 | 70.2 | Review proposed order on opposition to motion |
| 4/13/2020 | | Invoice=10942062 | | | for leave to amend scheduling order. |
| | | | | | |
| 3/24/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Revise opposition to motion to amend scheduling |
| 4/13/2020 | | Invoice=10942062 | | | order for compliance with local rules. |
| | | | | | |
| 3/24/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Revised proposed order denying motion to amend |
| 4/13/2020 | | Invoice=10942062 | | | scheduling order. |
| | | | | | |
| 3/24/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Revise opposition to motion to extend |
| 4/13/2020 | | Invoice=10942062 | | | scheduling order deadlines. |
| | | | | | |
| 3/24/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.5 | 100 | |
| 4/13/2020 | | Invoice=10942062 | | | Draft proposed order denying defendant's motion |
| | | | | | to modify scheduling order. |
| | | | | | |
| 3/25/2020 | 21524 | Sarah R. Holdmeyer | 0.2 | 70.2 | Final review of proposed order denying motion |
| 4/13/2020 | | Invoice=10942062 | | | to amend scheduling order. |
| | | | | | |
| 3/26/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Finalize opposition to motion to amend |
| 4/13/2020 | | Invoice=10942062 | | | scheduling order for compliance with local |
| | | | | | rules. |
| | | | | | |
| 3/26/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.9 | 180 | |
| 4/13/2020 | | Invoice=10942062 | | | Finalize response and proposed order (.3); |
| | | | | | finalize preparation of documents for |
| | | | | | submission to court (.3); file with Court (.3). |
| | | | | | |
| 3/30/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Review plaintiff's reply brief in support of |
| 4/13/2020 | | Invoice=10942062 | | | motion to amend scheduling order. |
| | | | | | |
| 3/30/2020 | 21524 | Sarah R. Holdmeyer | 4.5 | 1,579.50 | Review partial summary judgment motion filed by |
| 4/13/2020 | | Invoice=10942062 | | | the Wheatley Estate and develop strategy for |
| | | | | | response; research in preparation of response; |
| | | | | | begin drafting response. |
| | | | | | |
| 3/30/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Strategize regarding opposition to motion for |
| 4/13/2020 | | Invoice=10942062 | | | summary judgment. |
| | | | | | |
| 3/31/2020 | 10679 | Jennifer L. Berhorst | 1.2 | 588 | Revise opposition to motion for summary |
| 4/13/2020 | | Invoice=10942062 | | | judgment. |
| | | | | | |
| 3/31/2020 | 21524 | Sarah R. Holdmeyer | 2.5 | 877.5 | Continue drafting response to motion for |
| 4/13/2020 | | Invoice=10942062 | | | summary judgment; review multiple emails with |
| | | | | | counsel for the Wheatley Estate to attach as |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| | | | | | exhibits to the response. |
| | | | | | |
| 4/1/2020 | 21524 | Sarah R. Holdmeyer | 0.5 | 175.5 | Continue drafting response to motion for |
| 5/8/2020 | | Invoice=10948406 | | | summary judgment and draft affidavit in support |
| | | | | | of response. |
| | | | | | |
| 4/2/2020 | 21524 | Sarah R. Holdmeyer | 0.2 | 70.2 | Continue drafting declaration of Jennifer |
| 5/8/2020 | | Invoice=10948406 | | | Berhorst in support of opposition to motion for |
| | | | | | summary judgment and prepare exhibits to same. |
| | | | | | |
| 4/2/2020 | 20974 | Gregory J. Sachnik | 0.3 | 179.4 | Assess response to Estate's motion for summary |
| 5/8/2020 | | Invoice=10948406 | | | judgment with attached declaration and exhibits |
| | | | | | for compliance with local rules. |
| | | | | | |
| 4/2/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze documents filed in appeal by J. Ward. |
| 5/8/2020 | | Invoice=10948406 | | | |
| | | | | | |
| 4/2/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Revise affidavit in support of opposition to |
| 5/8/2020 | | Invoice=10948406 | | | motion for summary judgment. |
| | | | | | |
| 4/3/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client regarding status of |
| 5/8/2020 | | Invoice=10948406 | | | review of motion for summary judgment. |
| | | | | | |
| 4/3/2020 | 20974 | Gregory J. Sachnik | 0.4 | 239.2 | Review court and local rules in preparation for |
| 5/8/2020 | | Invoice=10948406 | | | submission of response on formal submission |
| | | | | | date for the motion. |
| | | | | | |
| 4/3/2020 | 21524 | Sarah R. Holdmeyer | 0.2 | 70.2 | Review proposed order denying motion for |
| 5/8/2020 | | Invoice=10948406 | | | summary judgment. |
| | | | | | |
| 4/3/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 1.5 | 317.25 | |
| 5/8/2020 | | Invoice=10948406 | | | Finalize opposition and proposed order and file |
| | | | | | documents with Court. |
| | | | | | |
| 4/6/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.7 | 148.05 | |
| 5/8/2020 | | Invoice=10948406 | | | File response in opposition to motion for |
| | | | | | partial summary judgment with exhibits and |
| | | | | | forward same to counsel. |
| | | | | | |
| 4/6/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Finalize response brief for submission. |
| 5/8/2020 | | Invoice=10948406 | | | |
| | | | | | |
| 4/21/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Strategize regarding potential postponement of |
| 5/8/2020 | | Invoice=10948406 | | | trial date. |
| | | | | | |
| 4/23/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze order setting briefing schedule. |
| 5/8/2020 | | Invoice=10948406 | | | |
| | | | | | |
| 4/23/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing parties regarding |
| 5/8/2020 | | Invoice=10948406 | | | status of dismissal of appeal. |
| | | | | | |
| 4/23/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review multiple minute orders and entries by |
| 5/8/2020 | | Invoice=10948406 | | | 5th Circuit Court of Appeals. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| 4/23/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.3 | 60 | Receipt and review of ECF notices and |
| 5/8/2020 | | Invoice=10948406 | | | distribution of same. |
| | | | | | |
| 4/24/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Communicate with opposing counsel regarding |
| 5/8/2020 | | Invoice=10948406 | | | non-opposition to motion to dismiss appeal |
| | | | | | without prejudice. |
| | | | | | |
| 4/24/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Conference with counsel for J. Ward regarding |
| 5/8/2020 | | Invoice=10948406 | | | dismissal of 5th Circuit appeal. |
| | | | | | |
| 4/24/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze motion to dismiss appeal filed by J. |
| 5/8/2020 | | Invoice=10948406 | | | Ward. |
| | | | | | |
| 4/24/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Correspondence with client regarding status of |
| 5/8/2020 | | Invoice=10948406 | | | appeal, pending motions and trial date. |
| | | | | | |
| 4/27/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with counsel for J. Ward |
| 5/8/2020 | | Invoice=10948406 | | | regarding amended motion to dismiss appeal. |
| | | | | | |
| 4/27/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Communicate with opposing counsel regarding |
| 5/8/2020 | | Invoice=10948406 | | | amended motion to dismiss. |
| | | | | | |
| 4/28/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Review multiple amendments to motion to |
| 5/8/2020 | | Invoice=10948406 | | | dismiss. |
| | | | | | |
| 4/28/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 0.5 | 100 | |
| 5/8/2020 | | Invoice=10948406 | | | Receipt and review of new ECF notices and |
| | | | | | distribute same. |
| | | | | | |
| 4/29/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review order dismissing appeal without |
| 5/8/2020 | | Invoice=10948406 | | | prejudice and denying alternative relief of |
| | | | | | stay. |
| | | | | | |
| 5/12/2020 | 21524 | Sarah R. Holdmeyer | 1 | 351 | Review various pending motions and develop to |
| 6/8/2020 | | Invoice=10955566 | | | determine settlement and/or trial strategy. |
| | | | | | |
| 5/12/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Correspondence with client regarding current |
| 6/8/2020 | | Invoice=10955566 | | | litigation status and prospects for settlement. |
| | | | | | |
| 5/13/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Correspondence with opposing counsel to discuss |
| 6/8/2020 | | Invoice=10955566 | | | case status and settlement. |
| | | | | | |
| 5/13/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Strategize regarding potential tactics to |
| 6/8/2020 | | Invoice=10955566 | | | achieve final resolution with J. Ward. |
| | | | | | |
| 5/13/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Telephone conference with client to discuss |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 6/8/2020 | | Invoice=10955566 | | | settlement strategy. |
| | | | | | |
| 5/13/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with local counsel regarding |
| 6/8/2020 | | Invoice=10955566 | | | status of Texas federal trials. |
| | | | | | |
| 5/13/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Draft email correspondence to opposing counsel |
| 6/8/2020 | | Invoice=10955566 | | | confirming settlement offer. |
| | | | | | |
| ███████ | ████ | ████████████ | ████ | ████ | ████████████████████ |
| ███████ | ████ | ████████████ | ████ | ████ | ████████████████████ |
| | | | | | |
| 5/13/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Strategize regarding trial setting including |
| 6/8/2020 | | Invoice=10955566 | | | review of local court advisories regarding |
| | | | | | COVID issues. |
| | | | | | |
| ███████ | ████ | ████████████ | ████ | ████ | ████████████████████ |
| | | | | | |
| 5/18/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze correspondence from opposing counsel |
| 6/8/2020 | | Invoice=10955566 | | | regarding decline of settlement offer. |
| | | | | | |
| 5/18/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Draft correspondence to client advising on |
| 6/8/2020 | | Invoice=10955566 | | | strategy for resolution of damages issues. |
| | | | | | |
| 5/20/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Draft correspondence to court clerk in response |
| 6/8/2020 | | Invoice=10955566 | | | to inquiry regarding trial. |
| | | | | | |
| 5/20/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Telephone conference with client to discuss |
| 6/8/2020 | | Invoice=10955566 | | | litigation strategy. |
| | | | | | |
| 5/20/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Telephone conference with counsel for Whealtey |
| 6/8/2020 | | Invoice=10955566 | | | Estate to discuss response to court inquiry. |
| | | | | | |
| ███████ | ████ | ████████████ | ████ | ████ | ████████████████████ |
| ███████ | ████ | ████████████ | ████ | ████ | ████████████████████ |
| | | | | | |
| 5/21/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client to provide update on |
| 6/8/2020 | | Invoice=10955566 | | | communication with court. |
| | | | | | |
| 5/26/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client regarding order |
| 6/8/2020 | | Invoice=10955566 | | | denying addition of counterclaim. |
| | | | | | |
| 5/26/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Correspondence with client regarding strategy |
| 6/8/2020 | | Invoice=10955566 | | | for summary judgment hearing. |
| | | | | | |
| 5/26/2020 | 10679 | Jennifer L. Berhorst | 0.3 | 147 | Analyze Court's order denying motion for leave |
| 6/8/2020 | | Invoice=10955566 | | | to add counterclaims. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| | | | | | |
| 5/26/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review court order denying Wheatly's motions to |
| 6/8/2020 | | Invoice=10955566 | | | amend and reopen discovery. |
| | | | | | |
| 5/26/2020 | 21524 | Sarah R. Holdmeyer | 0.3 | 105.3 | Review order denying several of the Estate's |
| 6/8/2020 | | Invoice=10955566 | | | motions. |
| | | | | | |
| 5/26/2020 | 9483 | Ann Woeppel | 0.2 | 47.6 | Prepare motion for pro hac admission for W. P. |
| 6/8/2020 | | Invoice=10955566 | | | Brandt. |
| | | | | | |
| 5/27/2020 | 10679 | Jennifer L. Berhorst | 3.3 | 1,617.00 | Prepare for hearing on the Wheatley Estate's |
| 6/8/2020 | | Invoice=10955566 | | | motion for summary judgment including review of |
| | | | | | all relevant pleadings and preparation of |
| | | | | | outline. |
| | | | | | |
| 5/27/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing counsel regarding |
| 6/8/2020 | | Invoice=10955566 | | | settlement. |
| | | | | | |
| 5/27/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Correspond with client regarding approval of |
| 6/8/2020 | | Invoice=10955566 | | | settlement strategy. |
| | | | | | |
| 5/27/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Strategize regarding renewed settlement |
| 6/8/2020 | | Invoice=10955566 | | | efforts. |
| | | | | | |
| 5/28/2020 | 10679 | Jennifer L. Berhorst | 1 | 490 | Prepare for and attend hearing on motion for |
| 6/8/2020 | | Invoice=10955566 | | | partial summary judgment and correspond with |
| | | | | | client regarding the same. |
| | | | | | |
| 5/29/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze settlement offer received from opposing |
| 6/8/2020 | | Invoice=10955566 | | | counsel and correspond with client regarding |
| | | | | | the same. |
| | | | | | |
| 6/2/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze minute entry entered by Court regarding |
| 7/8/2020 | | Invoice=10962054 | | | decision on motion for partial summary |
| | | | | | judgment. |
| | | | | | |
| 6/3/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review order on motion for summary judgment. |
| 7/8/2020 | | Invoice=10962054 | | | |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|------|----------|----------------------|-------|--------|-------------|
| 6/4/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Telephone conference with client to discuss |
| 7/8/2020 | | Invoice=10962054 | | | response to settlement offer. |
| | | | | | |
| 6/5/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Review minute order canceling bench trial. |
| 7/8/2020 | | Invoice=10962054 | | | |
| | | | | | |
| 6/10/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with counsel for the Wetly |
| 7/8/2020 | | Invoice=10962054 | | | Estate regarding status of provision of |
| | | | | | attorney bills to analyze settlement offer. |
| | | | | | |
| 6/18/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing counsel regarding |
| 7/8/2020 | | Invoice=10962054 | | | extension of time to serve attorneys' fee |
| | | | | | motion. |
| | | | | | |
| 6/19/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with counsel for J. Ward |
| 7/8/2020 | | Invoice=10962054 | | | regarding potential settlement of claims. |
| | | | | | |
| 6/19/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze memorandum filed by J. Ward regarding |
| 7/8/2020 | | Invoice=10962054 | | | finalization of attorneys' fee award prior to |
| | | | | | appeal. |
| | | | | | |
| 6/22/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Telephone conference with counsel for J. Ward |
| 7/8/2020 | | Invoice=10962054 | | | regarding settlement prospects. |
| | | | | | |
| 6/23/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with opposing counsel regarding |
| 7/8/2020 | | Invoice=10962054 | | | revision to minute entry related to dismissal |
| | | | | | of counterclaims. |
| | | | | | |
| 6/24/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Telephone conference with counsel for the |
| 7/8/2020 | | Invoice=10962054 | | | Wheatly Estate to discuss modification of |
| | | | | | minute entry related to partial summary |
| | | | | | judgment. |
| | | | | | |
| 6/25/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Analyze Wheatly Estate's motion for |
| 7/8/2020 | | Invoice=10962054 | | | reconsideration of Court's May 28, 2019 minute |
| | | | | | entry to determine whether to consent to |
| | | | | | motion. |
| | | | | | |
| 6/25/2020 | 10679 | Jennifer L. Berhorst | 0.2 | 98 | Draft correspondence to client regarding |
| 7/8/2020 | | Invoice=10962054 | | | attorney's fee motion and advise regarding |
| | | | | | response. |
| | | | | | |
| 6/25/2020 | 10679 | Jennifer L. Berhorst | 2 | 980 | Calculate reduced attorneys' fee sum through |
| 7/8/2020 | | Invoice=10962054 | | | detailed analysis of billing statements. |
| | | | | | |
| 6/25/2020 | 10679 | Jennifer L. Berhorst | 0.4 | 196 | Strategize regarding potential responses to |
| 7/8/2020 | | Invoice=10962054 | | | motion. |
| | | | | | |
| 6/25/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Analyze motion for attorneys fees and |
| 7/8/2020 | | Invoice=10962054 | | | supporting materials filed by the Wheatly |
| | | | | | Estate. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| | | | | | |
| 6/29/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Follow up with client regarding opposition to |
| 7/8/2020 | | Invoice=10962054 | | | motion to revise order. |
| | | | | | |
| 6/30/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Direct work on preparation of response to |
| 7/8/2020 | | Invoice=10962054 | | | Wheatly's attorney's fees motion. |
| | | | | | |
| 6/30/2020 | 21524 | Sarah R. Holdmeyer | 0.5 | 175.5 | Review the Wheatly Estate's motion for attorney |
| 7/8/2020 | | Invoice=10962054 | | | fees and develop strategy for responding to |
| | | | | | same. |
| | | | | | |
| 7/1/2020 | 21524 | Sarah R. Holdmeyer | 5.3 | 1,860.30 | Review cases cited in the Wheatley Estate's |
| | | | | | brief in support of its request for attorneys' |
| | | | | | fees (.8); additional research in preparation |
| | | | | | of drafting opposition to the Wheatley Estate's |
| | | | | | brief (1.2); begin drafting opposition to the |
| | | | | | Wheatley Estate's brief (2.9); prepare table of |
| | | | | | contents and appendix for opposition (.4). |
| | | | | | |
| 7/2/2020 | 10679 | Jennifer L. Berhorst | 0.6 | 294 | Revise opposition to Wheatley Estate's motion |
| | | | | | for attorneys fees. |
| | | | | | |
| 7/3/2020 | 20974 | Gregory J. Sachnik | 0.1 | 59.8 | Strategize for finalizing materials to be |
| | | | | | submitted to court. |
| | | | | | |
| 7/6/2020 | 20974 | Gregory J. Sachnik | 0.6 | 358.8 | Review response to Wheatley's claim for fees |
| | | | | | including revisions to draft order and finalize |
| | | | | | for submission to court. |
| | | | | | |
| 7/6/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Analyze notice of hearing received from court. |
| | | | | | |
| 7/6/2020 | 10679 | Jennifer L. Berhorst | 0.1 | 49 | Correspondence with client regarding final |
| | | | | | approval of opposition to Wheatley Estate's |
| | | | | | motion for attorney fees. |
| | | | | | |
| 7/6/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 1.8 | 360 | |
| | | | | | Finalize revisions to opposition; finalize |
| | | | | | appendix and exhibits; draft and finalize |
| | | | | | order; preparation of documents for submission |
| | | | | | to court; communication with attorneys |
| | | | | | forwarding conformed copy. |
| | | | | | |
| 7/7/2020 | 20974 | Gregory J. Sachnik | 0.2 | 119.6 | Review hearing transcript. |
| | | | | | |
| | | | | | |
| 7/9/2020 | 10679 | Jennifer L. Berhorst | 2.5 | 1,225.00 | Prepare for hearing on competing motions for |
| | | | | | attorneys' fees. |
| | | | | | |
| 7/9/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Argue motion for attorneys fees at hearing. |

