IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) f/k/a John Hancock Life Insurance Company    Plaintiff,    v.  THE ESTATE OF JENNIFER LAUREN WHEATLEY, et al.    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:18-CV-02869 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING PENDING MOTIONS**

Plaintiff John Hancock Life Insurance Company, (U.S.A.) f/k/a Manufacturers Life Insurance Company ("John Hancock") provides the following additional argument regarding the pending motions for attorneys' fees by John Hancock and by defendant the Estate of Jennifer Wheatley ("Wheatley Estate"):

**A.  The Wheatley Estate Can Only Recover Attorneys' Fees For Its Efforts To Recover The $16,069.94, Which Is The Entire Subject of Its Remaining Counterclaims.**

There are only two possible bases on which the Wheatley Estate could recover a portion of its attorneys' fees: (1) Section 38.001 of the Texas Civil Practices and Remedies Code; or (2) Section 342.060 of the Texas Insurance Code. In either instance, the recovery of fees should be limited to those reasonably necessary for the successful pursuit of its counterclaims only, and not its defense of the underlying interpleader claim.

The Texas Civil Practice and Remedies Code permits the recovery of reasonable attorneys' fees to a prevailing party of a claim for breach of contract. *See* Tex. Civ. Prac. & Rem. § 38.001(8). However, Section 38.006 provides that the recovery of attorneys' fees to a

prevailing party does not apply to a contract issued by an insurer that is subject to the provisions of Chapters 542, Subchapter B of the Insurance Code (i.e. the section which is the basis for the Wheatley Estate's Count IV) because Subchapter B provides for separate attorney fee recovery. *See id.* at § 38.006. The purpose of Section 38.006 is to exclude fee awards on those actions for which attorneys' fees are already recoverable under a provision of the Insurance Code. *See American Motorists Ins. Co. v. Occidental Chemical Corp.*, 16 S.W. 3d 140, 146 (Tex. Ct. App. 2000). Here, since the subject of the breach of contract counterclaim and the claim under Chapter 542 of the Insurance Code (the recovery of the $16,069.94) are the same, only one recovery of attorneys' fees is permitted. Thus, if the Court revives and awards judgment in favor of the Wheatley Estate on Count IV of their Counterclaim for statutory interest and attorneys' fees under Chapter 542, the Wheatley Estate is not entitled to an award of attorneys' fees under Section 38.001.

In either instance, the Court should limit any attorneys' fee award to those fees that were "reasonable and necessary" to recover the amount of the "claim" at issue. The "claim" can only relate to the annuity payments that were paid to Defendant Ward for the months of November 2018 through July 2019. Those were the funds that were not interplead by John Hancock and the Wheatley Estate claims were not timely paid. All other funds that accrued and were due under the Annuity (beginning with the August 2019 payment) were timely (the interpleader case was filed on August 20, 2018 just weeks after the August payment became due) and properly interplead into the Court.

The Wheatley Estate is not entitled to recover fees related to its effort for an award of the interplead funds because there is a bona fide dispute as to those funds. There is no question that Ward believes, even today, that he is entitled to those funds demonstrated by the fact that he has

already attempted to appeal the Court's judgment as to his entitlement. There is also no question that the Wheatley Estate believes it is entitled to the funds given its continued pursuit. With an actual dispute at hand, John Hancock had no choice but to interplead those funds. If John Hancock had started making payments to the Wheatley Estate in August 2018, it certainly would have been sued by Ward for those same payments. The same is true of the Wheatley Estate if John Hancock had continued to make payments to Ward. As previously demonstrated by the briefing of the parties, the Wheatley Estate provided no basis on which to recover the attorneys' fees it expended in pursuit of the interplead Annuity proceeds and it is not entitled to such a recovery.

In reviewing the bills submitted by Herbert Janzen (local Texas counsel) it appears that he spent roughly 10 hours related to the successful counterclaim issues for a total of $2,500. *See* **Exhibit A**, Hanzen time entries highlighting recoverable entries. In reviewing the bills submitted by Gabriel, Berry & Weston, L.L.P., it appears that the attorneys and paralegals accrued roughly $19,000 in fees related to the successful counterclaims.[1] *See* **Exhibit B**, Gabriel, Berry & Weston, L.L.P. time entries highlighting recoverable entries. John Hancock therefore requests that the Wheatley Estate recover no more than $21,500 in attorneys' fees.[2]

The Court also has discretion in determining whether the attorneys' fees expended should be adjusted to account for other factors. Here, John Hancock requests that the Court consider

---

[1] It should be noted that there were multiple block entries that were not broken down by task wherein part of the entry should be recoverable and part of the entry is related to time not recoverable. John Hancock has given the Wheatley Estate the benefit of the doubt on those entries and included in its calculation all the time in the entry. Additionally, it appears that 18.3 hours of attorney time and 2 hours of paralegal time were accrued preparing the motion for partial summary judgment. However, it is unclear whether the Wheatley Estate has or will be billed for, or will pay for this time. The Court should also separately consider whether this time was "reasonable and necessary" given that John Hancock served an offer of judgment on the breach of contract claim for $25,000 that fully covered the amount of the claim ($16,069.94) and the interest that the parties have now stipulated to ($8,000) prior to the filing of the motion for partial summary judgment.

