IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN HANCOCK LIFE INSURANCE          )
COMPANY (U.S.A.) f/k/a Manufacturers  )
Life Insurance Company,              )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        Case No.:  4:18-cv-02869
                                     )
THE ESTATE OF JENNIFER LAUREN        )
WHEATLEY, et al.,                    )
                                     )
        Defendants,                  )
                                     )
                                     )
                                     )
LOUIS ANTHONY WHEATLEY,              )
INDIVIDUALLY and as ADMINISTRATOR OF )
THE ESTATE OF JENNIFER LAUREN        )
WHEATLEY, DECEASED,                  )
                                     )
        Third Party Defendants.      )

**Defendant Wheatley's Estate's Supplemental Brief**

The Defendant, The Estate of Jennifer Lauren Wheatley, and the third party

defendant Louis Anthony Wheatley, as administrator of the estate of Jennifer Lauren Wheatley,

(hereinafter "the Wheatley estate"), by and through undersigned counsel, and hereby submits the

following supplemental brief.

1

542.058 provides that in no case shall the delay in processing the claim exceeds the maximum of 60 day. If it does, the insurer is liable to pay damages and other items provided for in section 542.060.

John Hancock failed to comply with any of these provisions. It has consistently claimed that the Wheatley estate did not make any claim until well into 2018. The fact is, however, that the notice of claim submitted on November 2, 2017 was more than adequate under the insurance code. By statutory definition, notice of claim means any written notification provided by claimant that reasonably apprises the insurer of the facts relating to the claim. John Hancock received notice of claim on November 2, 2017. John Hancock initially described this November 2, 2017 communication as a demand to remit payment (paragraph 17 of John Hancock's complaint.) John Hancock contradicts its judicial admission by arguing that the Wheatley estate did not submit its claim until its attorney's letter sent in the summer of 2018.

II.    **John Hancock's actions have substantially contributed to this litigation tangle.**

Section 542.055 requires the insurance carrier to do what should be so obvious: commence an investigation of the claim, which would involve at a minimum:

1. a review of the actual annuity contract, especially the provisions dealing with change of beneficiary.

2. A review of the change of beneficiary form to determine whether it was done according to the annuity contract

These 2 steps would have taken not more than 15 minutes each. But the central fact of this case is that John Hancock never reviewed the annuity contract until after the interpleader was filed. John Hancock apparently did not have a copy. The annuity contract was not reviewed during the

time of the investigation of the Wheatley estate's claim. It was not in the possession of the John Hancock when the interpleader complaint was filed (all that was attached to the complaint was the application for the annuity contract.) Apparently it was first received by the counsel for John Hancock after the filing of the interpleader complaint on August 29, 2018. (See attached email from Larry Eiser of the US DOJ to John Hancock's counsel(exhibit A.) But even without the actual annuity contract, at the critical times following the receipt of the beneficiary change request and the death of Jennifer Wheatley, John Hancock's internal records clearly indicated that the owner of the annuity was the USDOJ (DOC 74 – 1, P. 31), and not Jennifer Wheatley as she represented herself to be on the change of beneficiary application. John Hancock's failure and refusal to recognize this, even up to the time of the filing of the interpleader, was at best, grossly negligent, at midrange, willfully indifferent, and at worst, evidence of an unexplained animus towards the Wheatley's.

It was John Hancock reckless payment of the funds to Ward, after being fully aware of the Wheatley's claim, that created the need for this litigation . Under the Texas insurance code section 542.058 (c), Ward's claim should not be recognized as a bona fide claim. The filing of the interpleader action was an attempt by John Hancock to legitimize and justify its negligent handling of this claim. Now John Hancock seeks to recover attorney's fees from the funds that should have been paid to the Wheatley estate from the start (See argument in prior response in opposition to John Hancock's attorney's fees doc 88, p 3 – 16.)

John Hancock also asserts that the defendant Wheatley estate's attorney's fees to be limited to just the breach of contract claim. This argument, however, ignores the entwinement of the Texas insurance code and the assertion of basic rights under the annuity contract. The contract – the annuity – is certainly at issue. But at every juncture, it was John Hancock's

persistent resistance to the Wheatley estate's claim that has compounded this litigation. Prior to

commencement of this litigation, John Hancock cavalierly paid the annuity funds to Ward. From

the very beginning of this litigation, John Hancock resisted the Wheatley claim, even to the point

of seeking the dismissal of the basic annuity contract claim for recovery of the monies paid to

Ward. This resistance has continue up to the very point of John Hancock's opposition to the

Wheatley Estates motion for partial summary judgment on John Hancock's liability to the

Wheatley estate on the annuity contract for those monies paid to Ward. John Hancock caused

substantial delay in the processing of the case by its resistance to the Wheatley Estate's

legitimate discovery (previously documented in Doc 125, p 5-10, Doc 88, p 4-18).


