United States District Court
Southern District of Texas
**ENTERED**
January 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE CO., | § § § | |
| *Plaintiff*, | § | |
| VS. | § § | CIVIL ACTION NO. 4:18-cv-2869 |
| THE ESTATE OF JENNIFER LAUREN WHEATLEY, *et al*, | § § § | |
| *Defendants*. | | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Estate's ("the Estate") updated request for attorneys' fees. (Doc. 167). After considering the parties' filings, oral arguments, and the applicable law, the Court finds and holds that the Estate's Motion for Attorneys' Fee is **GRANTED IN PART AND DENIED IN PART.**

**I.      BACKGROUND**

The history of this case is long and has been explained by this Court elsewhere. As relevant here, on November 12, 2019, the Court granted the Estate's Motion for Summary Judgment, finding that the Estate is entitled to the annuity benefits that made up the dispute of the interpleader action. (Doc. 102 at 8). The Court also granted the Estate's Motion to Reconsider its counterclaims and revived the counterclaims against John Hancock for breach of contract, negligence, and the Texas Prompt Payment of Claims Act ("TPPCA") violation. *Id.* at 9. Critically, the Court found the counterclaims were not barred because they "raise[d] claims of negligence that are sufficiently independent from the interpleader action." *Id.* at 9 n.4.[1]

---

[1] The Court also denied Defendant Ward's Motion to Reconsider his counterclaims as he was not entitled to the annuity benefits under the contract. *Id.* at 9-10. Defendant Ward is appealing that

1

Then on May 28, 2020, the Court granted the Estate's Motion for Partial Summary Judgment as to the breach of contract counterclaim (Doc. 125), and dismissed its remaining counterclaims. (Minute Entry 05/28/2020). On September 22, 2020, the Court held that the Estate was entitled to attorneys' fees limited to (1) its breach of contract counterclaim and (2) TPPCA counterclaim. (Doc. 164 at 11). The Court also granted limited attorneys' fees to John Hancock. *Id.* at 16.

Each party then submitted an updated request for attorneys' fees. (Docs. 165, 167). John Hancock filed an opposition to the Estate's updated request for attorneys' fees. (Doc. 169). The Estate also filed a Motion to Reconsider the award of attorneys' fees to John Hancock. (Doc. 166). On January 6, 2021, the Court heard argument on the Motion to Reconsider and on the requested attorneys' fees. (Minute Entry 01/06/2021). The Court denied the Estate's Motion to Reconsider, granted John Hancock's request for attorneys' fees, and took the Estate's request under advisement. *Id.*

## II.     LEGAL STANDARD

In the Fifth Circuit, courts apply a two-step method for determining a reasonable attorneys' fee award. *Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016). Courts first calculate the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (quoting *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010)). In so doing, the court "should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* The court may then enhance or decrease the lodestar based on the twelve *Johnson* factors. *Id.*; *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

---

decision. (Doc. 105).

**III. ANALYSIS**

On September 22, 2020, this Court held that, because John Hancock violated § 542.058(c) of the TPPCA, the Estate was entitled to attorneys' fees for litigating the TPPCA counterclaim but not the entire interpleader action. (Doc. 164 at 8). The Court also awarded "reasonable attorneys' fees associated with filing and litigating the breach of contract claim." *Id.* at 9. "Namely, its work (1) preparing its original answer and counterclaims to the interpleader action, (2) defending against John Hancock's motion to dismiss its breach of contract counterclaim, (3) preparing and litigating motions to reconsider and reinstate its counterclaims, and (4) preparing and litigating its motion for summary judgment as to its breach of contract counterclaim." *Id.* Therefore, any attorneys' fees must be reasonable and "limited to the filing and litigating of (1) the fourth counterclaim based on § 542.060 and (2) the breach of contract counterclaim." *Id.*

John Hancock disputes the requested attorneys' fees as unreasonable for "improperly includ[ing] attorneys' fees incurred for tasks other than those associated with the breach of contract or [TPPCA] counterclaim, as well fees for secretarial and file-maintenance tasks." (Doc. 169 at 1). The Court previously held that the attorneys' hourly rates were reasonable, but the number of hours expended—for purposes of calculating the lodestar—were unreasonable "because it include[d] fees and costs unassociated with its breach of contract claim and its fourth counterclaim." (Doc. 164 at 9). This prompted the Court to "order[] the Estate to provide an updated request for attorneys' fees in accordance with that abridged scope and to exclude any fees unrelated to the two counterclaims." *Id.* at 10. Therefore, it is necessary to review the Estate's updated request and determine whether it falls within the abridged scope the Court has ordered.

The Court briefly establishes that the Estate attorneys' hourly rates are reasonable. The hourly rate for Herb Janzen is $250. (Doc. 167 at 2). While the hourly rates for the Gabriel, Berry,

3

& Weston attorneys are not individualized among the attorneys and paralegals, all of the listed hourly rates ($350, $375, $175, $125) correspond with the rates that the Court previously found reasonable. (*See* Doc. 164 at 9).