EXHIBIT 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 7/9/2020 | 10679 | Jennifer L. Berhorst | 1.4 | 686 | Create factual timeline of relevant claims |
| | | | | | documentation in support of opposition to |
| | | | | | motion for reconsideration of dismissal of |
| | | | | | counterclaims. |
| | | | | | |
| 7/10/2020 | 10679 | Jennifer L. Berhorst | 0.6 | 294 | Begin drafting opposing to motion for |
| | | | | | reconsideration. |
| | | | | | |
| 7/10/2020 | 21524 | Sarah R. Holdmeyer | 0.2 | 70.2 | Develop strategy to opposing motion for |
| | | | | | reconsideration. |
| | | | | | |
| 7/13/2020 | 21524 | Sarah R. Holdmeyer | 3.7 | 1,298.70 | Research availability of attorneys' fee award |
| | | | | | for fees incurred for proceedings beyond |
| | | | | | initial interpleader action (1.2); continue |
| | | | | | drafting opposition to motion to revise order |
| | | | | | (1.8); prepare exhibits for opposition to |
| | | | | | motion to review order (.5); review proposed |
| | | | | | order denying motion to revise order (.2). |
| | | | | | |
| 7/13/2020 | 20974 | Gregory J. Sachnik | 0.3 | 179.4 | Review opposition to motion to modify and |
| | | | | | exhibits to ensure compliance with local rules. |
| | | | | | |
| 7/13/2020 | 10679 | Jennifer L. Berhorst | 0.5 | 245 | Begin drafting supplemental affidavit in |
| | | | | | support of motion for attorneys' fees. |
| | | | | | |
| 7/13/2020 | 10679 | Jennifer L. Berhorst | 3.5 | 1,715.00 | Complete draft of opposition to motion for |
| | | | | | reconsideration of dismissal of statutory |
| | | | | | attorneys' fees claim. |
| | | | | | |
| 7/13/2020 | 11546 | Guadalupe Rojas-Wiederaenders | 1.8 | 360 | |
| | | | | | Draft, revise and finalize proposed order |
| | | | | | regarding opposition to motion for revised |
| | | | | | order; preparation of exhibits; finalize |
| | | | | | revisions to order and opposition; finalize |
| | | | | | preparation of documents for submission to |
| | | | | | court. |
| Total Fees Invoiced from 9/1/2019 to 7/13/2020: | | | | 78206.95 | |
| Write-Off By Client: | | | | 15,000.00 | |
| Total Fee Request from 9/1/2019 to 7/13/2020: | | | | 63,206.95 | |