[2] Per John Hancock's previous briefing, this includes verified time spent toward preparation of the answer and counterclaim, preparation of the opposition to John Hancock's motion to dismiss the counterclaims and the related hearing, and preparation of the motion to reinstate the counterclaim

3

602262515.2

reducing any attorneys' fee award due to the Wheatley Estate's refusal to engage in reasonable settlement discussions initiated by John Hancock in an effort to resolve the matter before the parties incurred significant attorneys' fees. On multiple occasions John Hancock has attempted to curtail the attorneys' fees incurred by all of the parties by urging the Wheatley Estate to engage in mediation, to discuss settlement, and to accept an Offer of Judgment. Since the hearing on July 16, 2020, counsel for John Hancock once again initiated discussions with counsel for the Wheatley Estate in an effort to resolve the attorneys' fees matter but was again met with an unreasonable demand.

### B. John Hancock's Attorney Fee Award Should Include Time Spent Defending Against The Wheatley Estate's Baseless and Untimely Motions.

In addition to an award to John Hancock for the attorneys' fees it expended in filing the interpleader (34.7. hours), John Hancock respectfully requests that the Court also consider granting, at a minimum, its attorneys' fees for the time expended in defending against the following baseless, untimely and/or unsuccessful motions and discovery filed by the Wheatley Estate[3]:

(1) third written discovery requests and 30(b)(6) deposition notice to John Hancock necessitating a motion for protective order (ECF 119);

(2) motion for leave to amend to add fifth counterclaim (ECF 106);

(3) motion for determination of choice of law (ECF 115); and

(4) motion to modify scheduling order (ECF 122).

Each of these motions only further delayed the resolution of this action and recovery of such fees is warranted. *See Coface N. Am. Ins. Co. v. Woodlands Export, LLC,* No. 4:15-cv-921, 2016 WL 4361462, at *4-5 (S.D. Tex. Aug. 15, 2016) (awarding the stakeholder nearly $60,000 in attorneys' fees and expenses, indicating that while amount was more than typical, the

---

[3] *See* Order related to each of these motions at ECF 137.

inconsistent briefing and filing of counterclaims not supported by law added unnecessarily to the stakeholder's workload); *Duncan v. OXY Srvs., Inc.,* No. H-05-1661, 2005 WL 8164431, at *2 (S.D. Tex. Dec. 27, 2005) (awarding additional attorneys' fees to the stakeholder for having to address numerous issues that do not typically arise in an interpleader action); *Westlake Styrene, LLC v. U.S.*, No. H-10-2631, 2011 WL 643265, at *3-4 (S.D. Tex. Feb. 16, 2011) (awarding additional attorneys' fees to the stakeholder due to defendant's engagement in unnecessary motion practice). An additional award of attorneys' fees to John Hancock is warranted here.[4]

WHEREFORE, John Hancock respectfully requests that the Court deny the Wheatley Estate's Motion to Modify (ECF 147) and Motion for Attorneys' Fees (ECF 146) and grant John Hancock's Motion for Attorneys' Fees (ECF 77) and for such other and further relief as the Court deems just and proper.

---

[4] A highlighted version of the relevant itemized billing statements for these tasks is attached as **Exhibit C** here and was previously submitted in full as ECF 154-1, pages 13-38. Review of the relevant entries warrants an award of $19,500 to John Hancock for this work.

5

Dated: July 23, 2020

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Jennifer L. Berhorst*
　　Tricia W. Macaluso
　　Texas Bar No. 24013773
　　S.D. Texas No. 9757
　　2200 Ross Avenue, Suite 3300
　　Dallas, Texas 75201
　　(214) 721.8000 – Telephone
　　(214) 721.8100 – Fax
　　E-Mail: tricia.macaulso@bclplaw.com

*Admitted Pro Hac Vice:*

W. Perry Brandt
Missouri Bar No. 28292
Jennifer L. Berhorst
Missouri Bar No. 61784
1200 Main Street, Suite 3800
Kansas City, MO  64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
perry.brandt@bclplaw.com
jennifer.berhorst@bclplaw.com

*Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*

## CERTIFICATE OF SERVICE

　　The undersigned hereby certifies that on the 23rd day of July, 2020, the foregoing was served upon all counsel of record through CM/ECF filing system.

　　　　　　　　　　　*/s/ Jennifer L. Berhorst*
　　　　　　　　　　　Attorney for Plaintiff

6

602262515.2