III.    **How do the provisions of section 38.001 of the Tex. Civ. Prac. & Rem. Code
        interact with Tex. Ins. code section 542.060 regarding the recovery of
        attorney's fees**


Section 38.001 of the Tex.Civ Prac. & Rem. Code provides for recovery of reasonable

attorney's fees in the case of a breach of an oral or written contract. Section 38.006 exempts

from this provision actions pursuant to a contract issued by an insurer that is subject to the

provisions of section 541 and 542 of the insurance code. Because of conflicts between several

panels of the Fifth Circuit on the application of these statutes, in the case of the *Grapevine*

*Excavation Inc. v. Maryland Lloyd's, 35 S.W.3d 1 ( Supreme Court- Texas. July 2000 )*, the Fifth

Circuit certified the question of whether a policyholder's successful suit for breach of contract

against an insurance company is subject to one or more of the provisions listed in section 38.006

of the Tex. Civ Prac & Rem code, and whether the insurance company is liable for reasonable

attorney's fees incurred in pursuing the breach of contract action. The Texas Supreme Court

answered the certified question "yes." The Tex. Rem. Code allows for the recovery of attorney's

5

fees in a breach of contract actions against the insurer unless attorney's fees are otherwise available.

## IV.    The stipulation parties regarding interest was entered without prejudice to any remaining claims of the parties

The stipulation of the parties regarding interest was agreed to as a compromise of warring spreadsheets and was done "without prejudice to any remaining claims of the parties." This relates directly to the offer of judgment made by John Hancock. The Wheatley estate's claim for reasonable attorney's fees should be considered independent of this.

Respectfully submitted,

/s/ M. Douglas Berry

**GABRIEL BERRY & WESTON, L.L.P.**
North Carolina Bar No. 6506
dougberry@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina  27401
(336) 275.9381 – Telephone
(336) 275-7864 – Facsimile

**HERBERT A. JANZEN, P.C.**
*/s/ Herbert A. Janzen*
Herbert A. Janzen
Fed Id.:  11620
 Texas   Bar   No.   10572700
herbjanzen.office@yahoo.com
4301 Yoakum Boulevard
Houston, Texas  77006
(713) 683.1599 – Telephone

(713) 683.1588 – Facsimile

**GABRIEL BERRY & WESTON, L.L.P.**
Richard W. Gabriel
North Carolina Bar No6623
rgabriel@gbwlaw.com
214 Commerce Place
Greensboro, North Carolina  27401
(336) 275.9381 – Telephone
(336) 275-7864 - Facsimile

*Attorneys for Defendant, The Estate of   Jennifer Lauren Wheatley
and Louis Wheatley. Individually and as Executor of the Estate of
Jennifer Lauren Wheatley, Deceased*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13 day of July, 2020, the foregoing
was served upon all counsel of record through CM/ECF.

/s/ M. Douglas Berry

GABRIEL BERRY & WESTON, L.L.P.
Attorney for Defendant
214 Commerce Place
Greensboro, North Carolina  27401
Telephone:  (336) 275-9381
Facsimile:  (336) 275-7864
N.C. State Bar No. 6506

7

Mr. Gregory John Sachnik
Attorney for Plaintiff John Hancock Life Insurance
Company (U.S.A.)
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201

Ms. Jennifer L. Berhorst
Attorney for Plaintiff John Hancock Life Insurance Company
(U.S.A.)
1200 Main Street, Suite 3800
Kansas City, Missouri 64105

Mr. H. Clay Moore
Attorney for Defendant Jeremy G. Ward
1601 Westheimer Road, Suite 230
Houston, Texas 77006

Ms. Ariel Nicole Wiley
Attorney for U.S. Department of Justice
U.S. Attorney's Office
1000 Louisiana Street, #2300
Houston, Texas 77002

Mr. Bob Mabry
Attorney for Defendant Jeremy G. Ward and Annie Hall
704 N. Thompson St. Ste. 157
Conroe, Texas 77301-2066