The Court now turns to which efforts fall under the umbrella of litigating the breach of contract counterclaim and the TPPCA counterclaim. John Hancock describes the proper scope of fees as including: "(1) filing the counterclaims; (2) responding to John Hancock's motion to dismiss the breach of contract counterclaim; (3) conducting discovery regarding the counterclaims; (4) moving to add the fourth counterclaim; and (5) moving for a reconsideration and/or revision the dismissal of the Wheatley's Estate's counterclaims." (Doc. 169 at 1). This would exclude any efforts in the Estate's case against Defendant Ward, including the Motion for Summary Judgment that the Estate prevailed on to establish it is entitled to the annuity benefits. (Docs. 74, 102).

But according to the Estate, the attorneys' fees *should* include the efforts towards that Motion for Summary Judgment. (Doc. 172-1 at 2). The Estate posits that, by filing the interpleader action, John Hancock "created a two-step process for the recovery of the annuity benefits." *Id.* The Estate first had to prevail against Ward to establish entitlement to the benefits, and then move for partial summary judgment against John Hancock to recover those annuity proceeds. *Id.* The Estate also focuses heavily on the fact that it was John Hancock's missteps that led to the protracted interpleader. *Id.* at 1-2.

The Estate's fatal mistake is that it conflates the entitlement of the annuity benefits with the breach of contract counterclaim. The breach of contract counterclaim entitled the Estate to damages for the improper payments made to Ward before the interpleader—not to the annuity benefits overall. As the Court previously laid out, the counterclaims were only revived because they are *not* "based on an entitlement to the funds at issue." (Doc. 102 at 9 n.4). The counterclaims

4

were able to proceed only because they "raise[d] claims of negligence that are sufficiently independent from the interpleader action." *Id.* In other words, the Estate's efforts in obtaining entitlement to the annuity benefits is wholly separate from the breach of contract counterclaim. Therefore, the Estate's attempt to lump in the original Motion for Summary Judgment seeking entitlement to the annuity benefits, and any other general efforts in the interpleader outside of the counterclaims, is rejected. Indeed, including the efforts in seeking entitlement to the annuity benefits—which is the entire purpose of the interpleader action—would contradict this Court's limitation of attorneys' fees and render its distinction meaningless. (*See* Doc. 164 at 9-10).

Based on the Court's resolution of the proper scope, the following principles apply. First, any general efforts at the beginning of this suit, as the Estate was preparing and filing the counterclaims, would reasonably be related to the counterclaims and should be *included*. Second, any efforts related to the Motion for Summary Judgment (Doc. 74) should be *excluded* as those pertain to the annuity benefits entitlement and not to any counterclaim. Third, any efforts between March 14, 2019 (when the counterclaims were dismissed and held in abeyance) and November 12, 2019 (when the counterclaims were revived by the Court), should be *excluded* as they categorically could not be efforts towards any counterclaim. Lastly, any efforts towards the Estate's Motion for Partial Summary Judgment on the breach of contract counterclaim (Doc. 125) should be *included*.

The Court includes two tables on the following pages for clarity regarding the fees disputed by John Hancock:

*Fees disputed by John Hancock:*

| Date | Time-keeper | Hours | Amount | Description | Determination |
|---|---|---|---|---|---|
| 1/25/2019 | H.A. Janzen | .1 | $25 | Review Scheduling Order and communications regarding scheduling order | **Included** as general effort before counterclaims were dismissed |
| 8/12/2019 | H.A. Janzen | .25 | $62.50 | Review draft MSJs | **Excluded** as effort related to benefits entitlement |
| 8/13/2019 | H.A. Janzen | .25 | $62.50 | Conference [B]erry regarding case and draft MSJ | |
| 8/27/2019 | H.A. Janzen | .25 | $62.50 | Review draft MSJ, conference Berry regarding MSJ | |
| 8/29/2019 | H.A. Janzen | .1 | $25 | Review communication from Berry to client regarding MSJ | |
| 9/12/2018 | 11 | .5 | $87.50 | Review complaint and summons, conference with RWG, copy and scan documents | **Included** as general effort at beginning of lawsuit in preparing and filing counterclaims |
| 9/17/2018 | 1 | .5 | $187.50 | Calls to locate counsel in Texas; instructions to legal assistant for letter; call and message to plaintiff's counsel | |
| 9/17/2018 | 1 | .2 | $75 | Telephone call to executor to update on current status of Texas case | |
| 9/17/2018 | 1 | .3 | $112.50 | Office conference with Doug, review memo, procedural concerns | |
| 9/17/2018 | 1 | .2 | $75 | Instructions to Legal Assistant | |
| 9/17/2018 | 2 | 1.5 | $525 | Receipt and review estate materials and federal lawsuit | |
| 9/17/2018 | 11 | .9 | $157.50 | Conference with RWG, prepare stipulation, prepare letter to opposing attorney, email conference with client | |