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:18-CV-02869 |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al. | ) ) ) | |
| Defendants. | ) ) | |

TABLE OF CONTENTS TO APPENDIX TO
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND SUGGESTIONS IN SUPPORT

*Coface N. Am. Ins. Co. v. Woodlands Export, LLC*
No. 4:15-CV-621, 2016 WL 4361462, at * 4-5 (S.D. Tex. Aug. 15, 2016) .................... **A-1 – A-5**

*Duncan v. OXY Srvs., Inc.*
No. H-05-1661, 2005 WL 8164431, at *2 (S.D. Tex. Dec. 27, 2005) ........................... **A-6 – A-8**

*Westlake Styrene, LLC v. U.S.*
No. H-10-2631, 2011 WL 643265, at *3-4 (S.D. Tex. Feb. 16, 2011) ......................... **A-9 – A-11**

Respectfully submitted this 14th day of July, 2020.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Jennifer L. Berhorst*
    Gregory J. Sachnik
    Texas Bar No. 17503800
    S.D. Texas No. 9757
    2200 Ross Avenue, Suite 3300
    Dallas, Texas 75201
    (214) 721.8000 – Telephone
    (214) 721.8100 – Fax
    E-Mail: Gregory.sachnik@bclplaw.com

602207928.1

*Admitted Pro Hac Vice:*

W. Perry Brandt
Missouri Bar No. 28292
Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO  64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
perry.brandt@bclplaw.com
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life
Insurance Company (U.S.A.)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JOHN HANCOCK LIFE INSURANCE** | ) | |
| **COMPANY (U.S.A.) f/k/a John Hancock** | ) | |
| **Life Insurance Company** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18-CV-02869** |
| | ) | |
| **THE ESTATE OF JENNIFER LAUREN** | ) | |
| **WHEATLEY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing **TABLE OF CONTENTS TO APPENDIX TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND SUGGESTIONS IN SUPPORT** via the Court's CM/ECF filing system which automatically sends a copy of same to counsel of record, as follows:

H. Clay Moore
4314 Yoakum Blvd., Suite 2E
Houston, TX 77006
moorelaw1@sbcglobal.net
*Attorney for Defendant Jeremy G. Ward*

M. Douglas Berry
Gabriel Berry & Weston L.L.P.
214 Commerce Place
Greensboro, NC 27401
dougberry@gblaw.com

Herbert A. Janzen
4301 Yoakum Boulevard
Houston, Texas 77006
herbjanzen.office@yahoo.com
*Attorneys for Defendant the Estate of Jennifer Lauren Wheatley*

Ariel N. Wiley
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002

Ariel.wiley@usdoj.gov
*Attorneys for Defendant USDOJ*

Respectfully submitted this 14th day of July, 2020.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Jennifer L. Berhorst*
Gregory J. Sachnik
Texas Bar No. 17503800
S.D. Texas No. 9757
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721.8000 – Telephone
(214) 721.8100 – Fax
E-Mail: Gregory.sachnik@bclplaw.com

*Admitted Pro Hac Vice:*

W. Perry Brandt
Missouri Bar No. 28292
Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO  64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
perry.brandt@bclplaw.com
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life
Insurance Company (U.S.A.)*

Case 4:18-cv-02869 Document 154-1 Filed on 07/14/20 in TXSD Page 40 of 50

Coface North America Insurance Company v. Woodlands..., Not Reported in...

2016 WL 4361462
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas, Houston Division.

Coface North America Insurance Company, Plaintiff,
v.
Woodlands Export, LLC, et al, Defendants.

CIVIL ACTION NO. 4:15-CV-621
|
Signed 08/15/2016
|
08/16/2016

**Attorneys and Law Firms**

David Alan Walton, Parsons McEntire McCleary & Clark, PLLC, Dallas, TX, for Plaintiff.

Nicole Ruble Metcalf, Michael Lee Knapek, Stephanie Collett Sparks, Jackson Walker LLP, Dallas, TX, John F. Carroll, Attorney at Law, San Antonio, TX, Jared A. Ullman, Michael W. Ullman, Ullman & Ullman, PA, Boca Raton, FL, for Defendants.

## ORDER AND OPINION

MELINDA HARMON, UNITED STATES DISTRICT JUDGE

*1 Before the Court is Plaintiff Coface North America Insurance Company's ("Coface's") Motion for Attorneys' Fees. (Document No. 46). None of the other parties in the case have filed a Response. Having considered Plaintiff's Motion and the applicable law, the Court concludes the Plaintiff's Motion is GRANTED.

## Background

Plaintiff filed its Complaint (Document No. 1) in interpleader against Defendants Woodlands Export, LLC ("Woodlands"), BBVA Compass Bank ("Compass"), as successor of Laredo National Bank ("LNB"), and DF Deutsche, pursuant to Federal Rule of Civil Procedure 22. Defendants presented conflicting claims "to all or part of the proceeds under trade credit insurance policy number E-4890294 [the "Policy"] issued by CofaceNA to Woodlands." (Document No. 27 at 1). Coface did not dispute that $2,700,000.00 plus applicable

interest [the "Policy Proceeds"] was due under the Policy, but stated that it was "unable to dis[bu]rse the Policy Proceeds without potentially exposing itself to duplicative claims or liabilities." *Id.* at 2. Therefore, Coface moved for leave to deposit the Policy Proceeds into the Court's registry, [1] and "request [ed] a discharge from liability as to the amounts deposited into the Court's registry, [ ] a dismissal from this action with prejudice, and [ ] an injunction against all competing claimants from commencing or prosecuting any claim or action against CofaceNA regarding the Policy Proceeds." *Id.* The Court granted Coface's Motion (Document No. 45) and ordered that Coface make an application requesting reimbursement of costs expended and reasonable attorneys' fees. Therefore Coface submitted its Motion for Attorneys' Fees, "seeking $54,910.28 in reasonable, equitable, and just attorney's fees and costs." (Document No. 46 at 1). Coface was represented by Beirne, Maynard & Parsons, LLP ("BMP"), which is located in Dallas, Texas. *Id.* at 9.

## Standard of Review

A district court has the authority and the discretion to award attorney's fees in successful interpleader suits to a disinterested stakeholder whenever it is fair and equitable to do so. *Rhoades v. Casey,* 196 F.3d 592, 603 (5th Cir. 1999), *cert. denied,* 531 U.S. 924 (2000) (citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983)). "[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder." *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1164 (5th Cir. 1976). *See also Helt v. Sambina Properties, Ltd.,* No. 4:15-CV-760, 2016 WL 3198623, at *5 (E.D. Tex. June 9, 2016). The fee is usually modest because "all that is necessary is the preparation of a petition, the deposit in the court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001) (hereinafter "*Federal Practice and Procedure* "). The Fifth Circuit requires only that the award be reasonable. *James Talcott, Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451, 468 (5th Cir. 1971). Commentators suggest five factors relevant to awarding fees in an interpleader case: (1) whether the case is simple; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the

Coface North America Insurance Company v. Woodlands..., Not Reported in...

Case 4:18-cv-02869 Document 154-1 Filed on 07/14/20 in TXSD Page 41 of 50

proceedings. *Royal Indem. Co. v. Bates*, 307 Fed.Appx. 801, 806 (5th Cir. 2009) (citing *Federal Practice and Procedure*, § 1719).

**\*2** "In an ordinary diversity case [such as this], awards of attorney's fees are governed by applicable state law." *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 (5th Cir. 1980) (citing *Alyeska Pipeline Service v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.")). "Texas interpleader law entitles an innocent stakeholder to recover its attorney's fees from the funds it deposits if it has a reasonable doubt with respect to which claimant is entitled to the fund." *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 139 (Tex. App. 2015) (citations omitted). "Texas courts look to many of the same factors as do the federal courts in making attorney-fee awards." *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 164 (5th Cir. 1994) (citing *Atlantic Richfield Co. v. Manges*, 702 F.2d 85, 87 (5th Cir. 1983)).

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," a sum commonly called the "lodestar." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant...should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). There is a strong presumption that the lodestar is a reasonable fee, and the fee applicant bears the burden of demonstrating that an upward adjustment by application of the *Johnson* factors is necessary to calculate a reasonable fee. *Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), *cert denied*, 516 U.S. 862 (1995).

A reasonable hourly rate is that rate in the community for such legal services rendered by attorneys of comparable skill, experience, and reputation. *Heidtman v. County of El Paso*, 171 F.3d 1039, 1043 (5th Cir. 1999); *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990). A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895-96 n.11. The fee applicant bears the burden of producing evidence that the requested rate is appropriate within the relevant community. *Condon v. Hunting Energy Services, L.P.*, Civ. A. No. H-04-3411, 2006 WL 2882857, at \*2 (S.D. Tex. Oct. 4, 2006).

In addition to the community rate, the district court must also consider the attorneys' regular rates. *Louisiana Power*, 50 F.3d at 328. Generally when an attorney's requested hourly rate is his customary rate, when it is within the range of prevailing market rates, and when the rate is not contested, it is viewed as *prima facie* reasonable. *Id.* at 329. To establish the reasonableness of his requested rate, the fee applicant should produce satisfactory evidence beyond his own affidavit "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896 n.11. Furthermore, the court may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *Davis v. Bd. of Sch. Comm'rs of Mobil County*, 526 F.2d 865, 868 (5th Cir. 1976).