6

| Date | | | | Description | Notes |
|---|---|---|---|---|---|
| 4/10/2019 | 2 | .3 | $105 | Receipt and review of detailed response from client's wife, reply update. | **Excluded** as efforts separate from counterclaims during time period that counterclaims were dismissed |
| 4/22/2019 | 9 | 1.0 | $125 | Begin preparation of initial draft of Defendant Estate's Rule 26 discovery disclosures for review by MDB | |
| 4/23/2019 | 2 | .5 | $175 | Review of rough draft of mandatory disclosures Rule 26. | |
| 4/23/2019 | 9 | .5 | $62.50 | Finalize initial draft of Defendant Estate's Rule 26 discovery disclosures. | |
| 5/20/2019 | 9 | 2.5 | $312.50 | Revisions to draft of Rule 26 Initial Disclosures per MDB; finalize; email copy to Janzen for review and comment | |
| 5/22/2019 | 9 | 2.4 | $300 | Receipt and review Herb Janzen's proposed Rule 26 Initial Disclosures; call from Janzen re: form of disclosures; revisions to draft of Rule 26 disclosures to incorporate Janzen's requested changes; email to Janzen; call to Janzen to confirm agreement to form; call to MDB to confirm Janzen's approval; prepare summary notebook of communications with Jennifer Berhorst, Attorney and MDB re: discovery issues; review proposed Rule 26 disclosures with MDB; revisions and finalize; prepare letter to be forwarded to opposing counsel. | |

7

| Date | | | | Description | Ruling |
|---|---|---|---|---|---|
| 5/23/2019 | 11 | .4 | $70 | Receipt and review Rule 26 disclosures, attachments and cover letter to counsel | **Excluded** as efforts separate from counterclaims during time period that counterclaims were dismissed |
| 5/23/2019 | 9 | .8 | $100 | Scan letter to opposing counsel and Rule 26 disclosures; email both to all opposing counsel; copy to MDB, RWG and Janzen; prepare for mailing original copies to all opposing counsel; blind copies to Janzen and Clients. | |
| 6/20/2019 | 2 | .2 | $70 | Receipt and review of Response of USA attorney | |
| 6/21/2019 | 9 | 2.5 | $312.50 | Receipt and review discovery requests from Ward; prepare discovery notebook; revisions to draft of motion for leave to clarify order and corresponding order; finalize; finalize draft letter to opposing counsel with copies of documents; email to all attorneys' blind copy to Client. | |
| 7/24/2019 | 2 | 1.2 | $420 | Continued work on summary judgment motion and brief | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |
| 7/25/2019 | 2 | 3.5 | $1,225 | Begin research and initial draft of summary judgment motion statement of material facts and review of case cited by US attorney | |
| 7/25/2019 | 2 | 3.5 | $1,225 | Begin research and initial draft of summary judgment motion statement of material facts and review of case cited by US attorney | |

8

| Date | | | | | |
|---|---|---|---|---|---|
| 7/30/2019 | 9 | 3.5 | $437.50 | Begin preparation of draft of Motion for Summary Judgment for review by MDB | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |
| 7/30/2019 | 2 | .5 | $175 | Work on summary judgment motion | |
| 7/31/2019 | 9 | 2.7 | $337.50 | Revisions to draft of Motion for Summary Judgment and related memorandum of law, etc. for review by MDB | |
| 7/31/2019 | 2 | .7 | $245 | Continue work on motion summary judgment | |
| 8/1/2019 | 9 | 2.5 | $312.50 | Revisions to draft of Motion for Summary Judgment per MDB. | |
| 8/1/2019 | 2 | .5 | $175 | Continue work on summary judgment motion brief. | |
| 8/2/2019 | 9 | 1.5 | $187.50 | Revisions to draft of Motion for Summary Judgment per MDB | |
| 8/5/2019 | 2 | 1 | $350 | Further revisions to motion and memorandum of law | |
| 8/6/2019 | 9 | 1.6 | $200 | Revisions to draft of Motion for Summary Judgment for review by MDB. | |
| 8/8/2019 | 9 | .5 | $62.50 | Revisions to drafts of Motions to Revise Order and Order; email to MDB | |
| 8/13/2019 | 1 | .7 | $262.50 | Receipt and review of motions and orders regarding summary judgment | |
| 8/26/2019 | 2 | 1.5 | $525 | Work on summary judgment motion | |
| 8/27/2019 | 2 | 3.0 | $1,050 | Finalization of summary judgment motion | |
| 9/9/2019 | 1 | .5 | $187.50 | Receipt and review of Summary judgment motion and proposed order filed with the Clerk | |