**\*3** The court must determine whether the hours expended by the prevailing party's counsel were "reasonably expended," both as to the total number of hours claimed and the specific hours claimed. *Condon*, 2006 WL 2882857, at \*2 (citing *Louisiana Power*, 50 F.3d at 329). The fee applicant bears the burden of showing that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437. Compensable hours, reasonably spent, are determined from the attorney's contemporaneous time or billing records or other documentation which the district court must examine to discern which hours are compensable and which are not. *Id.* at 434; *Louisiana Power*, 50 F.3d at 324.

The fee applicant should exercise "billing judgment" and keep billing time records in a way that enables the reviewing court to "identify distinct claims." *Hensley*, 461 U.S. at 437. *See also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (An applicant for fees must submit documentation, e.g., contemporaneous billing records or detailed invoices or affidavits, to permit the court to identify noncompensable hours and to determine an appropriate amount of fees.). Counsel must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary...." *Id. See also Saizan v. Delta*

Coface North America Insurance Company v. Woodlands..., Not Reported in...

Case 4:18-cv-02869 Document 154-1 Filed on 07/14/20 in TXSD Page 42 of 50

*Concrete Products Company*, 448 F.3d 795, 799 (5th Cir. 2006) ("[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." [footnotes omitted] ); *Louisiana Power*, 50 F.3d at 324-25 ("[T]he documentation must be sufficient for the court to verify that the applicant has met its burden....[A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*....Failing to provide contemporaneous billing statements does not preclude an award of fees per se as long as the evidence produced is adequate to determine reasonable hours.").

In determining what is a reasonable fee, the courts in the Fifth Circuit must consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989) (holding that a fee award under § 1988 should not be capped by a contingent fee agreement between the attorney and his client). The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.[2]

**\*4** While the lodestar is relevant to determining a fee award, it is not the sole basis for determining that award; the *Johnson* factors are applicable to deciding whether the lodestar is reasonable, as well as to adjusting that award by a multiplier once the lodestar is calculated. *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986) ("The time and hours spent on a case are a necessary ingredient in determining a fee award, but they should not be the sole basis for determining a fee. The *Johnson* factors govern the determination of reasonableness itself; they are not merely

factors to be considered in adjusting the award once the lodestar is calculated.") (citing *Johnson*, 488 F.2d at 717).

As noted, based on one or more *Johnson* factors, the court may apply a multiplier to adjust the lodestar up or down if that factor or factors are not already taken into account by the lodestar, itself. *Strong*, 137 F.3d at 850. An adjustment may only be made if the *Johnson* factor has not already been accounted for in the lodestar. *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994), *cert. denied*, 511 U.S. 1143 (1994); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) ("[T]he district court must be careful...not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments."), *cert. denied*, 510 U.S. 991 (1993).

Four of the *Johnson* factors are presumably included in the lodestar calculation: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation. *Blum*, 465 U.S. at 898-99; *Shipes*, 987 F.2d at 320. "Although upward adjustments of the lodestar figure based on these factors are still permissible, such modifications are proper only in certain rare and exceptional cases supported by specific evidence on the record and detailed findings by the lower courts." *Id.* The Fifth Circuit has also held that two other factors, time limitations imposed by the client or the circumstances and preclusion of other employment, are generally subsumed in the lodestar calculation, too. *Shipes*, 987 F.3d at 321-22; *Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

### Discussion

*Interpleader Factors*
The Court finds that Coface should receive attorneys' fees pursuant to the "general rule" in interpleader cases. *Murphy*, 534 F.2d at 1164. Furthermore, the factors typically weighed in awarding fees in an interpleader suit suggest that Coface should receive fees. Although the case was simple, did not involve unique services, and ultimately provided benefits to Coface, factors (3) and (5) strongly weigh in favor of awarding fees. Coface made reasonable, good faith efforts to determine the rights of the competing claimants to the Policy Proceeds. (Document No. 46 at 3). Furthermore, claimant DF Deutsche improperly protracted the proceedings by filing an inconsistent Response to Coface's Motion to Dismiss (Document No. 34), and protracted the proceedings by filing

Coface North America Insurance Company v. Woodlands..., Not Reported in...

Case 4:18-cv-02869 Document 154-1 Filed on 07/14/20 in TXSD Page 43 of 50

counterclaims against Coface which were not supported by law. (*See* Court's Order and Opinion, Document No. 45).

### Hourly Rate

Coface has suggested hourly rates of $365 for David Walton (a partner with 12 years of experience), $315 for Robert Rosen and Sarah Sparling (associates with experience of 8 and 6 years, respectively [3] ), and $115 for Candy Ryan (a legal assistant [4] with 26 years of experience). (Document No. 46 at 10). The Motion also states that these rates "are the regular hourly rates for the BMP attorneys and legal assistance," and cites several cases for the proposition that these rates are within the range of prevailing market rates. *Id.* at 10-11. *See Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) ("reduced hourly rates of $577.50, $542.50, and $280 were reasonable, customary rates"); *Rouse v. Target Corp.*, No. 3:15-CV-48, 2016 WL 319871, at *3 (S.D. Tex. Jan. 26, 2016) ($500 per hour rate was reasonable for partner with over 21 years of experience in labor and employment law, and $300 per hour was reasonable for associate with just 2 years of experience); *Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *5 (S.D. Tex. June 25, 2013) ("$407.03/hour for partners, $224.27/hour for associates, and $132.84/hour for legal assistants [was] reasonable in the Houston market" for breach of contract case); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012) ($350/hour reasonable for partner with eighteen years of experience, and $125/hour reasonable for a paralegal); *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-CV-1556-B, 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011) ("In other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners.") (citing cases). Given that these rates are customary for these attorneys, fit within the range allowed by recent case law, and are not contested by any other party, the Court finds that these rates are reasonable. *Louisiana Power*, 50 F.3d at 329 ("Generally when an attorney's requested hourly rate is his customary rate, when it is within the range of prevailing market rates, and when the rate is not contested, it is viewed as *prima facie* reasonable.").

### Hours Expended

**\*5** Plaintiff has included extensive records of the hours spent on this case. (Document No. 46-1). Plaintiff states that "approximately 143 hours were spent to bring this interpleader action, to participate in discovery and motion practice, to be dismissed with prejudice upon depositing

the amounts in the Court's registry, and to receive an injunction against all competing claimants from commencing or prosecuting any claim or action against CofaceNA regarding the policy proceeds." (Document No. 46 at 12). Specifically, 49.70 hours were spent on pleadings, 15 hours were spent on pretrial, 32.30 hours were spent on motion practice, and 46.10 hours were spent on discovery. *Id.* Walton spent 91.30 hours on the case, Rosen spent 37.30, Sparling spent 5.80, and Ryan spent 8.60. *Id.* at 13. The Court has examined the billing time records, and believes that Plaintiff has met its burden in demonstrating that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437.

### Johnson Factors

Plaintiff does not request an adjustment to the lodestar based upon these factors, but the Court must still weigh the *Johnson* factors in determining whether the fee is reasonable. The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. However the Court will not weigh factors (2), (3), (4), (7), (8), and (9) because they are presumably included in the lodestar calculation. *Blum*, 465 U.S. at 898-99; *Shipes*, 987 F.2d at 320-2; *Heidtman*, 171 F.3d at 1043.