9

| Date | Time-keeper | Hours | Amount | Description | Determination |
|---|---|---|---|---|---|
| 10/2/2019 | 1 | .5 | $187.50 | Receipt and review Summary Judgment filings | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |
| 10/3/2019 | 1 | .3 | $112.50 | Receipt and review summary judgment materials | |
| 10/6/2019 | 2 | 1.85 | $647.50 | Finalize reply in response to SJ motion | |
| 10/6/2019 | 6 | 1.85 | $231.25 | Finalize rely (sic) in response to SJ motion | |
| 11/18/2019 | 8 | .2 | $35 | Continue to update pleadings notebook with essential pleadings for upcoming case events | **Included** as pleadings preparation for counterclaims after counterclaims were revived |
| 1/14/2020 | 1 | 1.0 | $375 | Receipt and review of rule of procedure and case law on interlocutory appeal, respond to memo from Doug and to Herb | **Excluded** as efforts related to interlocutory appeal and separate from counterclaims |

*Fees John Hancock argues should be reduced to account for efforts outside of scope for attorneys' fees:*

| Date | Time-keeper | Hours | Amount | Description | Determination |
|---|---|---|---|---|---|
| 11/12/2018 | 9 | 1.5 | $187.50 | Revisions to brief per Janzen; finalize; email Janzen for filing with Court; update pleading index and notebook | **Included** in its entirety as efforts defending John Hancock's Motion to Dismiss of the counterclaims at issue |
| 1/7/2019 | 2 | 3.10 | $1,085.00 | Research: Ohio law re automatic revocation of beneficiary designation by divorce (Total hrs 3.1; billable 1.5) | **Excluded** as efforts related to entitlement of benefits |
| 1/18/2019 | 2 | 2.5 | $875 | Research of taxes attorneys fees law. Review of statutes and cases (Total hours 2.5; billable hours 1.5) | |
| 4/24/2019 | 2 | 1.0 | $350 | Telephone call to Herb Janzen regarding extension stipulation; review of Rule 26 disclosures, email paralegal regarding research on duties of impleading party to produce discovery. | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |

10

| Date | | | | Description | |
|---|---|---|---|---|---|
| 6/17/2019 | 9 | 2.7 | $337.50 | Prepare draft of Motion and Order regarding Rule 12(b)(6) dismissal/abatement issues; revisions per MDB; finalize; prepare draft of letter to opposing counsel re: opposition to entry of proposed Order; email to MDB for review by Janzen and Gabriel; general file review and organization; online search at PACER for status of pending litigation. | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |
| 6/20/2019 | 9 | 3.0 | $375 | Revisions to drafts of discovery requests to be served on opposing parties; letter to attorneys for John Hancock with copies of discovery request; copies to attorney for Ward and USA; blind copy to Clients; letter to attorney for USA with copy of discovery requests; copies to attorneys for John Hancock and Ward; blind copy to Client; online search at PACER; update pleadings index and notebook; general file review and filing. | |
| 7/9/2019 | 9 | .3 | $37.50 | Receipt and review recent Order dismissing Motion to Amend Complaint; online search at PACER for status of case; update pleadings notebook | **Included** in entirety as related to fourth TPPCA counterclaim |
| 8/1/2019 | 1 | .5 | $187.50 | Update on discovery, confidentiality agreement, thoughts on summary judgment | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |
| 8/7/2019 | 2 | 1.5 | $525 | Continued work on summary judgment brief and rule 54 motions. | |
| 8/7/2019 | 9 | 1.7 | $212.50 | Revisions to draft of Motion for Summary Judgment per MDB; prepare draft of Order granting motion for summary judgment for review by MDB; prepare draft of Motion to Revise Order per MDB; prepare draft of Order granting motions to review order. | |
| 8/12/2019 | 9 | 1.8 | $225 | Revisions to drafts of Motion for Summary Judgment and both Motions to Revise Order per MDB. | |

11

| | | | | | |
|---|---|---|---|---|---|
| 9/3/2019 | 1 | .5 | $187.50 | Office conference with Doug re order of the court regarding summary judgment and motions to dismiss | **Excluded** as efforts related to benefits entitlement and during time period that counterclaims were dismissed |
| 9/6/2019 | 1 | .5 | $187.50 | Receipt and review of SJ motion, update on hearing status, discussions among counsel | |
| 9/14/2019 | 2 | 3.0 | $1,050 | Work on motions | **Excluded** as efforts during time period that counterclaims were dismissed |

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Estate's updated request for attorneys' fees. The Court orders the Estate to submit a revised total in accordance with the proper scope of fees. In doing so, the Estate shall ensure each line-item is limited to efforts falling within that scope and do not include other administrative or unrelated efforts.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 14th day of January, 2021.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

12