(1) As discussed above, the Court believes that the hours claimed were reasonable. (5) Customary fees for the attorneys were also discussed above. (6) The fee in this case was hourly. (10) No "undesirability" of the case is alleged here. (Document No. 46 at 18). (11) BMP has represented Coface since 2012. *Id.* (12) Coface states that it is not aware of awards made in similar litigation within and without the Court's circuit. *Id.* However the Court has found information on awards in other interpleader cases. *See Rhoades*, 196 F.3d at 603 (affirming award of $23,951); *James Talcott*, 444 F.2d at 451 (affirming award of $25,000); *Massachusetts Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 642 (S.D. Tex. 2011) (awarding $20,392.11); *Amlin Corp. Member, Ltd. v. Logistics Grp. Int'l, Inc.*, No. CIV.A. H-09-2695, 2011 WL 1044048, at *6 (S.D. Tex. Mar. 17, 2011) (noting that Court

previously awarded interpleader plaintiff $16,216.69 in fees). Although these awards are lower than the amount requested by BMP, some of these cases are much older, and, as discussed above, DF Deutsche added unnecessarily to BMP's workload, requiring BMP to spend more hours than is typical for an interpleader case.

The Court finds that none of these factors weigh heavily in favor of an increase or decrease to the lodestar calculation, and that they generally suggest that the calculation is reasonable.

### Costs

Coface requests $5,412.28 in costs. (Document No. 46 at 2). Coface does not detail these costs in its Motion, but review of the billing records submitted suggests these costs include items such as copying, delivery services, subpoena fees, printing, research, court fees, litigation support vendors, and travel. (Document No. 46-1 at 18, 23, 48). These costs appear to be reasonable, and therefore the Court finds that it is fair and equitable to award them. *Rhoades,* 196 F.3d at 603.

### Conclusion

**\*6** The court has reviewed Walton's affidavit relating to its costs and fees and finds that the hours expended, the billing rate, and the expenses are reasonable. The court hereby

GRANTS Plaintiff's Motion (Document No. 46) and AWARDS Plaintiff $54,910.28 in attorneys' fees and expenses, which shall be paid from the policy proceeds that are in the court's registry.

SIGNED at Houston, Texas, this 15th day of August, 2016.

### All Citations

Not Reported in F.Supp.3d, 2016 WL 4361462

### Footnotes

1   Coface deposited the funds into the Court's Registry on February 29, 2016.

2   Similarly, Texas courts determine reasonableness by applying the *Arthur Andersen* factors. These factors are:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood...that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the expertise, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.
*Preston Expl. Co., LP v. GSP, LLC,* No. CIV.A. H-08-3341, 2013 WL 3229678, at *2-3 (S.D. Tex. June 25, 2013) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997)).

3   In his affidavit, Walton states that both associates have been licensed to practice law in Texas since 2007. (Document No. 46-1 at 2). It is unclear which statement is correct, but the fact that both are billed at the same rate seems to suggest they have the same amount of experience.

4   Work by paralegals may only be recovered to the extent that it is similar to that typically performed by attorneys; otherwise it is an unrecoverable overhead expense. *Coleman v. Houston Independent School District,* 202 F.3d 264 (5th Cir. 1999) (citing *Allen v. United States Steel Corp.,* 665 F.2d 689, 697 (5th Cir. Unit B 1982)). The Court has reviewed the work billed by Ryan and believes it to be "similar to that typically performed by attorneys." *Id.*

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 8164432
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas, Houston Division.

Beverly Ann DUNCAN, Plaintiff,
and
Tamara Duncan, Intervenor,
v.
OXY SERVICES, INC. and Occidental
Petroleum Corp., Defendants.

Civil Action No. H-05-1661
|
Signed 12/27/2005

**Attorneys and Law Firms**

Frank Bennett Harvie, Jr., Patrick Aaron Huzinec, Novelli
Harvie et al, Houston, TX, for Plaintiff.

Jason Andrew Cox, Tammy C. Manning, Galligan and
Manning, Houston, TX, for Intervenor.

**ORDER GRANTING ATTORNEYS' FEES**

Nancy F. Atlas, United States District Judge

*1 Defendants Oxy Services, Inc. and Occidental Petroleum
Corporation have filed a Fee Petition [Doc. # 32] requesting
approximately $30,000 in attorneys' fees and expenses to
be paid from the $252,647.47 Defendants interpleaded in the
Court's Registry pending determination of competing claims
filed by Plaintiff Beverly Ann Duncan and Intervenor Tamara
Duncan. Intervenor objects [Doc. # 40] to Defendants' Fee
Petition on the grounds that it is untimely and, alternatively,
that the fees and costs requested were unnecessary,
inequitable and unfair. Intervenor requests further that if the
Court assesses any fees, they should be assessed solely against
Plaintiff. Plaintiff has not responded to the Fee Petition.

The Court carefully has considered Defendants' Fee Petition,
supporting affidavits and other data and exhibits, Intervenor's
objection, Defendants' reply to that objection [Doc. # 42], as
well as all other matters of record in this case. The Court finds
that many of the hours expended fees were warranted and an
award of $20,000 is appropriate. This sum will be deducted
from the interpleaded funds. Taxable costs shall be paid by

Plaintiff. All other costs and expenses shall be borne by the
party incurring same.

Intervenor first objects that the Fee Petition was untimely.
This objection is rejected as entirely unfounded. The Court's
Order directing the filing of the Fee Petition (the "Order")
was entered on the docket of this case on September 27, 2005
[Doc. # 27].[1] Defendant's Fee Petition was filed timely on
October 11, 2005, fourteen days from the entry of the Order,
as directed.

The Court turns to the Fee Petition and Intervenor's more
substantive objections. "A district court has the authority
to award reasonable attorney's fees in interpleader actions."
*Rhodes v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (citing
*Corrigan Dispatch Company v. Casa Guzman, S.A.*, 696 F.2d
359, 364 (5th Cir. 1983)). "The award of attorney's fees is
in the discretion of the district court, and fees are available
when the interpleader is a disinterested stakeholder, and is
not in substantial controversy with one of the claimants."
*Id.* (citing *Phillips Petroleum Company v. Hazlewood*, 534
F.2d 61, 63 (5th Cir. 1976)). Defendants are pure stakeholders
in this case. Although Defendants were sued by Plaintiff,
Defendants did not take sides for or against her in the dispute
with Intervenor.[2] Defendants simply sought to provide the
appropriate forum for resolution of the competing claims for
the ERISA plan benefits in issue. Defendants thus are entitled
to reasonable and necessary attorneys' fees.

*2 Typically, attorneys' fee requests in the Fifth Circuit are
governed by a "lodestar" analysis whereby the party seeking
fees must show the "reasonableness" and necessity of (1)
the number of hours expended to adjudicate the dispute, and
(2) the proponent's hourly rate. *Riley v. City of Jackson,
Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *accord Heidtman
v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
Once the court identifies the lodestar figure, it then must set
the award based on further analysis of the factors set out in
*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th
Cir. 1974).[3] After making the lodestar calculation, the district
court may decrease or enhance the lodestar figure based on
the relative weights of the twelve factors set forth in *Johnson
v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th
Cir. 1974). *See Heidtman*, 171 F.3d at 1043 (citing *Shipes
v. Trinity Industries*, 987 F.2d 311, 319-20 (5th Cir. 1993)).
The lodestar may not be adjusted due to a *Johnson* factor,
however, if the creation of the lodestar award already took that
factor into account. *Id.* Such reconsideration is impermissible
double-counting. *Id.*

More hours were necessary and reasonable in this interpleader case than the typical interpleader litigation. Many of the issues raised by Plaintiff and Intervenor, which Defendants had to address, were unfounded. By way of example, Plaintiff objected to this Court's jurisdiction and sought remand of this case to state court. After receiving Defendants' opposition to the remand motion and some negotiation, Plaintiff withdrew her motion. Plaintiff for some unknown reason insisted on responses from Defendants to broad requests for discovery. Plaintiff did not cooperate in drafting the interpleader order. Plaintiff failed to take the lead, as appropriate, in preparing the draft scheduling order for the initial pretrial conference, leaving the task to Defendants' counsel. It was Defendants that brought Intervenor into this litigation. For some time, Intervenor inexplicably refused to agree to interpleading the contested funds. [4] Defendants thus needed to address numerous issues that do not typically arise in an interpleader action. Defendants' pleadings substantially assisted the Court and were informative, well-reasoned, and concise. The authorities cited were apt.

The Court notes, however, that there appears to have been an enormous number of communications between defense counsel and their clients. The hours expended drafting certain relatively straightforward pleadings, such as the proposed interpleader order, appear to exceed the norm. Also, most of the issues were not novel or particularly difficult and, for the most part, did not require highly skilled counsel. While the rates charged by counsel and their legal assistant are not unreasonable for persons of comparable skill in the Houston legal community, there is an issue as to whether so much of the work had to be performed by such senior attorneys.

In a different vein, reimbursement for a portion of the legal research hours appears unreasonable because that portion of the research appears to have been associated with basic administration of the ERISA plan, not with issues raised by the competing claimants in this litigation, i.e., which of decedent Duncan's two putative wives was entitled to the ERISA benefits. The Court cannot ignore that an ERISA plan administrator has a contractual duty to attempt to resolve core issues raised in the course of plan administration, which issues include taxability of benefits, alternative financial vehicles by which to transfer benefits to beneficiaries, and preliminary analysis of competing claims interposed by heirs or relatives

of plan participants. Finally, the Court is unpersuaded that Defendants are entitled to recover attorneys' fees for time spent preparing a fee application. Thus, Defendants must bear some portion of the burden of the legal costs.

**\*3** Under all the facts and circumstances presented, the Court concludes that Defendants are entitled to recover $20,000 in attorneys' fees and the fees should be paid from the interpleaded funds. [5] The Court recognizes that this result may pose an arguable inequity to the extent Intervenor, who is entitled to the plan benefits, will have to bear the burden of this fee award when it was not her conduct that caused many of the hours and fees incurred. Nevertheless, to prevail, Intervenor needed the Court's determination regarding the proper distribution of funds and the Court could not do so until the case was in the appropriate posture.

Because Plaintiff initiated this action and did not prevail on any issues, Plaintiff shall bear the taxable costs of this suit, which shall be determined in accordance with 28 U.S.C. § 1920. All other costs shall be borne by the party incurring same. It is therefore

**ORDERED** that Defendants' Fee Petition is **GRANTED** in part. It is further

**ORDERED** that Defendants are **AWARDED** $20,000 in attorneys' fees which shall be paid from the monies in the Court's Registry for this case. It is further

**ORDERED** that Plaintiff shall pay the taxable costs of court in this case. All other expenses shall be borne by the party incurring same. It is further

**ORDERED** that, after the $20,000 in attorneys' fees has been paid to Defendants, all remaining interpleaded principal and interest shall be disbursed for the benefit of Intervenor Tamara Duncan by check payable to Pershing, L.L.C., 11140 Rockville Pike, 4th Floor, Rockville, MD 20852-3144. The check shall be delivered to Tammy Manning, 802 W. Alabama, Houston, Texas, 77006, counsel for Intervenor.

### All Citations

Slip Copy, 2005 WL 8164432

Footnotes

1    The Court signed the Order on September 21, 2005, but it was not docketed for six days, until September 27. This type of delay is the reason that the Court measures time for actions by parties from "entry" of orders on the official docket, not from the date an order is signed.

2    *See, e.g.*, Defendant OXY INC.'s Unopposed Motion for Leave to File Counterclaim for Interpleader [Doc. # 16]; Defendant OXY INC.'s Counterclaim for Interpleader [Doc. #17]; Motion for Summary Judgment [Doc. # 24] filed by Tamara Duncan; Response to Motion for Summary Judgment [Doc. # 28] filed by Beverly Ann Duncan.

3    The *Johnson* factors are:

      1. The time and labor required;

      2 The novelty and difficulty of the questions presented;

      3. The skill requisite to properly perform the legal services;

      4. Preclusion of other employment by the attorney due to acceptance of the case;

      5. The customary fee;

      6. Whether the fee is fixed or contingent;

      7. Time limitations imposed by the client;

      8. The amount involved and the results obtained;

      9. The expertise, reputation and ability of attorneys;

      10. The undesirability of the case;

      11. The nature and length of the professional relationship with the client;

      12. Awards in similar cases.

    *Id.* at 717-19.

4    Defendants also addressed issues involving a life insurance policy provided by or through Defendants to the decedent.

5    The Court has considered all other *Johnson* lodestar factor; the record does not contain probative information on the remaining factors and they do not affect the fee determination.

---

**End of Document**                                   © 2020 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 643265
Only the Westlake citation is currently available.
United States District Court,
S.D. Texas,
Houston Division.

WESTLAKE STYRENE, LLC, Plaintiff,
v.
UNITED STATES of America, et al., Defendants.

Civil Action No. H–10–2631.
|
Feb. 16, 2011.

**Attorneys and Law Firms**

Stephen H. Lee, Porter Hedges LLP, Houston, TX, for Plaintiff.

Thomas M. Herrin, Department of Justice, Dallas, TX, Lisa Ann Powell, Jackson Walker LLP, Houston, TX, W. Fulton Broemer, Broemer & Asoc LLC, Houston, TX, Charles Bennett Mitchell, Jr., Brown Doon, et. al., Fort Worth, TX, Christopher Michael Portner, Reaud Morgan et. al., Beaumont, TX, for Defendants.

**MEMORANDUM AND ORDER**

GRAY H. MILLER, District Judge.

 *1  Before the court in this interpleader action is a motion by plaintiff Westlake Styrene, LLC ("Westlake"), asking that it be discharged with prejudice from this lawsuit upon payment of the disputed funds ("Fund") into the court's registry. Dkt. 21. After review of the motion, the responses, the reply, and the applicable law, the motion is GRANTED IN PART AND DENIED IN PART. Westlake will be permitted to pay the Fund into the registry of the court, and is DISMISSED from this lawsuit. No party will be able to file any further claims against the Fund.

**BACKGROUND**

Westlake filed an original interpleader petition in the 269th Judicial District of Harris County, Texas, on June 29, 2010, alleging that it had settled a lawsuit whereby it agreed to pay $1,490,000 to Compass Bank and/or Quality

Contract Services, Inc. ("Quality"). Dkt. 1–1. However, due to competing claims to any monies due and owing to Quality, Westlake sought to pay the Fund into the court registry and sought an order dismissing it from the action. *Id.*

The United States of America removed the matter to this court on July 23, 2010, on the basis that the claim asserted by the Internal Revenue Service ("IRS") to the Fund invokes this court's federal question jurisdiction. Dkt. 1. Defendant Louisiana Crane filed its answer on July 30, 2010, and asserted that it had a priority right to the Fund, although it did not assert a counterclaim against Westlake. Dkt. 8.

Westlake now seeks an order permitting it to pay the Fund into the registry of the court, and discharging it from this suit with prejudice. Dkt. 21. Westlake seeks to be relieved of "any and all liability to the Claimants with respect to the subject matter of this interpleader action...." *Id.* at 7–8. Defendants Compass Bank and the United States do not oppose the relief sought by Westlake. Dkts. 22, 23.

Louisiana Crane objects to Westlake's motion, and asserts that Westlake, along with Quality, improperly settled the underlying state court litigation without either obtaining Louisiana Crane's consent, or ensuring that a judgment Louisiana Crane obtained in Louisiana state court would be satisfied. Dkt. 24 at 5–6. Louisiana Crane contends that if it does not recover the full amount of its judgment from the Fund [1], it will assert a counterclaim against Westlake based upon Louisiana law.

**I. Interpleader.**

A traditional interpleader suit is an equitable action involving a disinterested plaintiff-stakeholder who either is, or may be, exposed to multiple liability or multiple litigation over an identifiable fund to which there are two or more mutually inconsistent claims. *Hussain v. Boston Old Colony Ins. Co.,* 311 F.3d 623, 631 (5th Cir.2002). The purpose of interpleader is to enable the plaintiff, who is also the stakeholder, to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing." *Hussain,* 311 F.3d at 631 (citing *Texas v. Florida,* 306 U.S. 398, 412 (1939)); *White v. FDIC,* 19 F.3d 249, 251 (5th Cir.1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund").

**\*2** Courts possess broad discretion in interpleader actions. *Rhoades v. Casey,* 196 F.3d 592, 600–601 (5th Cir.1999). An interpleader action typically proceeds in two stages. First, the court decides whether the requirements for an interpleader action have been met by determining if there is a single fund at issue with more than one adverse claimant to that fund. *Id.* In this case, all parties concede that the elements of an interpleader action have been met. Second, if the court finds the interpleader action has been properly brought, it will then make a determination of the respective rights of the claimants. *Id.* The parties have not yet reached the second stage, but are now involved in a dispute concerning Westlake's status in this matter.

A stakeholder lacking an interest in the fund should be discharged from the action upon payment of the fund into the court registry. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2010) ("When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested"). However, there is nothing preventing a party from asserting a counterclaim against a stakeholder in an interpleader action. "Once the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 881 (5th Cir.1998). In fact, a counterclaim in an interpleader action may be compulsory if it arises from the same "transaction or occurrence" and could be subject to dismissal if not timely asserted. *Deshotel,* 142 F.3d at 882 (dismissing claim against insurer for negligence in processing change of beneficiary form on basis it was compulsory counterclaim in interpleader action). The assertion of a counterclaim against a stakeholder is an appropriate basis for denying discharge. *See Allstate Life Ins. v. Short,* 2005 WL 1972551 (S.D.Ohio, Aug.12, 2005) (stakeholder not discharged on basis of counterclaim for independent liability against insurer for negligent loss of change of beneficiary form). This is not to say, however, that all counterclaims against stakeholders are appropriate. Claims against a stakeholder that are not independent of the interpleaded fund, such as a claim that the stakeholder should have paid the fund to a particular claimant rather than seek interpleader, are routinely dismissed because they would deprive the stakeholder of the intended benefit of an interpleader action. *Met. Life Ins. Co. v. Barretto,* 178 F.Supp.2d 745, 747–48 (S.D.Tex.2001). Counterclaims that assert liability on the part of the stakeholder independent

of the counterclaimant's rights to the disputed fund can, however, be asserted. *E. g., Deshotel,* 142 F.3d at 882.

**II. Analysis**

The parties here do not contest the propriety of the interpleader action in this case. Westlake has possession of the Fund, there are competing claims to the Fund, and Westlake itself has no such claim. Therefore, the first stage of the analysis is quite simple. Westlake has satisfied the requirements for filing an interpleader action, and it will be permitted to pay the Fund into the registry of the court.

**\*3** The dispute in this matter is with respect to Westlake's status in this case going forward. As noted above, a stakeholder with no interest in the fund at issue is normally discharged from the suit, and the claimants are left to litigate their competing claims. The only party objecting to Westlake's motion seeking discharge in this matter is Louisiana Crane. More specifically, Louisiana Crane argues that, should it not obtain full satisfaction of its claim from the interpleaded funds, then Westlake would be independently liable for any shortfall.

There is, however, no counterclaim asserted against Westlake in this case by any defendant. Indeed, Louisiana Crane's argument appears to be that it *might* choose to file such a counterclaim in the future. Louisiana Crane's potential claim against Westlake is not properly before the court for decision at this time.[2] While the court has authority to deny discharge to a stakeholder against whom a counterclaim **has** been asserted, it is unaware of any case supporting the proposition that a stakeholder with no interest in the interpleaded funds should be denied discharge on the basis of a potential counterclaim.[3] Accordingly, Westlake will be permitted to pay the Fund into the registry of the court and it will be dismissed from this case.

**III. Attorneys fees.**

An award of costs and reasonable attorneys' fees in an interpleader action is within the discretion of the court. *Rhoades v. Casey,* 196 F.3d at 603. In fact, "costs and attorney's fees are generally awarded by federal courts to the plaintiff who initiated the interpleader as a mere stakeholder ...." *Mass. Indem. & Life Ins. Co.,* 700 F.Supp. 307 (M.D.La.1988) (citing *Perkins State Bank v. Connolly,* 632 F.2d 1306 (5th Cir.1980)). A stakeholder should be denied costs and fees only when it was "in substantial

controversy with one of the claimants" and, hence, was not "disinterested." *Rhoades v. Casey,* 196 F.3d at 603.

Here, the only controversy has been between Westlake and Louisiana Crane, and it involves a potential counterclaim that has not been pleaded. The court finds that this is not a substantial controversy for purposes of Westlake's request for costs and attorneys fees. Westlake is a disinterested shareholder with respect to the fund, and to the claims that are before the court. Westlake's request for attorneys' fees and costs is GRANTED.

Attorneys' fees and costs "are generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it." *Septembertide Pub., B.V. v. Stein and Day, Inc.,* 884 F.2d 675, 683 (2d Cir.1989) (citing *Prudential Ins. Co. of Am. v. Boyd,* 781 F.2d 1494, 1497–98 (11th Cir.1986)). Here, the only impediment to this case proceeding as a "normal" interpleader action, with Westlake paying the funds into the court and then being discharged, has been Louisiana Crane's insistence that Westlake should not be dismissed because of a counterclaim that Louisiana Crane has prevented this court from addressing by not asserting it. If Louisiana Crane has a ripe counterclaim, it ought to have been raised. If it does not, it should not have engaged the parties and the court in unnecessary motions practice.

**\*4** Westlake's attorneys' fees and costs should, therefore, be paid as follows: (1) all sums associated with the initial filing of this interpleader action shall be paid from the Fund; and (2) all costs and fees associated with the filing the motion to dismiss (Dkt.21) and related pleadings shall be paid by Louisiana Crane.

## CONCLUSION

No party objects to the motion seeking to have the funds held by Westlake deposited into the court's registry. Thus, Westlake is authorized to pay the fund into the registry of the court and, upon such payment, is DISCHARGED from this suit. The parties are ENJOINED from filing any claims against the Fund in any other court. The court declines to rule prospectively on the viability of any claim that Louisiana Crane may or may not choose to assert in the future.

Westlake shall file a statement of its attorneys' fees and expenses on or before February 28, 2011, in accordance with the above ruling. Objections to the statement of fees, if any, shall be filed on or before March 7, 2011.

Signed at Houston, Texas on February 16, 2010.

## All Citations

Not Reported in F.Supp.2d, 2011 WL 643265

## Footnotes

1   The total claims against the $1,490,000 fund in this case amount to more than $13,000,000.

2   As Circuit Judge Garza recently noted, "[f]ederal courts are only permitted to rule upon an actual 'case or controversy,' and lack jurisdiction to render merely advisory opinions beyond the rulings necessary to resolve a dispute." *Whitehouse Hotel Ltd. Partnership v. C.I.R.,* 615 F.3d 321, 343 (5th Cir.2010).

3   And, for that matter, a potential counterclaim that may be barred for one or more reasons if and when it is asserted. This same lack of a justiciable controversy also prevents the court from ruling on Westlake's motion to the extent it seeks to adjudicate a claim that has not been pleaded.

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.